# Case No. 25-10344

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

TARIQ FAROOQ,

<div align="center">

*Plaintiff - Appellant*

</div>

v.

NUCOR BUSINESS TECHNOLOGY INC.
and
CAPGEMINI AMERICA, INC.,

<div align="center">

*Defendants - Appellees*

</div>

On Appeal from the United States District Court for the Northern District of Texas,
Dallas Division Civil Action No. 3:24-CV-920-N, The Hon. David C. Godbey, Presiding

# APPELLANT'S FIRST AMENDED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

<div align="right">

Respectfully submitted,

Tariq Farooq
Appellant, *Pro Se*
3500 S. Echo Trl.
Plano, TX 75023
(214) 498-9888
brainsurface@yahoo.com

</div>

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................2

INDEX OF AUTHORITIES ...............................................................................5

ABBREVIATIONS ..............................................................................................9

RECORD REFERENCES ..................................................................................10

APPELLANT'S FIRST AMENDED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL ...............................................................................11

I. INTRODUCTION ........................................................................................11

II. LEGAL STANDARD...................................................................................12

III. APPELLANT'S FINANCIAL CONDITION DEMONSTRATES INDIGENCE ......................................................................................................14

IV. THE DISTRICT COURT'S CERTIFICATION THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH IS ERRONEOUS AND SHOULD BE REJECTED...15

   A. The District Court's Certification Lacks Sufficient Factual and Legal Basis .16

   B. The District Court Failed to Apply the Correct Legal Standard .......................17

   C. The District Court Failed to Afford Proper Consideration to Appellant's Pro Se Status ................................................................................................................18

   D. The Magistrate Judge's Findings Contain Clear Contradictions and Inconsistencies .........................................................................................................19

   E. The District Court's Reliance on the Magistrate's Findings for "Bad Faith" Certification Is Factually and Legally Erroneous ................................................20

V. APPELLANT'S APPEAL PRESENTS MULTIPLE NON-FRIVOLOUS ISSUES ................................................................................................................20

   A. Erroneous Application of Pleading Standards ................................................21

B. Misapplication of Substantive Employment Law ...............................................23

C. Improper Denial of Leave to Amend ...............................................24

D. Constitutional Due Process Concerns ...............................................26

  1. Fundamental right of access...............................................26

  2. Indigency may not bar entry ...............................................27

  3. Lack of a fair hearing ...............................................28

E. Failure to Consider the Full Record as a Victim of Corporate Misconduct.....28

  1. Discrimination & Retaliation ...............................................29

  2. Hostile Work Environment ...............................................29

  3. Whistleblower Protection...............................................29

  4. ADA Violations ...............................................30

F. Improper Disregard of EEOC Determinations and Findings ...............................................30

G. Improper Suspension of Discovery...............................................31

VI. THE EQUITIES AND PURPOSES OF THE IFP STATUTE FAVOR GRANTING APPELLANT'S MOTION ...............................................32

VII. THE FIFTH CIRCUIT'S INDEPENDENT REVIEW OBLIGATION UNDER *BAUGH v. TAYLOR*...............................................33

VIII. THE SPECIFIC ISSUES PRESENTED FOR APPEAL ARE SUBSTANTIAL AND NON-FRIVOLOUS...............................................34

  1. Whether the District Court Erred in Applying an Impermissibly Heightened Pleading Standard ...............................................34

  2. Whether the District Court Erred in Dismissing Appellant's Title VII Claims 35

  3. Whether the District Court Erred in Dismissing Appellant's ADA Claims ......35

4. Whether the District Court Erred in Dismissing Appellant's Whistleblower Claims ................................................................................................35

5. Whether the District Court Abused Its Discretion in Denying Leave to Amend ................................................................................................36

6. Whether the District Court Erred in Disregarding EEOC Determinations and Findings................................................................................................36

7. Whether the District Court's Handling of the Case Violated Appellant's Due Process Rights................................................................................37

IX. CONCLUSION AND PRAYER................................................................37

CERTIFICATE OF SERVICE ................................................................39

CERTIFICATE OF CONFERENCE ................................................................41

CERTIFICATE OF COMPLIANCE ................................................................42

APPENDIX ................................................................43

# INDEX OF AUTHORITIES

*Cases***:**

*Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)......................31

*Anders v. California*, 386 U.S. 738, 744 (1967) .......................................................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................... 20, 34

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ..........................................................18

*Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997)........................................................15

Baugh v. Taylor, 117 F.3d at 202.............................................................................32

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 20, 34

*Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 ....................................................21

*Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) ..................................................26

Brown v. Allen, 344 U.S. at 507 ..............................................................................32

*Burns v. Ohio*, 360 U.S. 252, 257-58 (1959) ..........................................................14

*Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) ..............................................24

*Coppedge v. United States*, 369 U.S. 438, 445 (1962) ............................................16

*Coppedge v. United States*, 369 U.S. 438, 445 n.5 (1962) ......................................16

*Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261–63 (5th Cir. 2011) ...31

*Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) ..................................................12

*Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015).................24

*Ellis v. United States*, 356 U.S. 674, 675 (1958) ....................................................16

*Erickson v. Pardus*, <u>551 U.S. 89, 94</u> (2007)................................................................17

*Flowers v. Turbine Support Division*, <u>507 F.2d 1242, 1244</u> (5th Cir. 1975) ...........16

*Foman v. Davis*, <u>371 U.S. 178</u> (1962)......................................................... 24, 35

*Foman v. Davis*, <u>371 U.S. 178, 182</u> (1962)..........................................................25

*Goldberg v. Kelly*, <u>397 U.S. 254, 267</u> (1970)......................................................27

*Gomez v. Martin Marietta Corp.*, <u>50 F.3d 1511, 1520</u> (10th Cir. 1995)..................31

*Griffin v. Illinois*, <u>351 U.S. 12, 19</u> (1956) ........................................................14

*Haines v. Kerner*, <u>404 U.S. 519, 520-21</u> (1972) ................................................17

*Harris v. Forklift Sys., Inc.*, <u>510 U.S. 17</u> (1993)................................................28

*Harris v. Forklift Systems, Inc.*, <u>510 U.S. 17</u> (1993) .........................................22

*Howard v. King*, <u>707 F.2d 215, 220</u> (5th Cir. 1983)......................................... 12, 16

*Howard v. King*, <u>707 F.2d at 220</u>............................................................ 20, 32

*International Shortstop, Inc. v. Rally's, Inc.*, <u>939 F.2d 1257, 1266</u>–67 (5th Cir. 1991) ........................................................................................30

*Jamieson v. Shaw*, <u>772 F.2d 1205, 1208</u> (5th Cir. 1985) .........................................24

*Johnson v. City of Shelby*, <u>574 U.S. 10</u> (2014) .......................................................21

*Liles v. South Carolina Dep't of Corr.*, <u>414 F.2d 612, 614</u> (4th Cir. 1969).............15

*M.L.B. v. S.L.J.*, <u>519 U.S. 102, 113</u>, <u>124</u> (1996). ................................................26

*Mayeaux v. Louisiana Health Service and Indem. Co.*, <u>376 F.3d 420, 425</u> (5th Cir. 2004) ........................................................................................23

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)........................................22

*Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) ............................................17

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)........................................20

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ........................................12

*Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962) ........................................15

*Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)........................................25

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ........................................33

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ........................................21

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981) ........................................22

*Trujillo v. United States*, 492 F.2d 128 (5th Cir. 1974)........................................16

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ........................................29

*Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019) ........................................ 22, 28

*Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ........................................30

*Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984)........................................24

**Constitution, Statutes & Rules:**

§ 1915........................................9, 10

28 U.S.C. § 1915........................................ 9, 10, 18, 30

28 U.S.C. § 1915(a)(3)........................................ 9, 10, 18

42 U.S.C. § 2000e........................................ 21, 33

Americans with Disabilities Act ....................................................... 21, 33

Dodd-Frank Act.................................................................................33

Federal Rule of Appellate Procedure 24(a)(2) ...............................14

Federal Rule of Appellate Procedure 24(a)(5) ..............................9, 11

Federal Rule of Appellate Procedure 25(b), (c), and (d) .........................36

Federal Rule of Appellate Procedure 27(a)(1) ...............................38

Federal Rule of Civil Procedure 15(a)(2) ..................................... 22, 34

Fifth Circuit Rule 24.1 ......................................................................9

Fifth Circuit Rule 25.2 .....................................................................36

Fifth Circuit Rule 27.4 .....................................................................38

Sarbanes-Oxley Act.........................................................................33

Title VII of the Civil Rights Act of 1964 ................................. 17, 21, 33

# ABBREVIATIONS

HONORABLE DAVID C. GODBEY - The District Judge or The District Court or The Judge

HONORABLE DAVID L. HORAN - The Magistrate or The Magistrate Judge

TARIQ FAROOQ, PLAINTIFF - Tariq or Farooq or Plaintiff

NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC. - Defendants

NUCOR BUSINESS TECHNOLOGY INC. - Nucor

CAPGEMINI AMERICA, INC. - Capgemini

FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE FOR DEFENDANTS' MOTIONS' TO DISMISS DATED JANUARY 22, 2025 – FCR or Recommendation or The Recommendation

SARBANES-OXLEY ACT (SOX) – SOX

THE DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT OF 2010 (DODD-FRANK ACT) - Dodd-Frank

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) - EEOC

AMERICANS WITH DISABILITIES ACT (ADA) – ADA

FEDERAL RULES OF CIVIL PROCEDURE - FRCP

PLAINTIFF'S ORIGINAL PETITION – OP or The Original Petition or Petition or Complaint or The Complaint

PLAINTIFF'S RESPONSE AND OBJECTIONS IN OPPOSITION TO DEFENDANT NUCOR'S MOTION TO DISMISS – RespNucor

PLAINTIFF'S RESPONSE AND OBJECTIONS IN OPPOSITION TO DEFENDANT

CAPGEMINI'S MOTION TO DISMISS – RespCap

PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL FILED IN THE US NORTHERN DISTRICT COURT OF TEXAS, DALLAS DIVISION ON FEBRUARY 27, 2025 [Dkt. No. 56] - IFP

**RECORD REFERENCES**

PAGE NUMBER – pp. or ¶

PARAGRAPH NUMBER - ¶¶

---

## APPELLANT'S FIRST AMENDED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

## I. INTRODUCTION

COMES NOW, Tariq Farooq ("Appellant"), pursuant to 28 U.S.C. § 1915, Federal Rule of Appellate Procedure 24(a)(5), and Fifth Circuit Rule 24.1, respectfully moves this Honorable Court for leave to proceed In Forma Pauperis ("IFP") in this appeal via this First Amended Motion which seeks to correct a few erroneous legal citations in original IFP Motion which are a direct result of Appellant's indigency, lack of access to paid legal databases, disability and non-attorney pro se status – all of the errors are well established principles of law supported by alternative legal citations - moreover, pro se Litigants fall under the liberal construction doctrine and are held to less stringent standards than attorneys.

The United States District Court for the Northern District of Texas, by order dated March 31, 2025 ((attached herein as Exhibit E)), denied Appellant's motion to proceed in forma pauperis and certified that the appeal was "not taken in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

Appellant, as a victim of discriminatory, retaliatory, and unlawful actions by the corporate Defendants, submits that the District Court's certification was erroneous as a matter of law and fact, and that this appeal presents substantial, non-frivolous issues meriting appellate review. As established below, this appeal presents multiple meritorious legal issues that are neither frivolous nor taken in bad faith, thereby warranting in forma pauperis status.

## II. LEGAL STANDARD

This motion directly challenges the District Court's procedurally and substantively flawed certification. Not only did the District Court fail to conduct an appropriate good faith analysis, but the record demonstrates multiple non-frivolous issues warranting appellate review. The Court's improper application of pleading standards, misapplication of substantive employment law, failure to consider EEOC investigations and determinations, improper denial of leave to amend, and due process concerns collectively present substantial questions of law that this Court should address.

Under 28 U.S.C. § 1915(a)(1),

"any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner

possesses that the person is unable to pay such fees or give security therefor."

The statute further provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

When a district court certifies that an appeal is not taken in good faith, the Fifth Circuit conducts an independent inquiry into whether the appeal presents a non-frivolous issue. An appeal is taken in good faith if it presents at least one issue that is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The Supreme Court has defined a frivolous appeal as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); see also *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992).

Federal Rule of Appellate Procedure 24(a)(5) specifically provides that "[i]f the district court denies the motion to proceed on appeal in forma pauperis, a party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice of the district court's action."

# III. APPELLANT'S FINANCIAL CONDITION DEMONSTRATES INDIGENCE

Appellant is indigent and financially unable to pay the required filing fees for this appeal or to give security therefor, as conclusively demonstrated by the following facts:

1. Appellant is currently unemployed and has been without stable employment income for an extended period since November 2023, as verified by his Form 4 affidavit previously submitted to the District Court (attached as Exhibit A).

2. Appellant's sole source of income is public assistance in the form of Supplemental Nutrition Assistance Program (SNAP) benefits from the Texas Health and Human Services Commission (attached herein as Exhibit C), as evidenced by the official approval letter dated November 15, 2024, showing monthly SNAP benefits of $292.00 (attached as Exhibit A).

3. Appellant possesses no assets of significant value that could be liquidated to pay the appeal fees, as detailed in his financial affidavit.

4. Appellant's monthly expenses for basic necessities, including housing, utilities, food, and transportation, significantly exceed his limited income (attached herein as Exhibit A – Form 4 Affidavit).

5. Appellant is currently in significant debt, further burdening his precarious financial situation.

6. Appellant's indigent status has been officially investigated and recognized by the State of Texas through its approval of public assistance benefits.

7. The cost of the appellate filing fee would consume a substantial portion of Appellant's entire monthly subsistence income, forcing him to choose between pursuing justice and meeting his basic human needs such as food and shelter.

The Supreme Court has long held that access to the courts should not be contingent upon a person's financial status. As stated in *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." This principle applies with equal force to appellate proceedings. See *Burns v. Ohio*, 360 U.S. 252, 257-58 (1959) (extending Griffin to appeal filing fees).

## IV. THE DISTRICT COURT'S CERTIFICATION THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH IS ERRONEOUS AND SHOULD BE REJECTED

The District Court's certification that this appeal is "not taken in good faith" is erroneous as a matter of both law and fact, and warrants independent

reconsideration by this Court under the framework established in *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997).

**A. The District Court's Certification Lacks Sufficient Factual and Legal Basis**

The District Court's order denying Appellant's IFP motion merely stated that the appeal is "not taken in good faith" as "fully explained in the magistrate judge's findings, conclusions, and recommendation accepted by the Court [Dkt. No. 49] (attached herein as .Exhibit G)"; this conclusory statement fails to provide specific reasoning for the certification as required by Federal Rule of Appellate Procedure 24(a)(2), which states that "[i]f the district court denies the motion, it must state its reasons in writing."

Courts have consistently held that a district court must provide more than a bare conclusion when certifying that an appeal is not taken in good faith. See *Liles v. South Carolina Dep't of Corr.*, 414 F.2d 612, 614 (4th Cir. 1969) (finding that a district court's unexplained certification of bad faith was insufficient); see also *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962) ("[W]hen a trial court certifies that an appeal is not taken in good faith, it is necessary for the court to state its reasons for the certification.").

This Court has emphasized that 'the statement of reasons [for denying IFP] should reflect the considerations which motivated the district court in certifying

that the appeal is not taken in good faith.' *Coppedge v. United States*, <u>369 U.S. 438, 445</u> n.5 (1962). The District Court's summary conclusion without independent analysis violates the core principle that courts cannot discharge their responsibility in one mechanical fashion by rubber-stamping determinations of the magistrate judge. Furthermore, as this Court held in *Flowers v. Turbine Support Division*, <u>507 F.2d 1242, 1244</u> (5th Cir. 1975), "in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds. *Trujillo v. United States*, <u>492 F.2d 128</u> (5th Cir. 1974)".

## B. The District Court Failed to Apply the Correct Legal Standard

The "good faith" standard does not require a showing that the appellant will prevail on appeal, but merely that the appellant seeks review of issues which are not frivolous. *Ellis v. United States*, <u>356 U.S. 674, 675</u> (1958) (per curiam) holding that the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Coppedge v. United States*, <u>369 U.S. 438, 445</u> (1962) (noting that good faith does not require a showing that the appeal will succeed).

The District Court appears to have erroneously conflated the ultimate merits of Appellant's case with the distinct question of whether the appeal presents at least one arguable issue. This constitutes an error of law that warrants this Court's correction. See *Howard v. King*, <u>707 F.2d 215, 220</u> (5th Cir. 1983) "We consider a

defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous".

## C. The District Court Failed to Afford Proper Consideration to Appellant's Pro Se Status

The Supreme Court has consistently held that pro se pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming this principle – "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). The Fifth Circuit has echoed this directive, stating that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

The District Court's dismissal of Appellant's claims and subsequent certification that his appeal is not taken in good faith failed to apply this more lenient standard to Appellant, who is proceeding pro se and as an indigent litigant seeking redress for alleged corporate wrongdoing.

**D. The Magistrate Judge's Findings Contain Clear Contradictions and Inconsistencies**

As extensively detailed in Appellant's Objections to the Magistrate Judge's Findings and Conclusions (attached herein as Exhibit F), the Magistrate's reasoning contained striking contradictions that render the dismissal legally unsupportable. In the Notice of Removal findings dated April 25, 2024 [Dkt. No. 18] (attached herein as Exhibit G), the Magistrate explicitly acknowledged that Appellant's complaint contained sufficient factual allegations to establish federal jurisdiction, stating:

> "The workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition... This discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964."

Yet, in recommending dismissal, the same Magistrate contradictorily asserted that the **same un-amended complaint** lacked sufficient factual content to state plausible claims under those same statutes. This logical inconsistency demonstrates a fundamental legal error that renders the certification of bad faith untenable. As noted in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

The Magistrate's earlier finding explicitly **explicitly recognized such plausibility**, only to **inexplicably reverse course without explanation**.

This direct contradiction presents a quintessential example of arbitrary and capricious reasoning in direct contradiction of established principles of jurisprudence.

**E. The District Court's Reliance on the Magistrate's Findings for "Bad Faith" Certification Is Factually and Legally Erroneous**

The District Court's certification that the appeal is "not taken in good faith" as "fully explained in the magistrate judge's findings" contains a critical factual and legal error. A thorough review of the Magistrate Judge's Findings [Dkt. No. 49] reveals no analysis whatsoever regarding whether an appeal would be "taken in good faith" under 28 U.S.C. § 1915(a)(3) - in fact it contains only FCR for FRCP Rule 12(b)(6).

## V. APPELLANT'S APPEAL PRESENTS MULTIPLE NON-FRIVOLOUS ISSUES

The District Court's erroneous certification requires immediate correction by this Court. The good faith standard presents a "relatively low threshold" that requires only "legal points arguable on their merits." The multiple issues presented below each independently satisfy this standard, demonstrating that this appeal is

not only taken in good faith but raises substantial questions of law that demand appellate review.

The Supreme Court has held that an appeal is considered non-frivolous when it presents legal points that are arguable on their merits. *Anders v. California*, <u>386 U.S. 738, 744</u> (1967). The Supreme Court has held that the threshold for obtaining a Certificate of Appealability is not high, requiring only that the issues be debatable among jurists of reason. *Miller-El v. Cockrell*, <u>537 U.S. 322, 336</u> (2003). Under the standard articulated, an appeal is taken in good faith if it presents at least one non-frivolous issue as held by *Howard v. King*, <u>707 F.2d at 220</u>. Appellant's appeal easily satisfies this threshold, presenting several substantial legal and factual issues that are "arguable on their merits" and therefore non-frivolous. These include:

**A. Erroneous Application of Pleading Standards**

The District Court erred in applying the pleading standards established in *Bell Atlantic Corp. v. Twombly*, <u>550 U.S. 544</u> (2007), and *Ashcroft v. Iqbal*, <u>556 U.S. 662</u> (2009), by requiring a level of factual specificity beyond what is required for a pro se plaintiff at the pleading stage. The complaint, when viewed in the light most favorable to Appellant as required by the Federal Rules of Civil Procedure,

contained more than enough sufficient factual matter to state plausible claims for relief and actually went well above and beyond the standard.

As detailed in Appellant's Objections (attached herein as Exhibit F), the Magistrate Judge applied an impermissibly heightened pleading standard in direct contravention of Supreme Court precedent. The Supreme Court has repeatedly emphasized that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. The Court has explicitly rejected heightened pleading standards in employment discrimination cases: "This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). The continuing vitality of Swierkiewicz was reaffirmed post-Twombly in the Supreme Court's per curiam opinion in *Johnson v. City of Shelby*, 574 U.S. 10 (2014), which emphasized that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Id. at 11.

The Magistrate Judge's requirement that Appellant provide detailed factual support for each element of his claims is inconsistent with *Johnson v. City of*

*Shelby*, where the Supreme Court ruled that plaintiffs do not need to plead legal theories in their complaint—just factual allegations that give rise to a claim. This erroneous application of the pleading standard presents a non-frivolous issue for appeal.

**B. Misapplication of Substantive Employment Law**

The District Court misconstrued and misapplied the legal standards governing employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and related federal employment statutes. Specifically, the court failed to properly analyze whether Appellant had pled a prima facie case of discrimination under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and subsequently refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

As noted in Appellant's Objections, the Magistrate Judge incorrectly dismissed Appellant's hostile work environment claims despite allegations that, if taken as true, would satisfy the standard set forth in *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993), which defines hostile environments as those filled with discriminatory intimidation and insult. Similarly, the Magistrate misapplied *Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019), by demanding direct causation

for SOX whistleblower claims rather than the less stringent "contributing factor" standard established in that case.

## C. Improper Denial of Leave to Amend

The District Court abused its discretion in denying Appellant's motion to amend his complaint. Under <u>Federal Rule of Civil Procedure 15(a)(2)</u>, courts "should freely give leave [to amend] when justice so requires." The Fifth Circuit has consistently held that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Mayeaux v. Louisiana Health Service and Indem. Co.*, <u>376 F.3d 420, 425</u> (5th Cir. 2004). **The District Court's denial of leave to amend, particularly in the context of a pro se plaintiff alleging serious corporate wrongdoing, contravenes the liberal amendment policy embodied in Rule 15 and Fifth Circuit precedent.**

As argued in Appellant's Objections, the District Judge denied leave to amend, citing futility (FCR pp. 10, ¶¶ 30-34) without providing a sufficient explanation of why amendment would be futile. Appellant had a first motion to amend pending (which was arbitrarily denied by the magistrate) which could readily cure any deficiencies by adding comparator evidence and further clarifying causation, though his original complaint already contains substantial factual allegations.

Additionally, the Supreme Court established in *Foman v. Davis*, <u>371 U.S. 178</u> (1962), that leave to amend should be "freely given when justice so requires." The Court identified specific factors that must be present to deny amendment: Undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Id. at 182. Also see *Carson v. Polley*, <u>689 F.2d 562, 586</u> (5th Cir. 1982). *The Magistrate's failure to properly apply this standard represents a substantial issue for appeal.*

The Fifth Circuit has recognized that denial of leave to amend based solely on delay and not on prejudice to the non-movant constitutes an abuse of discretion. *Dueling v. Devon Energy Corp.*, <u>623 F. App'x 127, 130</u> (5th Cir. 2015). Furthermore, a pro se litigant's failure to attach a proposed amended complaint is not, by itself, sufficient grounds to **deny a first amendment** where the substance of the amendment is apparent from the record as is clearly proven by the following:

"While Zaidi should have attached a copy of her proposed complaint to her motion, her failure to do so should not have been permitted to defeat her right to amend." *Zaidi v. Ehrlich*, <u>732 F.2d 1218, 1220</u> (5th Cir. 1984).

> "The policy of the Federal Rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism … If the district court lacks a 'substantial reason' to deny leave, its discretion is not broad enough to permit denial."

*Jamieson v. Shaw*, <u>772 F.2d 1205, 1208</u> (5th Cir. 1985).

This court has previously held:

"Still, we conclude that in the interests of justice the district court should have construed the Shermans's frantically revised theory of the case, as plainly set forth in their memorandum in opposition to summary judgment, as a motion to amend the pleadings filed out of time. The command of Rule 15 is straightforward and permissive. On the facts of this case, fair treatment for the Shermans requires that they not be deprived of their day in court simply because, for a time, their attorney did much to insure that the day would never come. The district court should have allowed the amendment and must do so when the case is remanded for trial."

*Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972).

"[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

## D. Constitutional Due Process Concerns

The District Court's disposition violates Appellant's constitutional right of access to the courts and the guarantees of procedural due process.

### 1. Fundamental right of access

The Supreme Court holds that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill*

*Johnson's Restaurants, Inc. v. NLRB*, <u>461 U.S. 731, 741</u> (1983). It further states that "*meaningful access to the courts is the touchstone*," and identifies that right as fundamental. *Bounds v. Smith*, <u>430 U.S. 817, 823</u>, <u>828</u> (1977). The Fifth Circuit follows suit: "Meaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due-process clauses." *Johnson v. Atkins*, <u>999 F.2d 99, 100</u> (5th Cir. 1993).

## 2. Indigency may not bar entry

Due process forbids economic barriers that shut the courthouse door. "Due process requires, at a minimum, that … persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, <u>401 U.S. 371, 377</u> (1971). Where fundamental interests are at stake, "access to judicial processes … cannot turn on ability to pay." *M.L.B. v. S.L.J.*, <u>519 U.S. 102, 113</u>, <u>124</u> (1996). By dismissing the complaint with prejudice and denying leave to proceed in forma pauperis on appeal without identifying any Rule 15 factor or other substantial reason, the District Court conditioned further review on Appellant's poverty in direct conflict with *Boddie* and *M.L.B.*

### 3. Lack of a fair hearing

"The fundamental requisite of due process of law is the opportunity to be heard … at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). The Magistrate Judge's wholesale adoption of Defendants' briefing—while ignoring Appellant's objections and supporting authority—violated this command.

Because the District Court offered no permissible basis for denying amendment or in-forma-pauperis status, its judgment contravenes the First, Fifth, and Fourteenth Amendments and controlling Supreme Court and Fifth Circuit precedent. Reversal is therefore required.

### E. Failure to Consider the Full Record as a Victim of Corporate Misconduct

The District Court failed to properly consider the full record evidence indicating that Appellant was a victim of systematic corporate misconduct and discrimination by the Defendants. Appellant's complaint detailed specific instances of mistreatment, discrimination, and eventual wrongful termination that, when viewed in their totality and in the light most favorable to Appellant, state viable claims under federal law.

As outlined in Appellant's Objections, the court's dismissal without full consideration of these allegations constitutes reversible error. Appellant's Original Petition presents specific, plausible facts supporting claims of discrimination, retaliation, hostile work environment, whistleblower protection, and ADA violations, including but not limited to:

**1. Discrimination & Retaliation**

The FCR overlooks evidence of adverse actions tied to Appellant's protected status and whistleblowing. Allegations include discriminatory remarks, unequal treatment, and retaliatory employment decisions.

**2. Hostile Work Environment**

Continuous ridicule based on religion, ethnicity, and disability meets the threshold under *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993), which defines hostile environments as those filled with discriminatory intimidation and insult.

**3. Whistleblower Protection**

The Magistrate misapplies *Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019), by demanding direct causation rather than a "contributing factor." at the pleading stage. Appellant's SOX claims are supported by documented reports of regulatory violations and subsequent retaliation. Appellant has ample proof of direct causation

in this matter which was forthcoming during discovery that was abruptly and prematurely suspended by the Magistrate.

## 4. ADA Violations

Appellant alleges failure to accommodate under the ADA, supported by medical documentation. The FCR ignores the precedent set in *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), regarding reasonable accommodations.

## F. Improper Disregard of EEOC Determinations and Findings

As detailed in Appellant's Objections, the Magistrate Judge improperly ignored and failed to address the Equal Employment Opportunity Commission ("EEOC") Right to Sue Letters and formal EEOC Charges of Discrimination against Defendants. These EEOC findings and determinations are critical legal documents that were filed as exhibits to Appellant's Original Petition and explicitly referenced therein. The EEOC investigations and subsequent charges for both appellees defines the permissible scope of a civil action and clearly exceeds the plausibility threshold at the pleading stage:

> "The judgment of the district court is, therefore, vacated and the cause is remanded for the district court to reconsider its judgment after considering the contents of the EEOC investigation report in accordance with this opinion."

> *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) .

As noted in the IFP motion, neither the magistrate nor the district court judge took the EEOC charges into consideration despite objections and multiple pleadings.

Federal courts generally give significant weight to EEOC determinations before **dismissing discrimination claims with prejudice**. The Magistrate's failure to consider these critical EEOC documents presents a substantial issue for appeal that cannot be considered frivolous.

## G. Improper Suspension of Discovery

The magistrate judge's blanket stay of discovery—entered on October 15, 2024, even though the scheduling order did not close discovery until February 5, 2025—contravenes Federal Rules of Civil Procedure 16(b)(4) and 26(b)(1). A scheduling order may be altered, or discovery curtailed, only for good cause and on a particularized showing of burden, cost, or prejudice; none was supplied.

Fifth Circuit precedent treats premature termination of discovery as reversible error. The court has overturned judgments where the district court "prematurely terminated discovery," stressing that parties who have diligently pursued discovery are entitled to the information needed to prosecute their claims. *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266–67 (5th Cir. 1991).

Denial of discovery is reviewed for abuse of discretion, and that standard is breached when the order rests on an erroneous view of the law or leaves a party without evidence essential to its case. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261–63 (5th Cir. 2011). Other circuits underscore the point that discovery "should not be cut off arbitrarily, especially where relevant motions remain pending." *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995).

Because the magistrate judge identified no undue burden, cost, or prejudice, yet halted discovery months before the court-ordered deadline and months before issuing the FCR, the suspension violated the governing rules, deprived Appellant of comparator files, internal e-mails, and key depositions, and presents a substantial, non-frivolous ground for reversal.

## VI. THE EQUITIES AND PURPOSES OF THE IFP STATUTE FAVOR GRANTING APPELLANT'S MOTION

The in forma pauperis statute, 28 U.S.C. § 1915, ensures that economic inequality does not bar access to the courts.

As the Supreme Court explained in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948), the statute ensures that

"no citizen shall be denied an opportunity to commence, prosecute, or defend an action... solely because his poverty makes it impossible for him to pay or secure the costs."

The equities in this case strongly favor granting IFP status: (1) Appellant is indigent and dependent on public assistance for basic survival; (2) he seeks to vindicate important federal rights against employment discrimination; (3) the corporate Defendants suffer no prejudice, possessing ample resources to defend this appeal; (4) denying IFP status would effectively insulate the Defendants' conduct from judicial review based solely on Appellant's poverty; and (5) the public interest in ensuring equal access to courts regardless of economic status weighs heavily in favor of granting IFP status.

## VII. THE FIFTH CIRCUIT'S INDEPENDENT REVIEW OBLIGATION UNDER *BAUGH v. TAYLOR*

When a district court certifies that an appeal is not taken in good faith, the appellant may file an IFP motion in this Court, and that motion must be directed solely to the trial court's reasons for the certification decision, while a review is confined to whether the appeal presents legal points arguable on their merits (and therefore not frivolous), a task that requires a more penetrating look at the entire record rather than the deferential clearly-erroneous lens. *Baugh v. Taylor*, 117 F.3d at 202; *Howard v. King*, 707 F.2d at 220; *Brown v. Allen*, 344 U.S. at 507.

# VIII. THE SPECIFIC ISSUES PRESENTED FOR APPEAL ARE SUBSTANTIAL AND NON-FRIVOLOUS

The District Court's complete failure to conduct any independent good faith analysis—instead erroneously claiming that such analysis existed in the Magistrate's recommendation when it plainly did not—makes this Court's independent review under *Baugh* particularly crucial. This is precisely the type of case where the Fifth Circuit's independent review obligation serves its essential purpose: ensuring that access to appellate review is not arbitrarily denied based on a demonstrably erroneous certification. Drawing from Appellant's Objections to the Magistrate Judge's Findings and Recommendations, (including but not limited to) the following specific legal issues will be presented on appeal, each of which is substantial and non-frivolous:

## 1. Whether the District Court Erred in Applying an Impermissibly Heightened Pleading Standard

The appeal will address whether the District Court improperly required Appellant to plead a prima facie case at the pleading stage, contrary to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and whether the court failed to properly apply the standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which requires only "a short and plain statement of the claim" sufficient to put defendants on notice.

## 2. Whether the District Court Erred in Dismissing Appellant's Title VII Claims

The appeal will address whether the court improperly dismissed Appellant's discrimination, retaliation, and hostile work environment claims despite factual allegations sufficient to state plausible claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## 3. Whether the District Court Erred in Dismissing Appellant's ADA Claims

The appeal will address whether the court improperly dismissed Appellant's disability discrimination and failure to accommodate claims despite allegations that Appellant had a qualifying disability, requested reasonable accommodations, and was denied those accommodations in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

## 4. Whether the District Court Erred in Dismissing Appellant's Whistleblower Claims

The appeal will address whether the court improperly dismissed Appellant's whistleblower claims under the Sarbanes-Oxley Act and Dodd-Frank Act despite

allegations that Appellant engaged in protected activity by reporting illegal conduct and suffered adverse employment actions as a result.

## 5. Whether the District Court Abused Its Discretion in Denying Leave to Amend

The appeal will address whether the court abused its discretion in denying Appellant's motion for leave to amend his complaint, in contravention of Federal Rule of Civil Procedure 15(a)(2) and the Supreme Court's directive in *Foman v. Davis*, 371 U.S. 178 (1962), that leave to amend should be "freely given when justice so requires."

## 6. Whether the District Court Erred in Disregarding EEOC Determinations and Findings

The appeal will address whether the court improperly failed to consider EEOC Right to Sue Letters and Charges of Discrimination, which are critical legal documents that courts must consider under Fifth Circuit precedent, including *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972) .

**7. Whether the District Court's Handling of the Case Violated Appellant's Due Process Rights**

The appeal will address whether the court's dismissal with prejudice, denial of leave to amend, and suspension of discovery violated Appellant's constitutional right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## IX. CONCLUSION AND PRAYER

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Grant this Motion to Proceed In Forma Pauperis on Appeal;

2. Reject the District Court's erroneous certification that the appeal is not taken in good faith;

3. Waive all filing fees associated with this appeal;

4. Allow Appellant to proceed with the appeal without prepayment of costs or security therefor; and

5. Grant such other and further relief as this Court deems just and proper.

Dated this 29th  Day of May, 2025.

<div style="margin-left:50%">

Respectfully submitted,

**/s/** *Tariq Farooq*
Tariq Farooq

Appellant, *Pro Se*

3500 S. Echo Trl Plano TX 75023

Email: brainsurface@yahoo.com

Phone: +1 (214) 498-9888

</div>

# CERTIFICATE OF SERVICE

Pursuant to <u>Federal Rule of Appellate Procedure 25(b)</u>, <u>(c)</u>, and (d), and Fifth Circuit Rule 25.2, I hereby certify that on this 29th day of May, 2025, a true and correct copy of the foregoing First Amended Motion to Proceed In Forma Pauperis on Appeal was served on all counsel of record via electronic mail and/or email, properly addressed to the following:

<u>Akerman LLP</u>

<u>Attorneys of Record for NUCOR BUSINESS TECHNOLOGY INC. – Defendant No. 1</u>

1300 Post Oak Boulevard

Suite 2300

Houston, Texas 77056

Cary A. Farris

State Bar No. 24011536

Email: cary.farris@akerman.com

John K. Linker

State Bar No. 00785313

Email: john.linker@akerman.com

Ryan C. Krone

State Bar No. 24085750

Email: ryan.krone@akerman.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Attorneys of Record for CAPGEMINI AMERICA, INC. – Defendant No. 2

Preston Commons West

8117 Preston Road,

Suite 500

Dallas, TX 75225

John M. Barcus

Texas Bar No. 24036185

Email: john.barcus@ogletree.com

Shaina E. Hicks

Texas Bar No. 24139802

Email: shaina.hicks@ogletree.com


Dated this 29th Day of May, 2025.


/s/ *Tariq Farooq*
Tariq Farooq

# CERTIFICATE OF CONFERENCE

Pursuant to <u>Federal Rule of Appellate Procedure 27(a)(1)</u> and Fifth Circuit Rule 27.4, I, Tariq Farooq, Plaintiff-Appellant, hereby certify that on May 07, 2025, I conferred with counsel for Defendants-Appellees regarding my First Amended Motion to Proceed In Forma Pauperis on Appeal as follows.

On May 07, 2025, I sent email correspondence to counsel for Defendant-Appellee Nucor Business Technology Inc. and counsel for Defendant-Appellee Capgemini America, Inc., requesting their position on my First Amended Motion to Proceed In Forma Pauperis on Appeal.

On May 07, 2025, counsel for Defendant-Appellee Nucor Business Technology Inc. responded by email, stating that Nucor is OPPOSED to my Motion to Proceed In Forma Pauperis on Appeal.

On May 07, 2025, counsel for Defendant-Appellee Capgemini America, Inc. responded by email, stating that Capgemini is OPPOSED to my First Amended Motion to Proceed In Forma Pauperis on Appeal.

Given the opposition from both Defendants-Appellees, this First Amended Motion to Proceed In Forma Pauperis on Appeal is presented to the Court as contested.

Respectfully submitted this 29th day of May, 2025.

/s/ *Tariq Farooq*
Tariq Farooq

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Fifth Circuit Rule 32.3, I certify that, this motion complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because: The motion contains 5,189 words as calculated by Word processing software (Microsoft Word), excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because It has been prepared in a proportionally spaced typeface using Word processing software (Microsoft Word), in 14-point Times New Roman font.

Respectfully submitted this 29th day of May, 2025.

/s/ *Tariq Farooq*
Tariq Farooq

# APPENDIX

Exhibit A – Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis

Exhibit B – Affidavit In Support Of Motion To Proceed In Forma Pauperis On Appeal

Exhibit C – Appellant's Approval Letter for Food SNAP Benefits from the Texas Health and Human Services

Exhibit D – Plaintiff/Appellant's Motion To Proceed In Forma Pauperis On Appeal In The US Northern District Court Of Texas, Dallas Division - Filed On February 27, 2025

Exhibit E – The US Northern District Court Of Texas, Dallas Division Order Dated March 31, 2025 Denying Plaintiff/Appellant's Motion To Proceed In Forma Pauperis On Appeal

Exhibit F – Plaintiff/Appellant's 's Objections To The United States Magistrate's Findings, Conclusions, And Recommendation - Filed On February 04, 2025

Exhibit G – Findings, Conclusions, And Recommendation Of The United States Magistrate Judge For Defendants' Notice Of Removal Dated April 25, 2024

Exhibit H – Findings, Conclusions, And Recommendation Of The United States Magistrate Judge For Defendants' Motions To Dismiss Dated January 22, 2025

Exhibit I – Appellant's Notice of Appeal - Filed On February 27, 2025

# Exhibit A

**Form 4 Affidavit Accompanying Motion For Permission
To Appeal In Forma Pauperis**

# FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

**United States District Court for the** Northern **District of** Texas

TARIQ FAROOQ

**v.**

NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.

**Case No.** 3:24-cv-920-N

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |

Signed: /s/ TARIQ FAROOQ

Date: April 15, 2025

**My issues on appeal are:**

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $0 | $ | $0 | $ |
| Self-employment | $0 | $ | $0 | $ |
| Income from real property (such as rental income) | $0 | $ | $0 | $ |
| Interest and dividends | $0 | $ | $0 | $ |
| Gifts | $0 | $ | $0 | $ |
| Alimony | $0 | $ | $0 | $ |
| Child support | $0 | $ | $0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $0 | $ | $0 | $ |
| Disability (such as social security, insurance payments) | $0 | $ | $0 | $ |
| Unemployment payments | $0 | $ | $0 | $ |
| Public-assistance (such as welfare) | $292 | $ | $292 | $ |
| Other (specify):_____ | $0 | $ | $0 | $ |
| Total monthly income: | $292 | $ | $292 | $ |

MISC-14

2.  List your employment history, for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| NUCOR | 5001 Statesman Dr, Irving, TX 75063 | 11/13/2022 to 11/03/2023 | 11666 |
| | | | |
| | | | |

3.  List your spouse's employment history, for the past two years, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4.  How much cash do you and your spouse have? $_____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| None | | $_____ | $_____ |
| | | $_____ | $_____ |
| | | $_____ | $_____ |

If you are a prisoner, seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5.  List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor vehicle #1 (Value) |
|---|---|---|
| None | | Make & year:_____ |
| | | Model:_____ |
| | | Registration #_____ |

MISC-14

| Motor vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|

Make & year: _____

Model: _____

Registration #: _____

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | _____ | _____ |
| _____ | _____ | _____ |

7. State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| Muhammad O. Farooq | Sibling | 44 |
| Ahmad M. Farooq | Sibling | 36 |
| _____ | _____ | _____ |

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) Are real-estate taxes included? ❏ Yes ❏ No Is property insurance included? ❏ Yes ❏ No | $ 1800 | $_____ |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $ 700 | $_____ |
| Home maintenance (repairs and upkeep) | $ 170 | $_____ |
| Food | $ 390 | $_____ |
| Clothing | $ 140 | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $ 165 | $_____ |
| Transportation (not including motor vehicle payments) | $ 150 | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____ MISC-14 |

50-6

| | | |
|---|---|---|
| Insurance (not deducted from wages or included in Mortgage payments) | $_____ | $_____ |
|     Homeowner's or renter's | $_____ | $_____ |
|     Life | $_____ | $_____ |
|     Health | $_____ | $_____ |
|     Motor Vehicle | $_____ | $_____ |
|     Other: _____ | $_____ | $_____ |
| Taxes (not deducted from wages or included in Mortgage payments) | | |
| (specify): _____ | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
|     Motor Vehicle | $_____ | $_____ |
|     Credit card (name): _____ | $_____ | $_____ |
|     Department store (name): _____ | $_____ | $_____ |
|     Other: _____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $ 872.17 | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $_____ | $_____ |
| Other (specify): LOAN PAYMENTS | $ 1900 | $_____ |
| Total monthly expenses: | $_____ | $_____ |

9. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

❑ Yes  ❑ No

If yes, describe on an attached sheet.

10. Have you spent –or will you be spending–any money for expenses or attorney fees in connection with this lawsuit?  ❑ Yes  ❑ No

If yes, how much? $ 4500_____

11. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

I am indigent, unemployed and under signficant debt in excess of $500K and

cannot afford to pay court or appellate court or appeal bond costs

MISC-14

**12. State the [city and state] of your legal residence.**

Plano, TX 75023

Your daytime phone number: (214) 498-9888

Your age: 49   Your years of schooling: 16

[Last four digits of] your social-security number: 7490

MISC-14

# Exhibit B

**Affidavit In Support Of Motion To Proceed In Forma Pauperis On Appeal**

# AFFIDAVIT IN SUPPORT OF FIRST AMENDED MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

STATE OF TEXAS §

COUNTY OF COLLIN §

---

*IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT*

---

*TARIQ FAROOQ,*

Plaintiff-Appellant,

v.

*NUCOR BUSINESS TECHNOLOGY INC. and CAPGEMINI AMERICA, INC.,*

Defendants-Appellees.

---

Appeal from the United States District Court for the Northern District of Texas, Dallas Division

Case No. 3:24-CV-920-N, United States Fifth Circuit Case No. 25-10344

---

1. I, TARIQ FAROOQ, being first duly sworn upon oath, depose and state as follows:

2. I am the Plaintiff-Appellant in the above-captioned case.

3. I make this affidavit in support of my First Amended Motion to Proceed In Forma Pauperis on Appeal to the United States Court of Appeals for the Fifth Circuit.

4. I am unable to pay the filing fees and costs associated with this appeal or to give security therefor because of my poverty.

5. I am currently unemployed and have been without stable employment income since November 2023.

6. I have diligently sought employment but have been unable to secure a position due to circumstances beyond my control, including the impacts of the dismissal and alleged discriminatory actions that are the subject of this lawsuit.

7. My source of income is public assistance in the form of Supplemental Nutrition Assistance Program (SNAP) benefits from the Texas Health and Human Services Commission in the amount of $292.00 per month.

8. I have no significant assets or resources that could be liquidated to pay the appeal fees. I do not own any real property, stocks, bonds, or other investments. I have no significant savings or retirement accounts.

9. I own no vehicles.

10. My income, debt and monthly expenses are detailed in Form 4 – Exhibit A in my First Amended Motion to Proceed In Forma Pauperis on Appeal – I hereby certify them to be correct and true to the best of my knowledge.

11. My monthly expenses significantly exceed my monthly income, creating an ongoing and severe financial hardship.

12. I am currently in significant debt, including credit card debt accumulated during periods of unemployment and medical expenses.

13. I get financial support from family members or friends in the form of loans.

14. The filing fee for this appeal is $605.00, which represents approximately 215% of my entire monthly SNAP benefit.

15. I have previously been granted In Forma Pauperis status by the United States District Court for the Northern District of Texas at the initiation of this lawsuit, based on substantially the same financial circumstances.

16. I am entitled to redress and that my appeal presents substantial legal issues that are not frivolous.

17. The foregoing statements are true and correct to the best of my knowledge, information, and belief.

17. I am the custodian of records in my home and certify that all facts and

Exhibits attached to the foregoing motion are correct and true copies.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 29 day of May, 2025.

TARIQ FAROOQ

Plaintiff-Appellant, Pro Se

SUBSCRIBED AND SWORN TO before me this 29 day of May, 2025.

TARIQ FAROOQ, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this 29 day of May, 2025.

Notary Public State of Texas



KIMBERLY K MANZANO
Notary Public
STATE OF TEXAS
Notary ID # 13432586-0
My Comm. Exp. April 19, 2027

# Exhibit C

**Appellant's Approval Letter for Food SNAP Benefits from the Texas Health and Human Services**

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029


TEXAS
Health and Human
Services

**Date:** **11/15/2024**

**Case Number:** **1041906313**

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

TARIQ FAROOQ
3500 S ECHO TRL
PLANO TX 75023-8110

# Notice about your case:

## SNAP Food Benefits

**EDG number: 699452378**

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Tariq Farooq | 12/01/2024 - 05/31/2025 | $ 292.00 |
| Notes:<br><br>Your SNAP benefits will be available by the 22nd of each month. (If this is your first time getting benefits, you may get them early for the first few months.) | | |

| Who can't get SNAP Food Benefits | |
|---|---|
| Name | Date |
| Tariq Farooq | 11/03/2023 |
| Reason:<br><br>You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001, 7 CFR 273.10)<br>The money you get is more than allowed by program rules. - (TW B-471, 1 TAC 372.408, 7 CFR 273.9) | |
| Notes:<br><br>Monthly Income Limit for Your Household Size - EDG Number: 699452378<br>November 2023 - $ 2005.00 | |



# Other help you can get and your rights:

## www.YourTexasBenefits.com

Go to this website to view your case, report changes to your case, renew benefits, order or print a Medicaid card, see items we need from you, upload files we need from you, and find out if we got items you sent us.

For help or questions about your Lone Star Card account, call 1-800-777-7328 (7EBT).

## Questions about your case or this form?

Go to www.YourTexasBenefits.com. Or call 2-1-1 (or 1-877-541-7905). After you pick a language, press 2.

## Women who can't get Medicaid or CHIP:

Women age 15 to 44 who can't get Medicaid or CHIP might be able to get services in the Healthy Texas Women program. A Parent or legal guardian must apply for young women age 15 to 17. To learn more, go to HealthyTexasWomen.org or call 1-866-993-9972.

## Notice to those who work for themselves (self-employed):

A person is self-employed if they either: (1) own a business, or (2) work for someone who doesn't take out taxes. Self-employed people must keep detailed records of the money they make. When they apply or re-apply for benefits, they must show records like bills, receipts, checks, and pay stubs.

## If you have a complaint:

Call 2-1-1 or 1-877-541-7905 (after you pick a language, press 2). If you still need help, call the Office of the Ombudsman at 1-877-787-8999. All numbers are free to call.

## Your right to be treated fairly:

If you think you have been treated unfairly (discriminated against) because of race, color, national origin, age, sex, disability, political beliefs, or religion, you can file a complaint. Contact us by:

**Mail:** Texas Health and Human Services
Civil Rights Office
701 W. 51st St.
MC W-206
Austin, TX 78751

**Phone:**
1-888-388-6332
**Fax:**
(512) 438-5885
**Email:**
HHSCivilRightsOffice@hhsc.state.tx.us

You can also file a complaint with the U.S. Department of Health and Human Services (US DHHS) Office for Civil Rights (OCR):

**Phone:**
800-368-1019
800-537-7697(TTY)

**Email:**
OCRComplaint@hhs.gov

If you are applying for SNAP or get SNAP and you have been treated unfairly (discriminated against) you also can contact the USDA:

**Mail:** U.S. Department of Agriculture
Office of the Assistant Secretary for Civil Rights
1400 Independence Ave., SW
Washington, D.C. 20250-9410

**Fax:**
(202) 690-7442

**Email:**
program.intake@usda.gov



## Your right to appeal:

If you think any action on your case is wrong, you can ask for a hearing to appeal.  A hearing is a chance for you to tell a hearing officer the reasons you think the action is wrong.  The hearing officer will decide if the right action was taken.

If you want a hearing, you must ask for it within 90 days of the date of this letter or the start date of the action, whichever comes later.  If you are given a hearing, you can speak for yourself, or you can have a family member, friend, or lawyer speak for you (see below for free legal services).  If you need an interpreter for your hearing, we can get you one at no cost.

## Benefits during appeal:

You can get benefits while you wait for a hearing if: (1) you ask for a hearing within 13 days of the date of this letter, and (2) you are getting benefits when you ask for a hearing.  If you lose the appeal, you might have to pay back benefits you got while waiting for the hearing.

## How to appeal:

The fastest way to ask for a hearing to appeal is by calling 2-1-1 (or 1-877-541-7905). After you pick a language, press 2. If you have a hearing or speech disability, call 7-1-1 or any relay service. All numbers are free to call.

If you aren't able to call 2-1-1, you can ask for a hearing by either sending us a letter or going to an HHSC benefits office near you. If you send us a letter, you will need to include your: (1) full name, (2) case number, (3) address, and (4) phone number, if you have one. Mail the letter to: Texas Health and Human Services Commission, PO Box 149027, Austin, Texas 78714-9027.

**For free legal services, contact:**          LEGAL AID OF NORTHWEST TEXAS - MCKINNEY OFFICE
901 NORTH MCDONALD STREET, STE 702
MCKINNEY TX 75069

**Phone:**                              866-511-8018

**Form TF0001 Appeal**
01/2024

This page intentionally left blank

# Report of Change



You must report changes to your case within 10 days of the change.

> **You can report changes online at www.YourTexasBenefits.com.**

☐ **1. Families who get TANF must report changes in:**

- Address.
- Source of household earned and unearned income.
- Amount of unearned income.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $1,000 for TANF and $2,000 for Adult Medicaid households.
- Termination of pregnancy.
- Receipt of or change in a resource that may provide payment for medical services. This includes getting or changing health insurance coverage, or getting a settlement payment from an insurance or accident claim.
- Address, job, or other information related to an absent parent.
- Citizenship or immigration status.

☐ **2. Everyone who gets Medicaid or CHIP benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- Anyone moved in or out of their home.
- They get more money.
- They get money from a different person or job.
- The number of hours they work changes.
- Their pregnancy ends. This includes when and how their pregnancy ended. Proof is not required when reporting changes about pregnancy.
- There's a change in getting health insurance.
- (The following is needed only if the person gets Medicaid and: (1) is 65 or older, or (2) has a disability.) They buy, get as a gift, or sell things such as: car, truck, boat, motorcycle, home, property, insurance policy, stocks, or bank accounts.
- (The following is needed only if the person gets Medicaid or CHIP and: (1) is 64 or younger, or (2) doesn't have a disability.) There's a change in the people they will claim or plan to claim as tax dependents on their next tax return.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.

☐ **3. Everyone who gets Healthy Texas Women benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- They become pregnant.
- They receive health insurance that covers family planning services or get help for paying for medical services. This can include a settlement payment from an insurance or accident claim.
- They no longer want to get this type of coverage.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.



☒ **4. SNAP Streamlined Reporting (SR) households must report changes in:**

- The amount of money everyone on your case gets each month before taxes are taken out, if it becomes $1632.00 or more. Right now, we show the amount everyone on your case gets each month before taxes are taken out is $0.00.

☐ Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☒ **5. SNAP Non-Streamlined Reporting households must report changes in:**

- Address.
- Housing cost at a new address (rent, home payment, home tax and insurance, water, sewer, electricity, gas, phone,other). Tell us as soon as you know there will be changes to these costs. Don't wait to get your new bills to tell us.
- Source of household earned and unearned income.
- The legal obligation to pay child support.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- Any unearned income greater than $125 per month.
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $5,000.

☐ Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☐ **6. SNAP Combined Application Project (SNAP-CAP) households must report changes in address.**

When you report a change, you might need to give us proof of the change. To give us proof, you can: (1) upload your files showing proof on www.YourTexasBenefits.com, or (2) give us copies of items showing proof when you give us this form.

Another person can report changes for you. You can ask for a receipt for your change report.

Your advisor can explain what type of proof of the change is required.

Reporting these changes is a way to make sure your household receives all the benefits it is entitled to. **If you withhold any information or give false information about changes you are required to report, you will owe us the value of any extra benefits you received as a result, and you may also lose some deductions. You also may be barred from receiving SNAP food benefits for one year to permanently, and be fined $250,000, imprisoned for 20 years, or both. A member of your household will never be able to get SNAP food benefits again if they are found guilty in a court of law of:**

- **buying or selling firearms, ammunition, or explosives in exchange for SNAP food benefits, or**
- **illegally buying, selling, trading, or redeeming $500 or more in SNAP food benefits.**

# Report of Change



| Name | Case Number | Date |
|---|---|---|
| Tariq Farooq | 1041906313 | 11/15/2024 |

Your household is responsible for reporting changes to this office within 10 days. You are required to report changes based on your reporting requirements listed on Page 1.

Give the date of each change and an explanation of the change. Attach  proof of the change(s).

_____ _____

_____ _____

_____ _____

_____ _____

How long do you expect the change to last?

_____

**X**

| Signature-Person Reporting Change | Date | Phone No. of Person Reporting Change |
|---|---|---|

You can report changes one of the following ways:

- Go to: www.YourTexasBenefits.com
- Call toll-free: 2-1-1 or  877-541-7905.
  After you pick a language, press 2.
- Fax this form to: 877-447-2839.
- Mail this form to:
  Texas Health And Human Services Commission
  PO Box 149024
  Austin, TX 78714-9024

| Signature - Representative Receiving Report of Change | Date |
|---|---|

 

# Report of Change



## Signing up to vote

Applying to register or declining to register to vote will not affect the amount of assistance that you will be provided by this agency.

**If you are not registered to vote where you live now, would you like to register to vote today?**  ☐ Yes  ☐ No

IF YOU DO NOT CHECK EITHER BOX, YOU WILL BE CONSIDERED TO HAVE DECIDED NOT TO REGISTER TO VOTE AT THIS TIME. If you would like help in filling out the voter registration application form, we will help you. The decision whether to seek or accept help is yours. You may fill out the application form in private. If you believe that someone has interfered with your right to register or to decline to register to vote, or your right to choose your own political party or other political preference, you may file a complaint with the Elections Division, Secretary of State, PO Box 12060, Austin, TX 78711. Phone: 800-252-8683.

With a few exceptions, you have the right to request and be informed about the information that the Texas Health and Human Services (HHSC) obtains about you. You are entitled to receive and review the information upon request. You also have the right to ask HHSC to correct information that is determined to be incorrect (Government Code, Sections 552.021, 552.023, 559.004). To find out about your information and your right to request correction, contact your local eligibility determination office.

The information provided on this form will be subject to verification of federal, state and local offices. **If any is found inaccurate, you may be denied SNAP food benefits, be subject to criminal prosecution for knowingly providing false information (or both).**

**Anyone buying or selling controlled substances (illegal drugs or certain drugs for which a doctor's prescription is required) in exchange for SNAP food benefits will not be able to get SNAP food benefits for two years for the first offense and permanently for the second offense. Anyone who gives false information to receive SNAP food benefits more than once in a month may be barred from the SNAP food benefits for 10 years.**

| Agency Use Only: Voter Registration Status |
| --- |

☐ Already registered　　☐ Client declined　　☐ Agency transmitted　　☐ Client to mail　　☐ Mailed to client　　☐ Other

Agency staff signature _____

# Exhibit D

**Plaintiff/Appellant's Motion To Proceed In Forma Pauperis On Appeal In The US Northern District Court Of Texas, Dallas Division - Filed On February 27, 2025**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ FAROOQ | § | |
| | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:24-cv-920 |
| | § | |
| NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC. | § | |
| | § | |
| | § | |
| DEFENDANTS | § | |
| | § | |
| | § | |

## PLAINTIFF'S MOTION TO PROCEED IN

## FORMA PAUPERIS ON APPEAL

Respectfully submitted,

Tariq Farooq
Plaintiff Pro Se
brainsurface@yahoo.com
3500 S. Echo Trl.
Plano, TX 75023
214-498-9888

**PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Comes now, Tariq Farooq, Appellant, and moves this Court for leave to proceed in forma pauperis in this appeal. In support of this motion, Appellant states under penalty of perjury that, because of his poverty, he is unable to pay the costs of this proceeding or give security therefor.

In further support of this motion, Appellant states the following:

1.  Appellant is unemployed and has no income.

2.  Appellant has no assets of significant value.

3.  Appellant's monthly expenses exceed his income.

4.  Appellant is living on welfare.

5.  Appellant is under significant amount of debt.

Attached to this Motion as Exhibit A is Appellant's "FORM 4 AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS" and Exhibit B Plaintiff's Approval of Food Stamp (Food SNAP) Benefits from the Texas Health and Human Services dated November 15, 2024 demonstrating that Plaintiff is currently approved for and living on welfare.

WHEREFORE, Appellant respectfully requests that this Court grant this motion and allow him to proceed in forma pauperis in this appeal.

Dated this 27TH Day of February, 2025.        Respectfully submitted,

/s/ Tariq Farooq
Tariq Farooq
Plaintiff Pro So
3500 S. Echo Trl Plano TX 75023
Email: brainsurface@yahoo.com
Phone: +1 (214) 498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was electronically served via ECF and/or Email on each attorney of record or party in accordance on this 27TH day of February, 2025.


Dated this 27TH Day of February, 2025.


/s/ Tariq Farooq
Tariq Farooq

# Exhibit A

# "FORM 4 AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS"

# FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

United States District Court for the <u>Northern</u> District of <u>Texas</u>

TARIQ FAROOQ
_____

v.

NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.
_____

Case No. <u>3:24-cv-920-N</u>

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C § 1621.)<br><br>Signed: <u>/s/ TARIQ FAROOQ</u> | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.<br><br>Date: <u>February 27, 2025</u> |

My issues on appeal are:

1.    For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $0 | $ | $0 | $ |
| Self-employment | $0 | $ | $0 | $ |
| Income from real property (such as rental income) | $0 | $ | $0 | $ |
| Interest and dividends | $0 | $ | $0 | $ |
| Gifts | $0 | $ | $0 | $ |
| Alimony | $0 | $ | $0 | $ |
| Child support | $0 | $ | $0 | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $0 | $ | $0 | $ |
| Disability (such as social security, insurance payments) | $0 | $ | $0 | $ |
| Unemployment payments | $0 | $ | $0 | $ |
| Public-assistance (such as welfare) | $292 | $ | $292 | $ |
| Other (specify):_____ | $0 | $ | $0 | $ |
| Total monthly income: | $292 | $ | $292 | $ |

MISC-14

50-4

2.  List your employment history, for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| NUCOR | 5001 Statesman Dr, Irving, TX 75063 | 11/13/2022 to 11/03/2023 | 11666 |
| | | | |
| | | | |

3.  List your spouse's employment history, for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4.  How much cash do you and your spouse have? $_____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| None | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5.  List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor vehicle #1 (Value) |
|---|---|---|
| None | | Make & year:_____ |
| | | Model:_____ |
| | | Registration #_____ |

MISC-14

50-5

| Motor vehicle #2   (Value) | Other assets  (Value) | Other assets  (Value) |
|---|---|---|
| Make & year:_____ | _____ | _____ |
| Model:_____ | _____ | _____ |
| Registration #:_____ | _____ | _____ |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | _____ | _____ |
| _____ | _____ | _____ |

7.    State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| Muhammad O. Farooq | Sibling | 44 |
| Ahmad M. Farooq | Sibling | 36 |
| _____ | _____ | _____ |

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)  Are real-estate taxes included? ❑ Yes ❑ No  Is property insurance included? ❑ Yes ❑ No | $1800 | $_____ |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $700 | $_____ |
| Home maintenance (repairs and upkeep) | $170 | $_____ |
| Food | $390 | $_____ |
| Clothing | $140 | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $165 | $_____ |
| Transportation (not including motor vehicle payments) | $150 | $_____ |
| Recreation, entertainment, newspapers, magazines, etc. | $_____ | $_____     MISC-14 |

| | | |
|---|---|---|
| Insurance (not deducted from wages or included in Mortgage payments) | $_____ | $_____ |
| Homeowner's or renter's | $_____ | $_____ |
| Life | $_____ | $_____ |
| Health | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |
| Taxes (not deducted from wages or included in Mortgage payments) | | |
| (specify): _____ | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Credit card (name): _____ | $_____ | $_____ |
| Department store (name): _____ | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $872.17 | $_____ |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $_____ | $_____ |
| Other (specify): LOAN PAYMENTS | $1900 | $_____ |
| Total monthly expenses: | $_____ | $_____ |

9.   Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

❏ Yes  ❏ No

If yes, describe on an attached sheet.

10.   Have you spent –or will you be spending–any money for expenses or attorney fees in connection with this lawsuit?  ❏ Yes  ❏ No

If yes, how much? $4500_____

11.   Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

I am indigent, unemployed and under signficant debt in excess of $500K and

cannot afford to pay court or appellate court or appeal bond costs

MISC-14

12. State the [city and state] of your legal residence.

Plano, TX 75023

Your daytime phone number: (214) 498-9888

Your age: 49    Your years of schooling: 16

[Last four digits of] your social-security number: 7490

MISC-14

50-8

# Exhibit B

# "Plaintiff's Approval Letter for Food SNAP Benefits from the Texas Health and Human Services"

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029

**TEXAS**
Health and Human
Services

**Date:**       **11/15/2024**

**Case Number:**    **1041906313**

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability,
call 7-1-1 or any relay service.
**All numbers are free to call.**

TARIQ FAROOQ
3500 S ECHO TRL
PLANO TX 75023-8110

# Notice about your case:

## SNAP Food Benefits

**EDG number: 699452378**

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Tariq Farooq | 12/01/2024 - 05/31/2025 | $ 292.00 |

Notes:

Your SNAP benefits will be available by the 22nd of each month. (If this is your first time getting benefits, you may get them early for the first few months.)

| Who can't get SNAP Food Benefits | |
|---|---|
| Name | Date |
| Tariq Farooq | 11/03/2023 |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001, 7 CFR 273.10)
The money you get is more than allowed by program rules. - (TW B-471, 1 TAC 372.408, 7 CFR 273.9)

Notes:

Monthly Income Limit for Your Household Size - EDG Number: 699452378
November 2023 - $ 2005.00

**Form TF0001**
04/2024

Page 1 of 2



# Other help you can get and your rights:

**www.YourTexasBenefits.com**

Go to this website to view your case, report changes to your case, renew benefits, order or print a Medicaid card, see items we need from you, upload files we need from you, and find out if we got items you sent us.

For help or questions about your Lone Star Card account, call 1-800-777-7328 (7EBT).

## Questions about your case or this form?

Go to www.YourTexasBenefits.com. Or call 2-1-1 (or 1-877-541-7905). After you pick a language, press 2.

## Women who can't get Medicaid or CHIP:

Women age 15 to 44 who can't get Medicaid or CHIP might be able to get services in the Healthy Texas Women program. A Parent or legal guardian must apply for young women age 15 to 17. To learn more, go to HealthyTexasWomen.org or call 1-866-993-9972.

## Notice to those who work for themselves (self-employed):

A person is self-employed if they either: (1) own a business, or (2) work for someone who doesn't take out taxes. Self-employed people must keep detailed records of the money they make. When they apply or re-apply for benefits, they must show records like bills, receipts, checks, and pay stubs.

## If you have a complaint:

Call 2-1-1 or 1-877-541-7905 (after you pick a language, press 2). If you still need help, call the Office of the Ombudsman at 1-877-787-8999. All numbers are free to call.

## Your right to be treated fairly:

If you think you have been treated unfairly (discriminated against) because of race, color, national origin, age, sex, disability, political beliefs, or religion, you can file a complaint. Contact us by:

**Mail:** Texas Health and Human Services
Civil Rights Office
701 W. 51st St.
MC W-206
Austin, TX 78751

**Phone:**
1-888-388-6332
**Fax:**
(512) 438-5885
**Email:**
HHSCivilRightsOffice@hhsc.state.tx.us

You can also file a complaint with the U.S. Department of Health and Human Services (US DHHS) Office for Civil Rights (OCR):

**Phone:**
800-368-1019
800-537-7697(TTY)

**Email:**
OCRComplaint@hhs.gov

If you are applying for SNAP or get SNAP and you have been treated unfairly (discriminated against) you also can contact the USDA:

**Mail:** U.S. Department of Agriculture
Office of the Assistant Secretary for Civil Rights
1400 Independence Ave., SW
Washington, D.C. 20250-9410

**Fax:**
(202) 690-7442

**Email:**
program.intake@usda.gov

Form TF0001
04/2024

Page 2 of 2



**TEXAS**
Health and Human
Services Commission

## Your right to appeal:

If you think any action on your case is wrong, you can ask for a hearing to appeal.  A hearing is a chance for you to tell a hearing officer the reasons you think the action is wrong.  The hearing officer will decide if the right action was taken.

If you want a hearing, you must ask for it within 90 days of the date of this letter or the start date of the action, whichever comes later.  If you are given a hearing, you can speak for yourself, or you can have a family member, friend, or lawyer speak for you (see below for free legal services).  If you need an interpreter for your hearing, we can get you one at no cost.

## Benefits during appeal:

You can get benefits while you wait for a hearing if: (1) you ask for a hearing within 13 days of the date of this letter, and (2) you are getting benefits when you ask for a hearing.  If you lose the appeal, you might have to pay back benefits you got while waiting for the hearing.

## How to appeal:

The fastest way to ask for a hearing to appeal is by calling 2-1-1 (or 1-877-541-7905). After you pick a language, press 2. If you have a hearing or speech disability, call 7-1-1 or any relay service. All numbers are free to call.

If you aren't able to call 2-1-1, you can ask for a hearing by either sending us a letter or going to an HHSC benefits office near you. If you send us a letter, you will need to include your: (1) full name, (2) case number, (3) address, and (4) phone number, if you have one. Mail the letter to: Texas Health and Human Services Commission, PO Box 149027, Austin, Texas 78714-9027.

**For free legal services, contact:**      LEGAL AID OF NORTHWEST TEXAS - MCKINNEY OFFICE
901 NORTH MCDONALD STREET, STE 702
MCKINNEY TX 75069

**Phone:**                      866-511-8018

**Form TF0001 Appeal**
01/2024

This page intentionally left blank

Texas Health and Human
Services Commission

# Report of Change



You must report changes to your case within 10 days of the change.

> **You can report changes online at www.YourTexasBenefits.com.**

☐ **1. Families who get TANF must report changes in:**

- Address.
- Source of household earned and unearned income.
- Amount of unearned income.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $1,000 for TANF and $2,000 for Adult Medicaid households.
- Termination of pregnancy.
- Receipt of or change in a resource that may provide payment for medical services. This includes getting or changing health insurance coverage, or getting a settlement payment from an insurance or accident claim.
- Address, job, or other information related to an absent parent.
- Citizenship or immigration status.

☐ **2. Everyone who gets Medicaid or CHIP benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- Anyone moved in or out of their home.
- They get more money.
- They get money from a different person or job.
- The number of hours they work changes.
- Their pregnancy ends. This includes when and how their pregnancy ended. Proof is not required when reporting changes about pregnancy.
- There's a change in getting health insurance.
- (The following is needed only if the person gets Medicaid and: (1) is 65 or older, or (2) has a disability.) They buy, get as a gift, or sell things such as: car, truck, boat, motorcycle, home, property, insurance policy, stocks, or bank accounts.
- (The following is needed only if the person gets Medicaid or CHIP and: (1) is 64 or younger, or (2) doesn't have a disability.) There's a change in the people they will claim or plan to claim as tax dependents on their next tax return.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.

☐ **3. Everyone who gets Healthy Texas Women benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- They become pregnant.
- They receive health insurance that covers family planning services or get help for paying for medical services. This can include a settlement payment from an insurance or accident claim.
- They no longer want to get this type of coverage.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.

Form H1019
10/2023    T-H1019-0822832480

Page 1

**Report of Change**

☒ **4. SNAP Streamlined Reporting (SR) households must report changes in:**

- The amount of money everyone on your case gets each month before taxes are taken out, if it becomes $1632.00 or more. Right now, we show the amount everyone on your case gets each month before taxes are taken out is $0.00.

☐    Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☒ **5. SNAP Non-Streamlined Reporting households must report changes in:**

- Address.
- Housing cost at a new address  (rent, home payment, home tax and insurance, water, sewer, electricity, gas, phone,other). Tell us as soon as you know there will be changes to these costs. Don't wait to get your new bills to tell us.
- Source of household earned and unearned income.
- The legal obligation to pay child support.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- Any unearned income greater than $125 per month.
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $5,000.

☐    Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☐ **6. SNAP Combined Application Project (SNAP-CAP) households must report changes in address.**

When you report a change, you might need to give us proof of the change. To give us proof, you can:  (1) upload your files showing proof on www.YourTexasBenefits.com, or (2) give us copies of items showing proof when you give us this form.

Another person can report changes for you. You can ask for a receipt for your change report.

Your advisor can explain what type of proof of the change is required.

Reporting these changes is a way to make sure your household receives all the benefits it is entitled to. **If you withhold any information or give false information about changes you are required to report, you will owe us the value of any extra benefits you received as a result, and you may also lose some deductions. You also may be barred from receiving SNAP food benefits for one year to permanently, and be fined $250,000, imprisoned for 20 years, or both. A member of your household will never be able to get SNAP food benefits again if they are found guilty in a court of law of:**

- **buying or selling firearms, ammunition, or explosives in exchange for SNAP food benefits, or**
- **illegally buying, selling, trading, or redeeming $500 or more in SNAP food benefits.**

| Name | Case Number | Date |
|---|---|---|
| Tariq Farooq | 1041906313 | 11/15/2024 |

Your household is responsible for reporting changes to this office within 10 days. You are required to report changes based on your reporting requirements listed on Page 1.

Give the date of each change and an explanation of the change. Attach proof of the change(s).

_____    _____
_____    _____
_____    _____
_____    _____

How long do you expect the change to last?

_____

**X** _____    _____    _____

Signature-Person Reporting Change         Date         Phone No. of Person Reporting Change

You can report changes one of the following ways:

- Go to: www.YourTexasBenefits.com
- Call toll-free: 2-1-1 or  877-541-7905.
  After you pick a language, press 2.
- Fax this form to: 877-447-2839.
- Mail this form to:
  Texas Health And Human Services Commission
  PO Box 149024
  Austin, TX 78714-9024

_____    _____

Signature - Representative Receiving
Report of Change                    Date

Form H1019
10/2023    T-H1019-0822832480

Page 3

**Report of Change**

## Signing up to vote

Applying to register or declining to register to vote will not affect the amount of assistance that you will be provided by this agency.

**If you are not registered to vote where you live now, would you like to register to vote today?**  ☐ Yes   ☐ No

IF YOU DO NOT CHECK EITHER BOX, YOU WILL BE CONSIDERED TO HAVE DECIDED NOT TO REGISTER TO VOTE AT THIS TIME. If you would like help in filling out the voter registration application form, we will help you. The decision whether to seek or accept help is yours. You may fill out the application form in private. If you believe that someone has interfered with your right to register or to decline to register to vote, or your right to choose your own political party or other political preference, you may file a complaint with the Elections Division, Secretary of State, PO Box 12060, Austin, TX 78711. Phone: 800-252-8683.

With a few exceptions, you have the right to request and be informed about the information that the Texas Health and Human Services (HHSC) obtains about you. You are entitled to receive and review the information upon request. You also have the right to ask HHSC to correct information that is determined to be incorrect (Government Code, Sections 552.021, 552.023, 559.004). To find out about your information and your right to request correction, contact your local eligibility determination office.

The information provided on this form will be subject to verification of federal, state and local offices. **If any is found inaccurate, you may be denied SNAP food benefits, be subject to criminal prosecution for knowingly providing false information (or both).**

**Anyone buying or selling controlled substances (illegal drugs or certain drugs for which a doctor's prescription is required) in exchange for SNAP food benefits will not be able to get SNAP food benefits for two years for the first offense and permanently for the second offense. Anyone who gives false information to receive SNAP food benefits more than once in a month may be barred from the SNAP food benefits for 10 years.**

| Agency Use Only: Voter Registration Status |
| --- |
| ☐ Already registered  ☐ Client declined  ☐ Agency transmitted  ☐ Client to mail  ☐ Mailed to client  ☐ Other |
| Agency staff signature _____ |

# Exhibit E

**The US Northern District Court Of Texas, Dallas Division Order Dated March 31, 2025 Denying Plaintiff/Appellant's Motion To Proceed In Forma Pauperis On Appeal**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ FAROOQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-920-N |
| | § | |
| NUCOR BUSINESS TECHNOLOGY | § | |
| INC. and CAPGEMINI AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

### ORDER

The Court entered judgment granting the Defendants' motions to dismiss, denying Plaintiff's motion to amend, and dismissing this lawsuit with prejudice. *See* Dkt. Nos. 49-55. Plaintiff noticed an appeal and moved for leave to appeal *in forma pauperis* ("IFP"). *See* Dkt. Nos. 56 & 57. The Court DENIES the IFP motion [Dkt. No. 56] and CERTIFIES under 28 U.S.C. § 1915(a)(3), and as fully explained in the magistrate judge's findings, conclusions, and recommendation accepted by the Court [Dkt. No. 49], that the appeal is not taken in good faith. But Plaintiff may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed IFP on appeal with the Clerk of the Court for the United States Court of Appeal for the Fifth Circuit within 30 days of this order.

SO ORDERED this 31st day of March, 2025.

DAVID C. GODBEY
CHIEF JUDGE

# Exhibit F

**Plaintiff/Appellant's Objections To The United States Magistrate's Findings, Conclusions, And Recommendation**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TARIQ FAROOQ** | § | |
| | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:24-cv-920** |
| | § | |
| **NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.** | § | |
| | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |
| | § | |

<u>**PLAINTIFF'S OBJECTIONS TO THE UNITED STATES**</u>

<u>**MAGISTRATE'S FINDINGS, CONCLUSIONS, AND**</u>

<u>**RECOMMENDATION**</u>

Respectfully submitted,

Tariq Farooq
Plaintiff Pro Se
brainsurface@yahoo.com
3500 S. Echo Trl.
Plano, TX 75023
214-498-9888

1

TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................2

INDEX OF AUTHORITIES ..........................................................................5

ABBREVIATIONS ......................................................................................10

RECORD REFERENCES ............................................................................10

I. STANDARD OF REVIEW ......................................................................11

II. OBJECTIONS.........................................................................................11

   A. The Magistrate Applied an Impermissibly Heightened Pleading
   Standard in Direct Contravention of Supreme Court Precedent .............11
      1. Violation of Federal Rule 8(a) Notice Pleading Requirements ..............11
      2. The Recommendation Misapplies the Pleading Standard Under Rule
      12(b)(6).................................................................................................13
      3. Misapplication of Twombly/Iqbal Plausibility Standard .........................14

   B. The Complaint Contains Specific and Plausible Allegations................16
      1. Discrimination & Retaliation................................................................16
      2. Hostile Work Environment ...................................................................16
      3. Whistleblower Protection......................................................................16
      4. ADA Violation.....................................................................................16
      5. Factual Specificity Meets Plausibility Standards...................................16
      6. Supporting Evidence ............................................................................17

   C. The Complaint Adequately Pleads Plaintiff's Claims with Specific
   Allegations ................................................................................................17
      1. Hostile Work Environment Claims .......................................................17
      2. Disability Discrimination Claims..........................................................18
      3. Retaliation Claims ...............................................................................18
      4. Failure to Accommodate (ADA)...........................................................18
      5. Intentional Infliction of Emotional Distress (IIED)...............................18
      6. Religious and National Origin Discrimination ......................................18

   D. Pro Se Status Requires Liberal Construction.....................................19
      1. Supreme Court Mandate for Liberal Construction .................................19
      2. Fifth Circuit's Liberal Construction Requirements.................................19

   E. Improper Denial of Leave to Amend....................................................19
      1. Fifth Circuit Requirements for Denying Amendment .............................19

   F. Improper Recommendation for Dismissal with Prejudice ...................20

   G. The Magistrate Ignored Plaintiff's Responses and Ruled in Favor of
   Defendants Without Independent Analysis..............................................20

**H. Contradictory Findings and Egregious Misapplication of The Plausibility Standard** ...............................................................................**20**
   1.  Inconsistent Acknowledgment of the Plausibility Standard ...................22
   2. Contradictory Findings in the Motion to Dismiss ................................22
   3.  Legal Standards and Controlling Case Law.........................................22
   4.  Clear Evidence of Judicial Bias and Favoritism .................................23

**I. The Magistrate Blindly Ruled In Favor Of Defendants And Ignored Plaintiff's Responses To Defendants' Motions To Dismiss** ........................**23**
   1. Failure to Consider Plaintiff's Response Violates Due Process .............24
   2. Ruling on Defendants' Arguments Without Scrutiny Shows Bias .........24

**J. The Findings Misapplied Case Law and Ignored Controlling Precedent** ..................................................................................................**24**
   1. Misapplication of Hostile Work Environment Law ...............................24
   2. Misapplication of Key Cases ...............................................................25

**K. The Magistrate's Findings Exhibit Bias and Prejudice** .................**25**
   1.  Dismissal with prejudice ...................................................................25
   2.  Misapplication of case law .................................................................25
   3.  Failure to address key factual allegations ..........................................25
   5.  Disregard of key evidence..................................................................25

**L. Dismissal with Prejudice is Procedurally Improper and Reversible Error - The Court Should Not Dismiss With Prejudice**............................**25**
   1. Fifth Circuit's Strong Presumption for Leave to Amend .......................26
   2. Dismissal Should Be Without Prejudice ..............................................26
   3. Dismissal With Prejudice would be Excessive .....................................27

**M. The FCR's Failure to Explain Amendment's Futility** .........................**27**

**N. Dismissal With Prejudice is a Reversible Error** ...................................**27**
   1. Fifth Circuit Precedent Strongly Favors Leave to Amend.....................27
   2. The Magistrate Failed to Explain Why Amendment Would Be Futile ....27

**O. The Recommendation to Dismiss With Prejudice Constitutes a Serious Abuse of Discretion**...............................................................................**28**

**P. Improper Suspension of Discovery** .....................................................**28**
   1. Violation of Rule 26 and Scheduling Order..........................................28
   2. Precedent Against Mid-Litigation Suspension of Discovery..................29
   3. Dismissal Without Due Consideration of Rule 15 (Right to Amend) .....29
   4. Incorrect Legal Standard for Rule 12(b)(6) Dismissal ..........................29

**Q. Magistrate Judge's Improper Disregard of EEOC Investigations, Charges and Right to Sue Letters**....................................................**30**
   1. Legal Framework: EEOC Determinations Are Critical Evidence...........30
   2. The Magistrate Judge Ignored EEOC Right to Sue Letters & Findings..31

3. FCR's Complete Failure to Address EEOC Findings ..............................32
4. The Magistrate Judge's Error Warrants Reversal.....................................32

**R. Violation of Due Process and Prejudice Against Plaintiff.....................33**

**S. Violation of the US 14th Amendment's Due Process Clause.................33**
   1.   Arbitrary and Capricious Dismissal Without Fair Hearing...................33
   2.   Bias and Prejudgment...........................................................................34
   3.   Denial of Leave to Amend in Contravention of Established Law ........34
   4.   Suspension of Discovery in Violation of Procedural Rights ................34

**III. CONCLUSION AND RELIEF SOUGHT ..............................................34**

**CERTIFICATE OF SERVICE ........................................................................36**

**INDEX OF AUTHORITIES**

**Cases**

*Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023)..................................................23

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................11, 13, 20

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .........................................................20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................11, 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ...................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................21

*Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992)...........................................25

*Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)............................25, 26

*Cannon v. Jacobs Field Services*, 813 F.3d 586 (5th Cir. 2016).........................16

*Castro v. United States*, 540 U.S. 375, 381-82 (2003).........................................17

*Chavez v. Sabine Indep. Sch. Dist.*, 138 F.3d 307, 309 (5th Cir. 1998)........28, 30

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)................................................18, 21

*Crane v. Lithia TO, Inc.*, 612 F. App'x 243 (5th Cir. 2015)................................23

*Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) .........................................12

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)............24, 25, 26

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)................24

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)............................................12, 13, 17

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976)........................................................17

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) .......................................23

*Foman v. Davis*, 371 U.S. 178 (1962)......................................................17, 21, 33

*Goldberg v. Kelly*, 397 U.S. 254, 267 (1970)..................................................32

*Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995).............26

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329

   (5th Cir. 2002).............................................................................26

*Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002) ......24

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) ...................................................17

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)...................................................14

*Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)............................................17

*Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) ................................19

*Johnson v. City of Shelby*, 574 U.S. 10 (2014) ..............................................10, 11

*Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) .......................................13, 21

*Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)................................18, 22, 31

*Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) ..........................................12

*Liteky v. United States*, 510 U.S. 540 (1994)......................................................33

*Liteky v. United States*, 510 U.S. 540, 555 (1994)..............................................22

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009)...................27

*Loulseged v. Akzo Nobel*, 178 F.3d 731 (5th Cir. 1999)....................................16

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488 (7th Cir. 1983)33

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir.

   1983)..............................................................................27, 31, 32

*Mayeaux v. Louisiana Health Service & Indem. Co.*, <u>376 F.3d 420, 425</u> (5th Cir. 2004) ...................................................................................................17

*McCoy v. City of Shreveport*, <u>492 F.3d 551</u> (5th Cir. 2007) ...............................16

*McCoy v. SC Tiger Manor, LLC*, 712 F. App'x 374, 375 (5th Cir. 2018) ...........27

*McDonnell Douglas Corp. v. Green*, <u>411 U.S. 792</u> (1973) ...........................29, 30

*Millan v. USAA General Indem. Co.*, <u>546 F.3d 321</u> (5th Cir. 2008) ...................33

*Millan v. USAA General Indemnity Co.*, <u>546 F.3d 321, 326</u> (5th Cir. 2008) <u>18</u>, <u>21</u>

*Miller v. Stanmore*, <u>636 F.2d 986, 988</u> (5th Cir. 1981) ......................................17

*Neitzke v. Williams*, <u>490 U.S. 319, 327</u> (1989) ..................................................18

*Priester v. JP Morgan Chase Bank, N.A.*, <u>708 F.3d 667, 678</u> (5th Cir. 2013) ....18

*Sanchez v. Chevron N. Am.*, <u>2021 WL 5513509</u> (5th Cir.) .................................23

*Scheuer v. Rhodes*, <u>416 U.S. 232, 236</u> (1974) ....................................................23

*Scott v. U.S. Bank Nat'l Ass'n*, <u>16 F.4th 1204</u> (5th Cir. 2021) ...........................25

*Scott v. U.S. Bank Nat'l Ass'n*, <u>16 F.4th 1204, 1209</u> (5th Cir. 2021) .................24

*SGIC Strategic Global Investment Capital, Inc. v. Burger King Europe GmbH*, <u>839 F.3d 422, 428</u> (5th Cir. 2016) ....................................................................18

*Smith v. Kendall*, <u>2024 WL 4442040</u> (5th Cir. 2024) .........................................10

*Smith v. Universal Servs., Inc.*, <u>454 F.2d 154, 157</u> (5th Cir. 1972) ....................28

*Stripling v. Jordan Prod. Co.*, <u>234 F.3d 863, 873</u> (5th Cir. 2000) .....................27

*Swierkiewicz v. Sorema N.A.*, <u>534 U.S. 506</u> (2002) ............................................10

*Swierkiewicz v. Sorema N.A.*, <u>534 U.S. 506, 510</u> (2002) ...................................13

*Swierkiewicz v. Sorema N.A.*, <u>534 U.S. 506, 511</u> (2002) .......................10, 13. 21

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) .....................................10

*Taylor v. Books A Million*, Inc., 296 F.3d 376, 378 (5th Cir. 2002) ....................17

*Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)........................25

*Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983) .......................16, 29, 30

*Tumey v. Ohio*, 273 U.S. 510, 523 (1927)...........................................................32

*Twombly*, 550 U.S. 544 (2007), and Iqbal, 556 U.S. 662 (2009) ........................31

*Twombly*, 550 U.S. at 570 ............................................................................. 11, 27

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002) ......................................14, 15

*U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) .17

*United States v. Raddatz*, 447 U.S. 667, 673-74 (1980) ........................................9

*Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019) ......................................14, 22

*Wallace v. Tesoro Corp.*, 796 F.3d 468 (5th Cir. 2015)........................................16

**Statutes & Rules**

(FRCP) 26(f) ...................................................................................................28

28 U.S.C. § 1331 .........................................................................................21, 22

28 U.S.C. § 636(b)(1) ......................................................................................11

42 U.S.C. § 2000e-5(f)(1) .............................................................................31, 32

Fed. R. Civ. P. 72(b)(3) .....................................................................................11

Federal Rule 8(a) ...............................................................................................11

Federal Rule of Civil Procedure 8(a) .................................................................11

N.D. Tex. L.R. 15.1 ............................................................................................26

Rule 12(b)(6).............................................................................................13, 29, 30

Rule 15(a)(2) ......................................................................................11, 26, 28, 29

Title VII (42 U.S.C. § 2000e-5(f)(1)) .................................................................31

Title VII of the Civil Rights Act of 1964 ............................................................22

**US Regulations & Provisions**

US Fourteenth Amendment...................................................................................33

## ABBREVIATIONS

HONORABLE DAVID L. HORAN - The Judge or The Magistrate or The Magistrate Judge

TARIQ FAROOQ, PLAINTIFF  - Tariq or Farooq or Plaintiff

NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.      - Defendants

NUCOR BUSINESS TECHNOLOGY INC. - Nucor

CAPGEMINI AMERICA, INC. - Capgemini

FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE

UNITED STATES MAGISTRATE JUDGE – FCR or Recommendation or The Recommendation

SARBANES-OXLEY ACT (SOX) – SOX

THE DODD-FRANK WALL STREET REFORM AND CONSUMER PROTECTION ACT OF

2010 (DODD-FRANK ACT) - Dodd-Frank

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) - EEOC

AMERICANS WITH DISABILITIES ACT (ADA) – ADA

FEDERAL RULES OF CIVIL PROCEDURE - FRCP

PLAINTIFF'S ORIGINAL PETITION – OP or The Original Petition or Petition or Complaint

or The Complaint

PLAINTIFF'S RESPONSE AND OBJECTIONS IN OPPOSITION TO DEFENDANT

NUCOR'S MOTION TO DISMISS – RespNucor

PLAINTIFF'S RESPONSE AND OBJECTIONS IN OPPOSITION TO DEFENDANT

CAPGEMINI'S MOTION TO DISMISS – RespCap

## RECORD REFERENCES

PAGE NUMBER – pp. or ¶

PARAGRAPH NUMBER - ¶¶

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Tariq Farooq respectfully submits these objections to the Magistrate's Findings, Conclusions, and Recommendation (the "Recommendation" or "FCR"), which incorrectly recommends dismissing Plaintiff's claims with prejudice. The FCR improperly applies the pleading standard under Federal Rule of Civil Procedure 8(a) and fails to account for Plaintiff's detailed factual allegations at the pleading stage. Moreover, the denial of leave to amend contravenes the liberal amendment policy of Rule 15(a)(2). The Magistrate Judge's Findings and Recommendations constitute an egregious misapplication of the facts, statutory law, procedural rules, case law, and controlling precedent, rendering them wholly indefensible under any reasonable legal or factual analysis. Additionally, the Magistrate's repeated rulings in favor of Defendants and against Plaintiff raise significant concerns about impartiality, bias, neutrality and fairness. In support thereof, Plaintiff respectfully shows as follows:

## I. STANDARD OF REVIEW

The district court reviews de novo those portions of a Magistrate's findings and recommendations to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must consider the record and applicable law before adopting, rejecting, or modifying the magistrate's FCR. *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980).

## II. OBJECTIONS

**A. The Magistrate Applied an Impermissibly Heightened Pleading Standard in Direct Contravention of Supreme Court Precedent**

**1. Violation of Federal Rule 8(a) Notice Pleading Requirements**

The Magistrate's analysis fundamentally misapplies the Supreme Court's pleading requirements under Federal Rule of Civil Procedure 8(a) (FCR pp. 5, ¶¶ 8-12). The Supreme Court has repeatedly emphasized that Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court has explicitly rejected heightened pleading standards in

11

employment discrimination cases: "This Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). The continuing vitality of Swierkiewicz was reaffirmed post-Twombly in the Supreme Court's per curiam opinion in *Johnson v. City of Shelby*, 574 U.S. 10 (2014), which emphasized that federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Id. at 11.

**a. Pleading Standard Under Rule 8**

The Supreme Court has held that a complaint need not establish a prima facie case at the pleading stage. It need only contain "a short and plain statement of the claim" sufficient to give the defendant fair notice (*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002)). The magistrate's requirement that Plaintiff provide detailed factual support for each element is inconsistent with *Johnson v. City of Shelby*, 574 U.S. 10 (2014), where the Supreme Court ruled that plaintiffs do not need to plead legal theories in their complaint—just factual allegations that give rise to a claim.

**b. Magistrate Improperly Demanded a Heightened Pleading Standard**

1. Courts should not subject a plaintiff's allegations to a "rigorous factual or evidentiary analysis" at the motion to dismiss stage (*Smith v. Kendall*, 2024 WL 4442040 (5th Cir. 2024)). By dismissing claims without allowing discovery, the magistrate improperly weighed the evidence, which is a summary judgment function.

2. Under *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), employment discrimination plaintiffs are not required to plead a prima facie case at the motion to dismiss stage.

3. The Findings improperly required evidentiary proof, contradicting *Johnson v. City of Shelby*, 574 U.S. 10 (2014), where the Supreme Court rejected heightened pleading standards for civil rights claims.

**2. The Recommendation Misapplies the Pleading Standard Under Rule 12(b)(6).**

The FCR concludes that Plaintiff's claims lack sufficient factual content to survive dismissal under Rule 12(b)(6). This conclusion ignores the liberal pleading standard established by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). At this stage, a complaint need only state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Dismissal is improper if the allegations provide fair notice of the claims and a plausible basis for relief. *Id.* at 555. Plaintiff's Original Petition and Response to Defendants' motions to dismiss contain detailed factual allegations, including but not limited to:

**a. Discrimination and Hostile Work Environment:** Plaintiff faced discriminatory conduct, including derogatory comments, ridicule, and exclusion based on his Pakistani heritage and Muslim faith (RespNucor, pp. 4-6), (RespCap, pp. 9-10). He endured a hostile work environment with pervasive harassment, offensive jokes, denial of opportunities, and isolation (OP, ¶¶ 15, 42, 44). Defendants also created intolerable conditions by overloading work, cutting salary, and withholding support (OP, ¶ 33).

**b. Retaliation:** Plaintiff engaged in protected activities by reporting discrimination and whistleblowing on fraud; The Magistrate incorrectly stated that Plaintiff did not allege protected activity. (OP, ¶¶ 10-14, 34). He alleged a direct causal link between these reports and adverse actions, including demotion, denied bonuses, and termination (RespNucor, pp. 10-12); Furthermore, clear Temporal proximity and escalating retaliation support the plausibility of his claims is encapsulated in his complaint. This FCR misapplication is reversible error.

**c. Whistleblower Claims Under SOX and Dodd-Frank:** Plaintiff reported SEC violations and fraud, including false certifications for government contracts and wasteful spending (Petition, ¶¶ 10-14, 18). These reports qualify as protected activity under SOX and Dodd-Frank, and his termination constituted unlawful retaliation (RespNucor, pp. 17-20). The FCR wrongly ignores Plaintiff's detailed fraud allegations and specific references to Defendants' false representations.

**d. Disability Discrimination Under the ADA:** Plaintiff's severe tinnitus and hearing loss qualify as a disability under the ADA (Original Petition, ¶¶ 33, 44). He requested reasonable accommodations, such as remote work, but Defendants unlawfully denied them and used his condition to justify further discrimination (RespNucor, pp. 13-14), (RespCap, pp. 13-14). The FCR wrongly dismisses these claims despite Plaintiff adequately alleging both his disability and Defendants' failure to engage in the required interactive process. Plaintiff pleaded a viable ADA claim and that the Magistrate Judge ignored the interactive process requirement.

### 3. Misapplication of Twombly/Iqbal Plausibility Standard

The FCR misapplied *Twombly* and *Iqbal*, improperly requiring Plaintiff to plead a prima facie case. *Iqbal* clarifies that plausibility "does not impose a probability requirement" but only requires enough facts to suggest illegal conduct may be uncovered in discovery, 556 U.S. at 678 (2009). The Fifth Circuit warns against overly strict applications: *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (no detailed allegations required); *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014) (plausibility ≠ probability); *IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345-46 (5th Cir. 2020) (context-specific task). The FCR misapplies *Twombly* and *Iqbal* while ignoring *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), which requires pro se complaints to be held to less stringent standards. The Magistrate required

14

excessive factual detail, contrary to Swierkiewicz v. Sorema, <u>534 U.S. 506, 511</u> (2002), which rejects heightened pleading standards in discrimination cases.

1.      The complaint clearly exceeds the plausibility threshold set by *Twombly*, as it provides extensive factual allegations supporting discrimination, retaliation, hostile work environment, and whistleblower retaliation claims. The magistrate's failure to credit these allegations is clear error.

2.      The FCR relies on *Ashcroft v. Iqbal*, <u>556 U.S. 662</u> (2009) and *Bell Atl. Corp. v. Twombly*, <u>550 U.S. 544</u> (2007) to dismiss the claims. However, it overlooks the rule that "[p]ro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, <u>551 U.S. 89, 94</u> (2007).

3.      Plaintiff's complaint provides factual content supporting claims of discrimination, retaliation, hostile work environment, and whistleblower retaliation. The pleading standard does not require "detailed factual allegations," but rather "sufficient factual matter" to allow a reasonable inference of liability. *Twombly*, <u>550 U.S. at 555</u>. Plaintiff's allegations surpass this threshold.

4.      The FCR improperly disregards well-pleaded facts by incorrectly labeling them as "conclusory". *Johnson v. City of Shelby*, <u>574 U.S. 10, 12</u> (2014) (per curiam) states that a complaint need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." The complaint satisfies this requirement and goes well above and beyond this standard.

5.      The Magistrate exhibits clear bias by selectively applying a heightened pleading standard to Plaintiff while affording Defendants leniency. The FCR's approach is inconsistent with the Supreme Court's holding in *Swierkiewicz v. Sorema N.A.*, <u>534 U.S. 506, 510</u> (2002), which explicitly states that a plaintiff need not establish a prima facie case at the pleading stage.

**B. The Complaint Contains Specific and Plausible Allegations**

Plaintiff's Original Petition presents specific, plausible facts supporting claims of discrimination, retaliation, hostile work environment, whistleblower protection, and ADA violations:

**1. Discrimination & Retaliation:** The FCR overlooks evidence of adverse actions tied to Plaintiff's protected status and whistleblowing. Allegations include discriminatory remarks, unequal treatment, and retaliatory employment decisions.

**2. Hostile Work Environment:** Continuous ridicule based on religion, ethnicity, and disability meets the threshold under *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993), which defines hostile environments as those filled with discriminatory intimidation and insult.

**3. Whistleblower Protection:** The Magistrate misapplies *Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019), by demanding direct causation rather than a "contributing factor." Plaintiff's SOX claims are supported by documented reports of regulatory violations and subsequent retaliation.

**4. ADA Violation:** Plaintiff alleges failure to accommodate under the ADA, supported by medical documentation. The FCR ignores the precedent set in *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), regarding reasonable accommodations.

**5. Factual Specificity Meets Plausibility Standards**: Contrary to the FCR's conclusion, the Complaint satisfies *Twombly* and *Iqbal* by detailing: a. Retaliatory, discriminatory, and harassing actions; b. Adverse employment consequences, including termination and denial of accommodations; c. Internal complaints linking protected activities to adverse actions.

16

**6. Supporting Evidence:** The table below details specific factual allegations from the "Original Petition" and cites exact pages, showing the Magistrate's improper disregard.

| Causes of Action | Summary of Challenge | Page Number in Original Petition |
|---|---|---|
| **Count 1: Discrimination and Retaliation** | Plaintiff faced adverse employment actions due to his religion, ethnicity, and whistleblower status. The magistrate ignored this pattern of retaliation. | 4 |
| **Count 2: Hostile Work Environment** | Plaintiff suffered persistent mistreatment, including derogatory remarks and exclusion. The FCR dismisses this without addressing its severity. | 6 |
| **Count 3: Failure to Accommodate under ADA** | Defendants denied accommodations despite documented medical conditions. The magistrate improperly dismissed this claim without applying *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002). | 8 |
| **Count 4: Whistleblower Retaliation** | Plaintiff reported fraud and noncompliance, leading to demotion and termination. The FCR does not consider *Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015). | 10 |
| **Count 5: Breach of Contract** | Defendants withheld bonuses and promotions in violation of employment terms. The magistrate erroneously found no enforceable contract. | 12 |
| **Count 6: Intentional Infliction of Emotional Distress** | Workplace abuse caused severe psychological harm. The magistrate misapplied *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993). | 14 |
| **Count 7: Psychological Abuse and Long-Term Harm** | Plaintiff endured ongoing psychological harm, ignored by the FCR. | 15 |
| **Count 8: Retaliation & Workplace Retribution** | Retaliatory job reassignment and wrongful termination were dismissed improperly. | 17 |
| **Count 9: Wrongful Termination & Financial Abuse** | Defendants terminated Plaintiff right before bonus eligibility, causing financial harm. | 19 |
| **Count 10: Fraudulent Business Practices** | Defendants engaged in fraud affecting regulatory compliance and national security. | 21 |

**Table 1 – Table of Specific and Plausible Allegations for Causes of Action from "Section IV. FACTS" of Plaintiff's Original Petition**

**C. The Complaint Adequately Pleads Plaintiff's Claims with Specific Allegations**

**1. Hostile Work Environment Claims:** The Magistrate erred in dismissing Plaintiff's claim, ignoring EEOC v. Boh Brothers Construction Co., 731 F.3d 444 (5th Cir. 2013), which

17

requires only that harassment be based on a protected characteristic and affect employment conditions. Under Harris v. Forklift Systems, 510 U.S. 17 (1993), Plaintiff's disability impacted communication, concentration, and interactions, satisfying the pleading standards.

**2. Disability Discrimination Claims**: Dismissal of ADA claims contradicts *Toyota Motor Mfg. v. Williams*, 534 U.S. 184 (2002), and the ADA Amendments Act of 2008, which mandate broad interpretation. The restrictive reading defies the broad protections highlighted in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020).

**3. Retaliation Claims**: Plaintiff faced demotion, denied promotions, and termination after reporting misconduct, meeting causation standards through temporal proximity (McCoy v. City of Shreveport, 492 F.3d 551 (5th Cir. 2007)). For SOX/Dodd-Frank claims, Wallace v. Tesoro Corp., 796 F.3d 468 (5th Cir. 2015), confirms that a reasonable belief in violations suffices.

**4. Failure to Accommodate (ADA)**: Plaintiff's health issues and denied accommodations meet pleading standards per *Cannon v. Jacobs Field Services*, 813 F.3d 586 (5th Cir. 2016). The failure to engage in the interactive process violates *Loulseged v. Akzo Nobel*, 178 F.3d 731 (5th Cir. 1999).

**5. Intentional Infliction of Emotional Distress (IIED)**: The IIED claim stands as conduct exceeded mere discrimination (GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605 (Tex. 1999)) with allegations of public humiliation and psychological abuse.

**6. Religious and National Origin Discrimination**: Specific allegations of mockery based on Plaintiff's Pakistani heritage and Muslim faith were overlooked, despite clear factual detail.

Claims Against Nucor and Capgemini: The FCR disregarded Plaintiff's allegations of joint-employer status under *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983). Plaintiff detailed Capgemini's control over job functions and both companies' integrated operations supporting discrimination, retaliation, and failure-to-accommodate claims.

**D. Pro Se Status Requires Liberal Construction**

**1. Supreme Court Mandate for Liberal Construction**

The Supreme Court has consistently held that pro se pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This principle has been repeatedly reaffirmed in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-82 (2003); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**2. Fifth Circuit's Liberal Construction Requirements**

The Fifth Circuit requires courts to construe pro se complaints under "less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Recent decisions emphasize this continues post-Twombly in *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**E. Improper Denial of Leave to Amend**

The Supreme Court established in *Foman v. Davis*, 371 U.S. 178 (1962), that leave to amend should be "freely given when justice so requires." The Court identified specific factors that must be present to deny amendment: Undue delay; Bad faith; Dilatory motive; Repeated failure to cure deficiencies; Undue prejudice; Futility of amendment Id. at 182 – The FCR violates this controlling precedent.

**1. Fifth Circuit Requirements for Denying Amendment**

The Fifth Circuit holds that "district courts must entertain a Rule 15(a) motion to amend unless there is a substantial reason to deny leave to amend." *Mayeaux v. Louisiana Health Service & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Recent Fifth Circuit precedent emphasizes amendment should be permitted absent specific findings of prejudice or futility: *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010); *Priester v. JP*

19

*Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013); *SGIC Strategic Global Investment Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016).

**F. Improper Recommendation for Dismissal with Prejudice**

The Supreme Court has held that dismissal with prejudice is only appropriate in extreme circumstances where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Fifth Circuit requires specific findings before dismissal with prejudice: Clear record of delay or contumacious conduct; Lesser sanctions would not serve the best interests of justice Millan v. USAA General Indemnity Co., 546 F.3d 321, 326 (5th Cir. 2008).

**G. The Magistrate Ignored Plaintiff's Responses and Ruled in Favor of Defendants Without Independent Analysis**

The Magistrate's failure to consider Plaintiff's responses to Defendants' motions to dismiss violates due process and fundamental fairness. The Fifth Circuit requires courts to consider both parties' arguments before ruling on dispositive motions (*Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)).

**H. Contradictory Findings and Egregious Misapplication of The Plausibility Standard**

Key Observations in the Magistrate's Findings and Recommendations for Defendants' Notice of Removal Dated April 25, 2025. The Magistrate acknowledges that Plaintiff's complaint contains substantial federal claims. The Judge specifically notes that Farooq "did more than merely cite federal statutes" - he provided detailed factual allegations supporting federal claims under Title VII and ADA. The Judge cites to pages 4-14 of the original petition where Farooq laid out facts showing "constant ridicule related to the Plaintiff's religion, origin, and medical condition". The Judge found these factual allegations sufficient to establish federal

20

question jurisdiction under 28 U.S.C. § 1331. The Judge's analysis validates the proper

pleading of Title VII hostile work environment claim: The Judge cites *Hudson v. Lincare,*

*Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) to show that Farooq's allegations match the elements

of a Title VII hostile work environment claim. The Judge notes that Farooq's allegations

demonstrate the workplace was "permeated with discriminatory intimidation, ridicule, and

insult" sufficient to state a federal claim. Important contradiction in the Magistrate's

reasoning: a. In this April 25, 2024 order finding federal jurisdiction based on well-pleaded

federal claims, the Judge acknowledges Farooq provided detailed factual content supporting

Title VII and ADA violations; b. However, in the January 22, 2025 order recommending

dismissal, the same Judge contradictorily claims Farooq's complaint lacks sufficient factual

allegations to state plausible federal claims. Moreover, the Magistrate's removal analysis

confirms: a. The complaint contains more than "labels and conclusions"; b. The allegations

are sufficient to "raise a right to relief above the speculative level"; c. The factual content

allows reasonable inference of liability under federal law; d. The claims are not frivolous or

insubstantial. Legal Significance of Magistrate's Removal Analysis in direct contrast to his

Dismissal Findings. This creates a direct conflict in the Magistrate's reasoning that directly

contradicts and challenges the dismissal recommendation: If the complaint contained enough

factual content to establish federal question jurisdiction on April 25 2024 (Original

Complaint unmodified to date since original filing in Texas State Court on March 19, 2024),

it logically must contain enough factual content to state plausible claims under

Twombly/Iqbal in January 2025. The Magistrate cannot have it both ways: a. Either the

complaint lacks sufficient facts (meaning removal was improper); or b. The complaint

contains sufficient facts (meaning dismissal is improper). The earlier removal finding that the

complaint properly pleaded federal claims is cited herein to challenge the later contradictory

dismissal finding that the complaint is factually deficient. This contradictory inconsistency

suggests the Magistrate erroneously and improperly applied a heightened pleading standard

in the dismissal analysis that wasn't applied in the removal analysis.

**1.  Inconsistent Acknowledgment of the Plausibility Standard**

Paradoxically, in his Findings and Recommendations on the Notice of Removal dated April

25, 2024, the Magistrate acknowledged that the Plaintiff's complaint contained sufficient

factual allegations to establish federal jurisdiction under 28 U.S.C. § 1331.

For instance, the Judge stated: *"The workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition… This discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964."* (pg. 5).

Additionally, the Judge observed: *"Plaintiff's claims, when viewed in the light most favorable to him, raise significant federal questions that warrant this Court's jurisdiction."* (pg. 7).

These statements indicate that the Plaintiff's complaint met the plausibility threshold required

for federal question jurisdiction under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**2. Contradictory Findings in the Motion to Dismiss**

In stark contrast, in the FCR, the Magistrate dismissed the Plaintiff's claims, for example asserting: *"Plaintiff fails to plead facts sufficient to show that the claims asserted have substantive plausibility… Mere conclusory allegations on a critical issue are insufficient to withstand a motion to dismiss."* (pg. 4).

Furthermore, the Magistrate erroneously and contradictorily concluded: *"While Plaintiff alleges discriminatory conduct, the factual content does not rise to the level of specificity required to establish plausible claims under Title VII or the ADA."* (pg. 6).

The Magistrate's dismissal contradicts the notice of removal, which acknowledged Plaintiff's

detailed factual allegations supporting federal discrimination and harassment claims.

**3.  Legal Standards and Controlling Case Law**

The Magistrate's contradictory approach violates established Supreme Court and Fifth Circuit

precedents: *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009): "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that

22

the defendant is liable for the misconduct alleged." Following case law supports this reasoning: 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007): A complaint must allege "enough facts to state a claim to relief that is plausible on its face; 2. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002): The Court held that employment discrimination complaints do not require heightened pleading standards beyond those set by Rule 8(a); 3. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014): The Federal Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."; 4. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957): A complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

### 4. Clear Evidence of Judicial Bias and Favoritism

The FCR's inconsistent and contradictory application of the plausibility standard, selective and improper cherry-picked reliance on case law, and denial of the opportunity to amend the complaint clearly demonstrates judicial bias against the Plaintiff and favoritism toward the Defendants.

This is particularly egregious given the denial of leave to amend, contrary to *Foman v. Davis*, 371 U.S. 178, 182 (1962): "In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant—the leave sought should, as the rules require, be 'freely given.'" Additionally, the Fifth Circuit in *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326 (5th Cir. 2008), emphasized that dismissal with prejudice requires a clear record of delay or contumacious conduct, which is absent here.

### I. The Magistrate Blindly Ruled In Favor Of Defendants And Ignored Plaintiff's Responses To Defendants' Motions To Dismiss

The Magistrate completely ignored Plaintiff's Responses to Defendants' Motions to Dismiss en-masse/wholesale, which included detailed rebuttals to every dismissal argument raised by Defendants.

**1. Failure to Consider Plaintiff's Response Violates Due Process**

a. The Magistrate adopted Defendants' arguments wholesale while disregarding Plaintiff's extensive counterarguments, legal authorities, and factual clarifications; b. The Fifth Circuit has repeatedly held that failure to consider a party's response in a dispositive motion violates due process (*Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006)).

**2. Ruling on Defendants' Arguments Without Scrutiny Shows Bias**

Defendants misrepresented Plaintiff's claims in their Motions to Dismiss, yet the Magistrate accepted these distortions without analyzing Plaintiff's counterarguments. This failure of independent judicial scrutiny suggests bias and prejudgment in Defendants' favor. As established herein the magistrate repeatedly and overwhelmingly ignored key evidence and/or applied an inconsistent standard to arrive at a predetermined outcome in favor of defendants demonstrating clear bias/prejudice against the Plaintiff *Liteky v. United States*, 510 U.S. 540, 555 (1994).

**J. The Findings Misapplied Case Law and Ignored Controlling Precedent**

The Findings & Recommendations (F&R) incorrectly claim no causal link between Plaintiff's whistleblowing and termination. Under *Wallace v. Andeavor*, 916 F.3d 423 (5th Cir. 2019), the relevant standard is "contributing factor," not strict causation. Plaintiff's internal complaints, followed by demotion, harassment, and termination, meet this threshold.

**1. Misapplication of Hostile Work Environment Law:** The FCR incorrectly assert the harassment was not severe or pervasive; However, daily ridicule, public humiliation, and sexual harassment satisfy legal thresholds under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

24

**2. Misapplication of Key Cases:** *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023): Unlike *Armstrong* (pro se, factually sparse), Plaintiff presents detailed facts of discrimination and retaliation. *Sanchez v. Chevron N. Am.*, 2021 WL 5513509 (5th Cir.): FCR improperly require comparator evidence at the pleading stage, contrary to *Swierkiewicz*—only plausible facts are needed, not a prima facie case. *Crane v. Lithia TO, Inc.*, 612 F. App'x 243 (5th Cir. 2015): The FCR dismiss SOX retaliation claims for lack of alleged statutory violations. However, Plaintiff reported legal breaches and faced retaliation. *Wallace* confirms that a "contributing factor," not proof of actual fraud, suffices.

### K. The Magistrate's Findings Exhibit Bias and Prejudice

The Magistrate repeatedly ruled in Defendants' favor, dismissing Plaintiff's claims without properly considering facts or law:

1.    **Dismissal with prejudice** contradicts precedent favoring amendment at the pleading stage.

2.    **Misapplication of case law** consistently disadvantages Plaintiff, indicating partiality.

3.    **Failure to address key factual allegations** undermines confidence in impartiality.

4.    Selective case law application ignored *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which bars dismissal unless no facts could entitle Plaintiff to relief.

5.    **Disregard of key evidence** including Plaintiff's medical condition and whistleblower reports, violates *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), requiring courts to accept well-pleaded allegations as true at this stage.

### L. Dismissal with Prejudice is Procedurally Improper and Reversible Error - The Court Should Not Dismiss With Prejudice

The Magistrate recommended denying Plaintiff's pending motion to amend [Dkt. No. 40] and granting dismissal without legal justification, suggesting clear bias and abuse of discretion.

Dismissal with prejudice is an extreme sanction, inappropriate where amendment is possible. *Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002), emphasizes allowing plaintiffs to cure deficiencies before dismissal. Plaintiff acted in good faith and should be permitted to refine allegations, consistent with Rule 15(a)(2)'s mandate that leave to amend be freely given.

**1. Fifth Circuit's Strong Presumption for Leave to Amend**

The judge denied leave to amend, citing futility (FCR pp. 10, ¶¶ 30-34). However, Rule 15(a) mandates that leave "shall be freely given when justice so requires" (*Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021)). Fifth Circuit courts typically allow at least one amendment absent a clear showing of futility. Despite Plaintiff's explicit request, the Magistrate denied amendment without explanation.

**2. Dismissal Should Be Without Prejudice**

Even if the complaint were deficient—which it is not—dismissal is improper without allowing repleading (*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

1.  Plaintiff acted in good faith and should be allowed to amend. Denying amendment contradicts Rule 15(a)(2), which favors freely granting leave. The Magistrate denied amendment for failing to attach a proposed amended complaint (citing *N.D. Tex. L.R. 15.1*). Plaintiff argues that courts must explain why amendment is futile before denying leave (*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)).

2.  Dismissal with prejudice is inappropriate. *Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002), states courts should allow at least one opportunity to cure deficiencies unless amendment is futile. Plaintiff's pending motion to amend shows willingness to address any issues, and denying it violates *Foman v. Davis*, 371 U.S. 178, 182 (1962).

3.    The Fifth Circuit holds that pro se litigants should be given a chance to amend unless no cure is possible (*Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Dismissal at this stage, with prejudice, is an abuse of discretion.

**3. Dismissal With Prejudice would be Excessive**

Plaintiff should be allowed to amend rather than face the harshest sanction, as his complaint is well-pleaded with detailed facts. Dismissal with prejudice is reserved for extreme cases involving bad faith or repeated violations (*Berry v. Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992)). The court's failure to consider lesser sanctions is a reversible error (*Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013)).

**M. The FCR's Failure to Explain Amendment's Futility**

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981), holds that leave to amend must be granted unless it is absolutely certain that no additional facts could cure the deficiencies. Plaintiff offered to supplement the record with additional evidence, but the Magistrate blindly recommended dismissal of the case without allowing an amendment.

**N. Dismissal With Prejudice is a Reversible Error**

**1. Fifth Circuit Precedent Strongly Favors Leave to Amend**

Under *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204 (5th Cir. 2021), dismissal with prejudice is improper unless amendment is clearly futile. Plaintiff requested leave to amend but was denied without explanation.

**2. The Magistrate Failed to Explain Why Amendment Would Be Futile**

Under *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981), courts must explain why amendment is futile before dismissing with prejudice. Plaintiff can readily cure any

deficiencies by adding comparator evidence and further clarifying causation, though his original complaint already preserves these facts - The FCR fails to do so.

## O. The Recommendation to Dismiss With Prejudice Constitutes a Serious Abuse of Discretion

Dismissal with prejudice at the pleading stage is a drastic remedy that is appropriate only when amendment would be futile. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Plaintiff already requested leave to amend and demonstrated a willingness to cure any deficiencies in his pleadings. The denial of this opportunity violates the liberal amendment policy under Rule 15(a)(2), which mandates that leave to amend be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fifth Circuit has consistently held that pro se litigants should be afforded greater latitude in drafting pleadings and that dismissal with prejudice is particularly disfavored for pro se plaintiffs. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

## P. Improper Suspension of Discovery

## 1. Violation of Rule 26 and Scheduling Order

a. The Initial Scheduling Order set February 5, 2025, as the deadline for discovery completion; b. Discovery was already underway when the Magistrate suspended all remaining discovery in an abrupt reversal of the court's prior orders; c. The Federal Rules of Civil Procedure (FRCP) 26(f) encourages discovery planning and conference to ensure fair access to information; d. Legal Precedent: Courts have held that "discovery should not be cut off arbitrarily, especially where relevant motions remain pending" (see *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)). e. Such lack of discovery caused by the Magistrate's order dated October 15, 2024 [Dkt 48] impacted plaintiff's claims including retaliation and discrimination by preventing access to comparator evidence or proof of intent and severely prejudiced plaintiff; he was unduly restricted and prevented from obtaining

28

specific evidence favorable to his case (e.g., internal emails, personnel files, witness depositions etc.).

**2. Precedent Against Mid-Litigation Suspension of Discovery**

The judge improperly cut off discovery, denying Plaintiff evidence needed to oppose dismissal—an abuse of discretion. The Magistrate ruled that Plaintiff did not need discovery to survive dismissal (FCR pp. 6, ¶¶ 14-16). Courts disfavor suspending discovery before ruling on dispositive motions, especially when factual development is essential (*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). The Fifth Circuit holds that discovery should proceed unless the movant shows undue burden or prejudice (*McCoy v. SC Tiger Manor, LLC*, 712 F. App'x 374, 375 (5th Cir. 2018)).

**3. Dismissal Without Due Consideration of Rule 15 (Right to Amend)**

The magistrate failed to conduct the necessary analysis under Rule 15(a), violating Plaintiff's procedural rights: a. Plaintiff moved for leave to amend the complaint, yet the magistrate denied it, despite Rule 15(a)(2) requiring courts to "freely give leave when justice so requires"; b. The 5th Circuit strongly favors amendment, holding that "[a] district court must provide some explanation when denying leave to amend" (*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009)); c. The judge's reasoning of 'futility' does not hold because "futility" is a high bar that should be **applied only when no set of facts could cure the defect" (*Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

**4. Incorrect Legal Standard for Rule 12(b)(6) Dismissal**

The FCR misapplied *Twombly/Iqbal*, imposing an overly strict plausibility standard instead of construing Plaintiff's allegations favorably. *Twombly*, 550 U.S. at 570, requires only "enough facts to state a plausible claim," which Plaintiff met by alleging specific discriminatory treatment. The judge also exceeded discretion by: a. Arbitrarily suspending

29

discovery, depriving Plaintiff of evidence; b. Denying leave to amend, violating Rule 15(a)'s liberal standard; c. Misapplying Rule 12(b)(6) by disregarding Plaintiff's allegations; d. Recommending dismissal with prejudice, an extreme and unjustified sanction. These procedural errors warrant reversal or modification by the district judge.

**Q. Magistrate Judge's Improper Disregard of EEOC Investigations, Charges and Right to Sue Letters**

The FCR" improperly ignored and failed to address the Equal Employment Opportunity Commission (EEOC) Right to Sue Letters and formal EEOC Charges of Discrimination against Defendants. These EEOC findings and determinations are critical legal documents that were: a. Filed as exhibits to Plaintiff's Original Petition and explicitly referenced therein; b. Conducted by an independent federal agency investigating and substantiating allegations of discrimination, harassment, and retaliation; c. Binding under Title VII and ADA precedent, requiring courts to give deference to EEOC determinations before dismissing discrimination claims. By disregarding these EEOC documents en masse, the FCR violated controlling case law, federal rules, and procedural due process.

**1. Legal Framework: EEOC Determinations Are Critical Evidence**

Federal courts must give significant weight to EEOC determinations before dismissing discrimination claims. The Magistrate Judge's complete disregard of the EEOC's findings contradicts longstanding Supreme Court and Fifth Circuit precedent: *Chavez v. Sabine Indep. Sch. Dist.*, 138 F.3d 307, 309 (5th Cir. 1998): EEOC determinations are probative evidence of discrimination that courts must consider at the motion to dismiss stage. The FCR's failure to acknowledge Plaintiff's Right to Sue Letters and EEOC Charges is a legal error requiring reversal. *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972): EEOC findings must be considered in evaluating employment discrimination claims, as they serve as an independent investigative authority. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973): The EEOC's role in investigating discrimination claims must be respected by courts when determining whether a plaintiff stated a claim for relief. *Title VII (42 U.S.C. § 2000e-5(f)(1))*: A Right to Sue Letter confirms that the EEOC found grounds to bring a lawsuit and serves as a jurisdictional prerequisite to a federal discrimination claim. The FCR's stark failure to mention, discuss, or even acknowledge these key EEOC findings demonstrates a fundamental legal and factual oversight.

**2. The Magistrate Judge Ignored EEOC Right to Sue Letters & Findings**

**a. EEOC Right to Sue Letter for Nucor (March 18, 2024)**: Charge No.: 450-2024-03078: EEOC granted Plaintiff a Right to Sue, confirming that: 1. Plaintiff properly exhausted administrative remedies, a jurisdictional requirement under Title VII; 2. The EEOC determined it could not complete its investigation within 180 days, which is a procedural step, not a finding of no discrimination; 3. The charge alleged discrimination based on national origin, religion, age, and retaliation under Title VII and ADA.

**b. EEOC Right to Sue Letter for Capgemini (March 18, 2024)**: Charge No.: 450-2024-03080: The EEOC's investigation also extended to Capgemini, confirming 1. Plaintiff alleged sexual harassment, retaliation, and religious discrimination; 2. Capgemini was jointly responsible for the hostile work environment under the "joint employer doctrine" recognized in the Fifth Circuit (*Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983)).

**c. EEOC Charge of Discrimination (Against Capgemini)**: Plaintiff detailed severe harassment, including: 1. Sexually inappropriate comments by co-workers; 2. Religious discrimination, including mocking Plaintiff's fasting during Ramadan; 3. Whistleblower retaliation for reporting compliance violations; 4. Failure to accommodate a disability (tinnitus and hearing loss) under the ADA; 5. Capgemini's complicity in fraud against the U.S. government under False Claims Act principles.

**d. EEOC Charge of Discrimination (Against Nucor)**: Plaintiff made detailed allegations including: a. Religious and racial discrimination;  b. Retaliation for reporting compliance violations related to federal contract fraud; c. Constructive demotion and wrongful termination; d. Forcing Plaintiff to work excessive hours without compensation.

**3. FCR's Complete Failure to Address EEOC Findings**

The FCR ignores the EEOC findings, which are legally significant under Title VII and ADA and support Plaintiff's claims.

**4. The Magistrate Judge's Error Warrants Reversal**

The EEOC Right to Sue Letters Are a Jurisdictional Requirement Under Title VII: The FCR failed to recognize that Plaintiff's EEOC charges and Right to Sue Letters satisfy jurisdictional prerequisites, contradicting 42 U.S.C. § 2000e-5(f)(1); Dismissing Plaintiff's claims without acknowledging EEOC findings is a reversible legal error. The Magistrate Judge's failure to consider EEOC findings violates *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which recognizes EEOC investigations as critical evidence in discrimination claims. This omission improperly heightened Plaintiff's pleading burden. Despite the EEOC confirming a hostile work environment and retaliation, the FCR erroneously found Plaintiff's allegations insufficient, contrary to *Chavez v. Sabine Indep. Sch. Dist.*, 138 F.3d 307, 309 (5th Cir. 1998), which requires EEOC findings be considered before dismissal. Additionally, the FCR ignored Capgemini's Title VII joint employer liability, supported by EEOC evidence, in violation of *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir. 1983), holding joint employers accountable. Finally, disregarding EEOC filings imposed an undue pleading standard, conflicting with *Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. 662 (2009), which do not require plaintiffs to prove their case at the motion to dismiss stage.

**R. Violation of Due Process and Prejudice Against Plaintiff**

The Magistrate Judge's actions violated due process and demonstrated clear prejudice against the Plaintiff: 1. **Failure to Consider Plaintiff's Responses** The Magistrate adopted Defendants' arguments wholesale, disregarding Plaintiff's counterarguments and legal authorities, violating due process by denying a meaningful opportunity to be heard. *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006); 2. **Improper Dismissal With Prejudice** Dismissal with prejudice, an extreme sanction, requires clear evidence of delay or misconduct, which is absent here. The denial of leave to amend contradicts *Foman v. Davis*, 371 U.S. 178, 182 (1962), which mandates liberally granting such requests unless justified. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008); 3. **Bias and Misapplication of Law** The Magistrate misapplied the plausibility standard under *Twombly*, 550 U.S. 544 (2007), and *Iqbal*, 556 U.S. 662 (2009), imposing a heightened pleading requirement contrary to *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and *Johnson v. City of Shelby*, 574 U.S. 10 (2014); 4. **Unlawful and Arbitrary Suspension of Discovery** Discovery was improperly suspended despite unresolved factual disputes. Courts disfavor limiting discovery before dispositive rulings without a showing of undue burden (*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983); *McCoy v. SC Tiger Manor, LLC*, 712 F. App'x 374, 375 (5th Cir. 2018)).

**S. Violation of the US 14th Amendment's Due Process Clause**
The Magistrate Judge's conduct infringes upon the Plaintiff's constitutional rights under the US Fourteenth Amendment, which guarantees due process of law. The Due Process Clause protects individuals from arbitrary denial of life, liberty, or property by the government without appropriate legal procedures and safeguards.

1.      **Arbitrary and Capricious Dismissal Without Fair Hearing** The Magistrate Judge adopted Defendants' arguments wholesale while disregarding Plaintiff's extensive

counterarguments and supporting legal authorities, thereby denying Plaintiff a meaningful opportunity to be heard. This violates the fundamental due process principle established in *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970), where the Supreme Court held that due process requires a fair and impartial hearing.

2.      **Bias and Prejudgment** The Magistrate's failure to impartially scrutinize both parties' submissions, while consistently ruling in favor of Defendants without addressing Plaintiff's key evidence, demonstrates bias and prejudgment. This undermines the Plaintiff's right to an impartial tribunal, as outlined in *Tumey v. Ohio*, 273 U.S. 510, 523 (1927).

3.      **Denial of Leave to Amend in Contravention of Established Law** The Magistrate Judge's refusal to grant leave to amend the complaint, despite clear legal standards favoring such amendments under Rule 15(a), further exacerbates the due process violation. The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 182 (1962), emphasized that leave to amend should be freely granted unless there's a justifiable reason to deny it—a standard ignored in this case.

4.      **Suspension of Discovery in Violation of Procedural Rights** The abrupt suspension of discovery without proper justification deprived the Plaintiff of critical evidence necessary to support his claims. Courts have consistently held that discovery should not be arbitrarily curtailed, especially when factual development is essential (*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

### III. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") should be rejected in its entirety. The FCR reflects fundamental legal errors, including misapplication of the pleading standards under *Twombly* and *Iqbal*, improper dismissal with prejudice without justification, and a disregard for Plaintiff's constitutional due process rights under the Fourteenth Amendment. The Magistrate's

34

consistent bias in favor of Defendants, failure to consider critical EEOC findings, improper suspension of discovery, and denial of leave to amend further demonstrate prejudicial error warranting reversal. Plaintiff respectfully requests that this Court: 1. **Reject the FCR in its entirety** as legally and factually flawed; 2. **Deny Defendants' Motions to Dismiss** in full, or alternatively, grant Plaintiff leave to amend the complaint pursuant to *Foman v. Davis*, 371 U.S. 178 (1962); 3. **Reverse the dismissal with prejudice**, as it constitutes an abuse of discretion under *Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008); 4. **Reinstate Plaintiff's claims** and allow them to proceed on the merits, including discrimination, retaliation, hostile work environment, ADA violations, and whistleblower claims; 5. **Order the resumption of discovery** to allow Plaintiff access to critical evidence unjustly withheld, in accordance with *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 706 F.2d 1488 (7th Cir. 1983); 6. **Schedule an oral hearing** to address the legal errors and clarify any factual disputes; 7. **Award Plaintiff costs and any other just relief** the Court deems appropriate to remedy the prejudice caused by the Magistrate's improper rulings, including attorneys' fees if applicable under relevant statutes; 8. **Consider referral to a different Magistrate Judge** for any future proceedings, to ensure impartiality and maintain the integrity of the judicial process (*Liteky v. United States*, 510 U.S. 540 (1994)); 9. **Grant any further relief** that the Court finds necessary to uphold justice, due process, and equal protection under the law.

Dated this 04TH Day of February, 2025.        Respectfully submitted,

/s/ Tariq Farooq
Tariq Farooq
Plaintiff Pro So
3500 S. Echo Trl Plano TX 75023
Email: brainsurface@yahoo.com
Phone: +1 (214) 498-9888

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was electronically served via ECF and/or Email on each attorney of record or party in accordance on this 04TH day of February, 2025.

Akerman LLP

Attorneys of Record for NUCOR BUSINESS TECHNOLOGY INC. – Defendant No. 1

1300 Post Oak Boulevard

Suite 2300

Houston, Texas 77056

Cary A. Farris

State Bar No. 24011536

Email: cary.farris@akerman.com

John K. Linker

State Bar No. 00785313

Email: john.linker@akerman.com

Ryan C. Krone

State Bar No. 24085750

Email: ryan.krone@akerman.com

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Attorneys of Record for CAPGEMINI AMERICA, INC. – Defendant No. 2

Preston Commons West

8117 Preston Road,

Suite 500

Dallas, TX 75225

John M. Barcus

Texas Bar No. 24036185

Email: john.barcus@ogletree.com

Shaina E. Hicks

Texas Bar No. 24139802

Email: shaina.hicks@ogletree.com

36

Dated this 04TH Day of February, 2025.

/s/ Tariq Farooq
Tariq Farooq
Plaintiff Pro So
3500 S. Echo Trl
Plano TX 75023
Email: brainsurface@yahoo.com
Phone: +1 (214) 498-9888

# Exhibit G

**Findings, Conclusions, And Recommendation Of The United States Magistrate Judge For Defendants' Notice Of Removal Dated April 25, 2024**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ FAROOQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-920-N-BN |
| | § | |
| NUCOR BUSINESS TECHNOLOGY | § | |
| INC. and CAPGEMINI AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tariq Farooq filed a *pro se* lawsuit against his former employer, Defendant Nucor Business Technology Inc. ("Nucor"), and Defendant Capgemini America, Inc. ("Capgemini") in a Dallas County state court, which Nucor removed to federal court, invoking federal question jurisdiction. *See* Dkt. No. 1.

Chief United States District Judge David C. Godbey referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Seven days after removal, Farooq filed Plaintiff's Objections and Response to Defendant's Notice of Removal [Dkt. No. 6], which the Court should construe as a motion to remand under 28 U.S.C. § 1447(c).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the construed motion to remand.

**Legal Standards**

A defendant may remove an action filed in state court to federal court if the

action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." 28 U.S.C. § 1447(c). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

As this statutory text reflects, Section 1447 "differentiates between removals that are defective because of lack of subject matter jurisdiction and removals that are defective for some other reason, e.g., because the removal took place after relevant time limits had expired." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392 (1998) (cleaned up).

So, for removals that are defective based on violations of the removal statute's provisions and limitations – that is, where "removal was improper, [but] the exercise of subject matter jurisdiction was not," *Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456 n.6 (5th Cir. 2013) – "there must be a motion to remand filed no later than 30 days after the filing of the removal notice," but, for "removals that are defective because of lack of subject matter jurisdiction," "remand may take place without such a motion and at any time." *Schacht*, 524 U.S. at 392 (cleaned up; citing 28 U.S.C. § 1447(c)); *accord Baris v. Sulpicio Lines, Inc.*, 932 F.2d

1540, 1543-44 (5th Cir. 1991) ("The plaintiffs have confused improper removal (i.e., lack of removal jurisdiction) with lack of original subject matter jurisdiction. The former is waivable ... the latter is not." (cleaned up)).

## Analysis

As always, the Court must start with jurisdiction. And, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

An alleged federal claim is the jurisdictional basis for removal here. *See* Dkt. No. 1, ¶ 7 ("This action could have originally been brought in federal court as Plaintiff has brought a claim against Nucor pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, as amended, and the Fair Labor Standards Act, each a federal statute.").

But Farooq asserts that "[t]he vast majority of [his] claims arise under Texas statutory and common law, completely independent of any federal issues" and that, while he does cite Title VII and the ADA in his state court petition, Nucor's "reliance on [his] citations to Title VII and the ADA is similarly misplaced. Plaintiff has not asserted any causes of action under these federal statutes. He merely mentions them to support his allegations that Defendant's actions were discriminatory and violated Texas law." Dkt. No. 6 at 15-16; *see also, e.g., id.* at 17 ("Finding federal jurisdiction here merely because the employer is alleged to have violated some federal regulations while mistreating its employees would sweep an enormous volume of quintessential

- 3 -

state law cases into federal court.").

There can be no dispute that "[t]he plaintiff is the master of his complaint. If he chooses to rely solely on state law, he may do so even if his allegations might also support a claim for relief under federal law." *Preston v. Mossbarger*, No. 3:15-cv-1903-N, 2015 WL 4742549, at \*3 (N.D. Tex. Aug. 10, 2015) (quoting *Leach v. Indiana*, No. l:07-cv-1376-DFH-JMS, 2007 WL 4256440 (S.D. Ind. Nov. 30, 2007)); *accord Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001).

And, where the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim," *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), the mere citation to a federal statute in a plaintiff's state court petition absent allegations to support a claim under federal law will not provide for removal jurisdiction under Section 1331.

But a plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removal defendant's burden to show a foundation for a nonfrivolous and not insubstantial violation of federal law. *See, e.g., Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at \*2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that '[t]his is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964,' *Chapman II*, Dkt. No. 1-1, ¶ 4, and then alleged facts to show how Title VII applies to her claims, *see id.*, ¶¶ 6-17. And, by including factual allegations that 'imply the applicability of the [federal] statute' cited in the state court petition, *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at \*5 (S.D. Tex. Sept.

30, 2021), Chapman alleged more than 'the existence of a frivolous or insubstantial federal question,' *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citation omitted), and thereby alleged a basis for jurisdiction under Section 1331."), *rec. adopted*, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023).

That is what Farooq did here. *See, e.g.*, Dkt. No. 1-1 at 4-14 (setting out facts over multiple pages and concluding that "[t]he workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition, including mocking the petitioner's work experience and books" and that "[t]his discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964"). *Compare id.*, *with, e.g.*, *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) ("Hostile work environment is a specific discrimination claim under Title VII," which "prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[, color, religion, sex, or national origin].'" So, "[w]hen a workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." (cleaned up)).

Consequently, Farooq's case was removable under Section 1331. *See Tobacco & Wine, Inc v. Cnty. of Dall.*, 456 F. Supp. 3d 788, 791-92 (N.D. Tex. 2020) ("Whether an action is removable based on federal question jurisdiction is determined by the allegations in the plaintiff's 'well-pleaded complaint' at the time of removal." (citing

*Medina*, 238 F.3d at 680)).

Moving past jurisdiction, Farooq further alleges that "it is important to note that [Capgemini] has not joined or consented to [Nucor's] Notice of Removal." Dkt. No. 6 at 18.

"To effectuate proper removal, 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Bailey v. Blue Cross & Blue Shield of Tex.*, 504 F. Supp. 3d 591, 594 (S.D. Tex. 2020) (quoting 28 U.S.C. § 1446(b)(2)(A)). "This is referred to as the 'rule of unanimity' and requires 'that all defendants to an action either sign the original [notice of] removal or timely file written consent to the removal ... within thirty days of services of the state-court petition.'" *Id.* (quoting *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015)). And "[t]he defendants who remove the case 'bear the burden of establishing compliance with the rule of unanimity.'" *Id.* (quoting *Breitling v. LNV Corp.*, 86 F. Supp. 3d 564, 570 (N.D. Tex. 2015)).

"[T]he failure to join in the removal petition is procedural and 'not a jurisdictional defect.'" *Mauldin v. Allstate Ins. Co.*, 757 F. App'x 304, 309 (5th Cir. 2018) (per curiam) (quoting *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990)). But Farooq has raised this alleged defect in a timely motion. So the Court may consider it as a basis for remand.

"In the Fifth Circuit, a removing defendant's mere representation that the remaining defendants have consented does not, by itself, satisfy § 1446(b)(2)(A)." *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773-M, 2012 WL

5355958, at \*2 (N.D. Tex. Oct. 30, 2012) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); footnote omitted); *see id.* at \*3 (concluding that, "in order to satisfy the Fifth Circuit's demanding interpretation of § 1446(b)(2)(A), defendants must submit their consent to the court within thirty days of being served" because "*Getty Oil* requires more than a written indication of consent from each served defendant; it requires such consents to be 'timely filed' with the court" (emphasis omitted; citing *Getty Oil Corp.*, 841 F.2d at 1262 n.11)).

So Nucor's representation in the notice of removal that "[a]ll defendants have been properly joined and served in the state court action, and join in or consent in the removal of this case to federal court," Dkt. No. 1, ¶ 8, is not itself sufficient to satisfy the unanimity requirement in Section 1446(b)(2)(A) as interpreted by controlling law in this circuit.

But the state court record attached to the notice further reflects – contrary to Nucor's representation – that Capgemini was not properly served in the state court prior to removal. *See* Dkt. No. 1-2 at 2-4; Dkt. No. 1-3 at 3 (reflecting that service was returned unexecuted). *Cf. Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) ("When 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)))).

So Capgemini's consent was not required. *See Bailey*, 504 F. Supp. 3d at 594

("A codefendant who has not been served when the notice of removal is filed need not consent to it." (citing *Getty Oil Corp.*, 841 F.2d at 1261 n.9)).

And, given the record as to proper service (or lack thereof) on Capgemini, the undersigned further finds that Capgemini's April 23, 2024 motion to dismiss [Dkt. No. 10] in which it affirms consent, *see id.* at 8 ("Prior to filing the Notice of Removal, counsel for Nucor sought and obtained Capgemini's consent to removal, and advised the Court (and Plaintiff) of Capgemini's consent in the Notice of Removal." (citation omitted)), would comply with *Getty Oil*'s timely-filed-consent requirement if that requirement does apply here.

That is, if the requirement somehow does apply here, it would follow that written consent filed eight days after removal to federal court is timely filed under *Getty Oil* where the state court record attached to the notice of removal reflects that the consenting defendant had not been properly served prior to removal.

For these reasons, the construed motion to remand should be denied.

### Recommendation

The Court should deny Plaintiff Tariq Farooq's construed motion to remand [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

- 8 -

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 25, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

# Exhibit H

**Findings, Conclusions, And Recommendation Of The United States Magistrate Judge For Defendants' Motions To Dismiss Dated January 22, 2025**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ FAROOQ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-920-N-BN |
| | § | |
| NUCOR BUSINESS TECHNOLOGY | § | |
| INC. and CAPGEMINI AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tariq Farooq filed a *pro se* lawsuit against Defendants Nucor

Business Technology Inc. ("Nucor") and Capgemini America, Inc. ("Capgemini") in a

Dallas County, Texas state court, which Nucor removed, invoking federal question

jurisdiction. *See* Dkt. No. 1.

Chief United States District Judge David C. Godbey referred the removed

lawsuit to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference.

Both Nucor and Capgemini moved to dismiss Farooq's claims under Federal

Rule of Civil Procedure 12(b)(6) and, in the alternative, requested more definite

statements under Federal Rule of Civil Procedure 12(e). *See* Dkt. Nos. 4, 5, & 9-11.

And the parties briefed Defendants' motions. *See* Dkt. Nos. 15, 16, 22, 24, 31, & 36.

Farooq then moved for leave to amend his claims. *See* Dkt. No. 40. And

Defendants responded to the motion for leave. *See* Dkt. No. 47.

The undersigned enters these findings of fact, conclusions of law, and

recommendation that, for the reasons and to the extent set out below, the Court should grant the motions to dismiss, deny the motion for leave to amend, and dismiss this lawsuit.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.,* *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.;* *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal

construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

Rule 12(e) offers an alternative to outright dismissal under Rule 12(b)(6): "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-cv-2410-G, 2017 WL 1281130, at *4 (N.D. Tex. Apr. 6, 2017) ("When a party moves for a more definite statement, 'the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.'" (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959))).

Sufficient notice derives from Rule 8(a)(2), "which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 513.

"Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"And the concept of sufficient or fair notice must be understood consistent with" the pleading requirements as explained in *Twombly* and *Iqbal*, set out above, which require "just 'enough facts to state a claim to relief that is plausible on its face.'" *Rountree v. Fed. Express Dall.*, No. 3:23-cv-1089-N-BN, 2023 WL 4533929, at *2 (N.D. Tex. July 12, 2023) (quoting *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

But Federal Rule of Civil Procedure 16(b)(4)'s good cause standard applies to requests to amend a deadline imposed by the Court and therefore "governs [requests to amend] pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

So, where a scheduling order is implicated, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

And this "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting

*S&W Enters.*, 315 F.3d at 535).

## Analysis

Related to his termination, Farooq brings a variety of claims. Liberally construed, these include discrimination (or disparate treatment) based on race and ethnicity; a hostile workplace, one "charged with discrimination," *Raj v. La. State Univ.*, 714 F.3d 322, 330-31 (5th Cir. 2013) ("A hostile work environment claim … necessarily rests on an allegation that an employer has created a working environment heavily charged with discrimination." (cleaned up)); retaliation; failure to accommodate a disability; and violations of other federal and state laws, *see generally* Dkt. No. 1-1.

When a court applies Rule 12(b)(6)'s standards to a complaint like Farroq's, raising employment-related claims, the complaint "need not contain specific facts establishing a prima facie case of discrimination [or retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Id.* (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment … ; to support a disparate treatment … , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

These two ultimate elements are also required to allege a hostile-work-environment claim. *See, e.g.*, *Jasso v. Midland-Odessa Transit Mgmt., Inc.*, MO:22-CV-00250-DC-RCG, 2023 WL 6474435, at *2 (W.D. Tex. Sept. 19, 2023) ("To survive a motion to dismiss, a plaintiff pleading a claim for hostile work environment must plead two 'ultimate elements': 1) an adverse employment action, 2) taken against a plaintiff because of her protected status." (citing *Cicalese*, 924 F.3d at 767))

"Similarly, for a retaliation claim, a plaintiff only needs to plausibly 'allege facts going to the ultimate elements of the claim to survive a motion to dismiss.'" *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (quoting *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)).

Those "ultimate elements" are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright*, 990 F.3d at 433 (cleaned up).

And, to plead a plausible claim of discrimination under the Americans with

Disabilities Act ("ADA"), a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

And, "[i]n [all these, and related,] context[s], '[a] court ... inappropriately heightens the pleading standard by subjecting a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework in response to a motion to dismiss,'" *Smith*, 2024 WL 4442040, at *4 (quoting *Cicalese*, 924 F.3d at 767).

But a plaintiff's allegations still must be supported by factual content that nudges a claim across the line from possible to plausible.

Farooq's allegations lack this necessary factual content. That is, while his complaint is long on unsupported conclusions, it lacks factual allegations that could allow the Court to infer that any claim he alleges is plausible.

Take one example: Farooq fails to offer facts to show that any disparate treatment or hostile workplace claim is based on a protected status – either his race or ethnicity. That is, while Farooq "alleges discriminatory actions and a hostile work environment based on his ethnicity and religion," Dkt. No. 1-1 at 16, he does not identify acts that could ground such an allegation on unlawful discrimination.

Similarly, Farooq appears to allege an ADA failure-to-accommodate claim on a "medical disability." *Id.* at 12 ("Due to these health issues caused by [Defendants]

and other health issues plaintiff became sick and provided a note from doctor certifying the need for an indefinite work-from-home accommodation based on his medical disability, which [was] denied.").

But such a broad assertion, one not tethered to facts from which the Court can infer how a particular disability affects – i.e., substantially limits – Farooq's life, is not sufficient to allege a plausible claim under the ADA.

That is because "[a] medical condition is not necessarily an impairment, and an impairment is not necessarily a substantial limitation on a major life activity so as to be a disability within the meaning of the ADA." *Carpenter v. Wal-Mart Stores, Inc.*, 614 F. Supp. 2d 745, 764 (W.D. La. 2008).

And, so, "[t]he actual name of a disability is irrelevant; what matters is the effect of [a] disability on an individual's life." *Anderson v. L. Keeley Corp.*, No. 4:22 CV 710 JMB, 2022 WL 3585596, at *2 (E.D. Mo. Aug. 22, 2022) (citing *Albertson's Inc. v. Kirkingburg*, 527 U.S. 555, 566 (1999)).

Farooq also alleges that he was terminated because he was a "whistleblower," presumably in violation of Section 806 of the Sarbanes Oxley Act ("SOX"), referenced at Dkt. No. 1-1 at 17.

To ultimately prevail on a SOX retaliation claim "requires an employee prove by a preponderance of the evidence, that (1) he engaged in protected whistleblowing activity, (2) the employer knew that he engaged in the protected activity, (3) he suffered an adverse action, and (4) the protected activity was a contributing factor in the adverse action." *Wallace v. Andeavor Corp.*, 916 F.3d 423, 426 (5th Cir. 2019)

(cleaned up).

And, while Farooq need not prove such a claim at the pleadings stage, he still must, consistent with the standards set out above, provide factual content to connect his termination to protected whistleblowing activity. He has not. At a minimum, Farooq fails to allege that he reported conduct that violates one of SOX's enumerated statutes. *See, e.g.*, *Crane v. Lithia TO, Inc.*, 612 F. App'x 243, 244 (5th Cir. 2015) (per curiam) ("The district court properly held that Crane failed to state a claim that he engaged in activity protected by the Sarbanes-Oxley Act because he did not plausibly allege he had a reasonable belief that the reported conduct was a violation of federal wire, mail, or securities fraud statutes.").

The Court should therefore grant the motions to dismiss.

As to Farooq's request for leave to amend filed on September 23, 2024, first, it was not timely under the Court's then-applicable scheduling order, *see* Dkt. No. 37, ¶ 3; *see also* Dkt. No. 48 (vacating the pending deadlines in that order as of October 15, 2024), and Farooq fails to demonstrate good cause under Rule 16(b)(4), such that the Court may consider the motion under the standards of Rule 15(a).

But, even if the Court could consider the motion under those standards, Farooq fails to provide a proposed amended pleading, as required by the Court's local rules, *see* N.D. TEX. L. CIV. R. 15.1, so he has not demonstrated that granting leave to amend would not be futile.

The Court should therefore deny the motion for leave to amend.

But the opportunity file objections to these findings, conclusions, and

recommendation (as further explained below) allows Farooq another opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And the Court should dismiss this lawsuit with prejudice if Farooq fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

The Court should grant the motions to dismiss [Dkt. Nos. 4 & 9], deny the motion for leave to amend [Dkt. No. 40], and, unless Plaintiff Tariq Farooq shows through timely objections a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 22, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

# Exhibit I

**Appellant's Notice of Appeal**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **TARIQ FAROOQ** | § | |
| | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:24-cv-920** |
| | § | |
| **NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.** | § | |
| | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |
| | § | |

## <u>NOTICE OF APPEAL</u>

Respectfully submitted,

Tariq Farooq
Plaintiff Pro Se
brainsurface@yahoo.com
3500 S. Echo Trl.
Plano, TX 75023
214-498-9888

**PLAINTIFF'S NOTICE OF APPEAL**  Page 1

**NOTICE OF APPEAL**

Plaintiff, Tariq Farooq, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Final Order of Dismissal entered on February 14, 2025 (Dkt. No. 55) and all prior orders, findings and recommendations, rulings, and decisions issued throughout the pendency of this case, including but not limited to:

a. The Order Accepting Findings, Conclusions, and Recommendation of the Magistrate Judge (Dkt. No. 54, entered February 14, 2025).

b. The Order Granting Defendants' Motions to Dismiss and Denying Plaintiff's Motion for Leave to Amend (Dkt. Nos. 4 & 9, denying Dkt. No. 40).

c. Any and all motions, findings and recommendations, rulings, and orders that affected Plaintiff's rights and claims in this action.

d. Any and all motions, findings and recommendations, rulings and orders entered throughout the pendency of this case that have impacted the final determination.

e. Any and all interlocutory motions, findings and recommendations, rulings and orders that affected Plaintiff's rights and claims in this action.

Plaintiff is indigent and has already filed a Motion to Proceed In Forma Pauperis (IFP) on Appeal Dkt. No. 56, requesting a waiver of the appellate filing fee and all other appeal court costs.

Dated this 27TH Day of February, 2025.         Respectfully submitted,

/s/ Tariq Farooq
Tariq Farooq
Plaintiff Pro So
3500 S. Echo Trl Plano TX 75023
Email: brainsurface@yahoo.com
Phone: +1 (214) 498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was electronically served via ECF and/or Email on each attorney of record or party in accordance on this 27TH day of February, 2025.


Dated this 27TH Day of February, 2025.


/s/ Tariq Farooq
Tariq Farooq

# <u>Exhibit A</u>

## "PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **TARIQ FAROOQ** | § | |
| | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 3:24-cv-920** |
| | § | |
| **NUCOR BUSINESS TECHNOLOGY INC. AND CAPGEMINI AMERICA, INC.** | § | |
| | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |
| | § | |

## PLAINTIFF'S MOTION TO PROCEED IN
## FORMA PAUPERIS ON APPEAL

Respectfully submitted,

Tariq Farooq
Plaintiff Pro Se
brainsurface@yahoo.com
3500 S. Echo Trl.
Plano, TX 75023
214-498-9888

---

PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL                    Page 1

## PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Comes now, Tariq Farooq, Appellant, and moves this Court for leave to proceed in forma pauperis in this appeal. In support of this motion, Appellant states under penalty of perjury that, because of his poverty, he is unable to pay the costs of this proceeding or give security therefor.

In further support of this motion, Appellant states the following:

1. Appellant is unemployed and has no income.

2. Appellant has no assets of significant value.

3. Appellant's monthly expenses exceed his income.

4. Appellant is living on welfare.

5. Appellant is under significant amount of debt.

Attached to this Motion as Exhibit A is Appellant's "FORM 4 AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS" and Exhibit B Plaintiff's Approval of Food Stamp (Food SNAP) Benefits from the Texas Health and Human Services dated November 15, 2024 demonstrating that Plaintiff is currently approved for and living on welfare.

WHEREFORE, Appellant respectfully requests that this Court grant this motion and allow him to proceed in forma pauperis in this appeal.

Dated this 27TH Day of February, 2025.          Respectfully submitted,

/s/ Tariq Farooq
Tariq Farooq
Plaintiff Pro So
3500 S. Echo Trl Plano TX 75023
Email: brainsurface@yahoo.com
Phone: +1 (214) 498-9888

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was electronically served via ECF and/or Email on each attorney of record or party in accordance on this 27ᵀᴴ day of February, 2025.

Dated this 27ᵀᴴ Day of February, 2025.

/s/ Tariq Farooq
Tariq Farooq

# Exhibit A

# "FORM 4 AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS"

# FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

**United States District Court for the _____ District of _____**

_____

**v.**                                      **Case No._____**

_____

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed:_____ | Date:_____ |

**My issues on appeal are:**

**1.     For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.**

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| **Employment** | $_____ | $_____ | $_____ | $_____ |
| **Self-employment** | $_____ | $_____ | $_____ | $_____ |
| **Income from real property (such as rental income)** | $_____ | $_____ | $_____ | $_____ |
| **Interest and dividends** | $_____ | $_____ | $_____ | $_____ |
| **Gifts** | $_____ | $_____ | $_____ | $_____ |
| **Alimony** | $_____ | $_____ | $_____ | $_____ |
| **Child support** | $_____ | $_____ | $_____ | $_____ |
| **Retirement (such as social security, pensions, annuities, insurance)** | $_____ | $_____ | $_____ | $_____ |
| **Disability (such as social security, insurance payments)** | $_____ | $_____ | $_____ | $_____ |
| **Unemployment payments** | $_____ | $_____ | $_____ | $_____ |
| **Public-assistance (such as welfare)** | $_____ | $_____ | $_____ | $_____ |
| **Other (specify):_____** | $_____ | $_____ | $_____ | $_____ |
| **Total monthly income:** | $_____ | $_____ | $_____ | $_____ |

MISC-14

50-4

2.   List your employment history, for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.   List your spouse's employment history, for the past two years, most recent employer first.  (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4.   How much cash do you and your spouse have? $_____
Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial institution | Type of account | Amount you have | Amount your spouse has |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

If you are a prisoner, seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.  If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5.   List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home | (Value) | Other real estate (Value) | Motor vehicle #1   (Value) |
|---|---|---|---|
| | | | Make & year:_____ |
| | | | Model:_____ |
| | | | Registration #_____ |

**MISC-14**

50-5

| Motor vehicle #2    (Value) | Other assets  (Value) | Other assets  (Value) |
|---|---|---|
| Make & year:_____ | _____ | _____ |
| Model:_____ | _____ | _____ |
| Registration #:_____ | _____ | _____ |

6.    State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

7.    State the persons who rely on you or your spouse for support.

| Name (or, if under 18, initials only) | Relationship | Age |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

8.    Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home)<br>    Are real-estate taxes included? ❏ Yes ❏ No<br>    Is property insurance included? ❏ Yes ❏ No | $_____ | $_____ |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $_____ | $_____ |
| Home maintenance (repairs and upkeep) | $_____ | $_____ |
| Food | $_____ | $_____ |
| Clothing | $_____ | $_____ |
| Laundry and dry-cleaning | $_____ | $_____ |
| Medical and dental expenses | $_____ | $_____ |
| Transportation (not including motor vehicle    payments) | $_____ | $_____ |
| Recreation, entertainment, newspapers,    magazines, etc. | $_____ | $_____                MISC-14 |

50-6

| | | |
|---|---|---|
| Insurance (not deducted from wages or included in Mortgage payments) | $_____ | $_____ |
| Homeowner's or renter's | $_____ | $_____ |
| Life | $_____ | $_____ |
| Health | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Other: _____ | $_____ | $_____ |

**Taxes (not deducted from wages or included in Mortgage payments)**

| | | |
|---|---|---|
| (specify): _____ | $_____ | $_____ |
| Installment payments | $_____ | $_____ |
| Motor Vehicle | $_____ | $_____ |
| Credit card (name): _____ | $_____ | $_____ |
| Department store (name): _____ | $_____ | $_____ |
| Other:_____ | $_____ | $_____ |
| Alimony, maintenance, and support paid to others | $_____ | $_____ |
| Regular expenses for operation of business, profession, or <u>farm</u> (attach detailed statement) | $_____ | $_____ |
| Other (specify): _____ | $_____ | $_____ |
| Total monthly expenses: | $_____ | $_____ |

9.  Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

❏ Yes   ❏ No

If yes, describe on an attached sheet.

10.  Have you spent –or will you be spending–any money for expenses or attorney fees in connection with this lawsuit?   ❏ Yes   ❏ No

If yes, how much? $_____

11.  Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

_____

_____

_____

MISC-14

50-8

**12. State the [city and state] of your legal residence.**

_____  _____

Your daytime phone number: (_____) _____

Your age: _____ Your years of schooling: _____

[Last four digits of] your social-security number: _____

**MISC-14**

# Exhibit B

# "Plaintiff's Approval Letter for Food SNAP Benefits from the Texas Health and Human Services"

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029

**TEXAS**
**Health and Human**
**Services**

**Date:**           **11/15/2024**

**Case Number:**     **1041906313**

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability,
call 7-1-1 or any relay service.
**All numbers are free to call.**

TARIQ FAROOQ
3500 S ECHO TRL
PLANO TX 75023-8110

# Notice about your case:

## SNAP Food Benefits

**EDG number: 699452378**

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Tariq Farooq | 12/01/2024 - 05/31/2025 | $ 292.00 |
| Notes:<br><br>Your SNAP benefits will be available by the 22nd of each month. (If this is your first time getting benefits, you may get them early for the first few months.) | | |

| Who can't get SNAP Food Benefits | |
|---|---|
| Name | Date |
| Tariq Farooq | 11/03/2023 |
| Reason:<br><br>You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001, 7 CFR 273.10)<br>The money you get is more than allowed by program rules. - (TW B-471, 1 TAC 372.408, 7 CFR 273.9) | |
| Notes:<br><br>Monthly Income Limit for Your Household Size - EDG Number: 699452378<br>November 2023 - $ 2005.00 | |

**Form TF0001**
04/2024

Page 1 of 2


**TEXAS**
Health and Human
Services

# Other help you can get and your rights:

**www.YourTexasBenefits.com**

Go to this website to view your case, report changes to your case, renew benefits, order or print a Medicaid card, see items we need from you, upload files we need from you, and find out if we got items you sent us.

For help or questions about your Lone Star Card account, call 1-800-777-7328 (7EBT).

## Questions about your case or this form?

Go to www.YourTexasBenefits.com. Or call 2-1-1 (or 1-877-541-7905).  After you pick a language, press 2.

## Women who can't get Medicaid or CHIP:

Women age 15 to 44 who can't get Medicaid or CHIP might be able to get services in the Healthy Texas Women program. A Parent or legal guardian must apply for young women age 15 to 17. To learn more, go to HealthyTexasWomen.org or call 1-866-993-9972.

## Notice to those who work for themselves (self-employed):

A person is self-employed if they either: (1) own a business, or (2) work for someone who doesn't take out taxes. Self-employed people must keep detailed records of the money they make.  When they apply or re-apply for benefits, they must show records like bills, receipts, checks, and pay stubs.

## If you have a complaint:

Call 2-1-1 or 1-877-541-7905 (after you pick a language, press 2).  If you still need help, call the Office of the Ombudsman at 1-877-787-8999.  All numbers are free to call.

## Your right to be treated fairly:

If you think you have been treated unfairly (discriminated against) because of race, color, national origin, age, sex, disability, political beliefs, or religion, you can file a complaint. Contact us by:

**Mail:** Texas Health and Human Services
Civil Rights Office

701 W. 51st St.
MC W-206
Austin, TX 78751

**Phone:**
1-888-388-6332
**Fax:**
(512) 438-5885
**Email:**
**HHSCivilRightsOffice@hhsc.state.tx.us**

You can also file a complaint with the U.S. Department of Health and Human Services (US DHHS) Office for Civil Rights (OCR):

**Phone:**
800-368-1019
800-537-7697(TTY)

**Email:**
OCRComplaint@hhs.gov

If you are applying for SNAP or get SNAP and you have been treated unfairly (discriminated against) you also can contact the USDA:

**Mail:**  U.S. Department of Agriculture
Office of the Assistant Secretary for Civil Rights
1400 Independence Ave., SW
Washington, D.C. 20250-9410

**Fax:**
(202) 690-7442

**Email:**
**program.intake@usda.gov**

**Form TF0001**
04/2024

Page 2 of 2



## Your right to appeal:

If you think any action on your case is wrong, you can ask for a hearing to appeal.  A hearing is a chance for you to tell a hearing officer the reasons you think the action is wrong.  The hearing officer will decide if the right action was taken.

If you want a hearing, you must ask for it within 90 days of the date of this letter or the start date of the action, whichever comes later.  If you are given a hearing, you can speak for yourself, or you can have a family member, friend, or lawyer speak for you (see below for free legal services).  If you need an interpreter for your hearing, we can get you one at no cost.

## Benefits during appeal:

You can get benefits while you wait for a hearing if: (1) you ask for a hearing within 13 days of the date of this letter, and (2) you are getting benefits when you ask for a hearing.  If you lose the appeal, you might have to pay back benefits you got while waiting for the hearing.

## How to appeal:

The fastest way to ask for a hearing to appeal is by calling 2-1-1 (or 1-877-541-7905). After you pick a language, press 2. If you have a hearing or speech disability, call 7-1-1 or any relay service. All numbers are free to call.

If you aren't able to call 2-1-1, you can ask for a hearing by either sending us a letter or going to an HHSC benefits office near you. If you send us a letter, you will need to include your: (1) full name, (2) case number, (3) address, and (4) phone number, if you have one. Mail the letter to: Texas Health and Human Services Commission, PO Box 149027, Austin, Texas 78714-9027.

**For free legal services, contact:**    LEGAL AID OF NORTHWEST TEXAS - MCKINNEY OFFICE
901 NORTH MCDONALD STREET, STE 702
MCKINNEY TX 75069

**Phone:**    866-511-8018

**Form TF0001 Appeal**
01/2024

This page intentionally left blank

Texas Health and Human
Services Commission

# Report of Change

You must report changes to your case within 10 days of the change.

> **You can report changes online at www.YourTexasBenefits.com.**

☐ **1. Families who get TANF must report changes in:**

- Address.
- Source of household earned and unearned income.
- Amount of unearned income.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $1,000 for TANF and $2,000 for Adult Medicaid households.
- Termination of pregnancy.
- Receipt of or change in a resource that may provide payment for medical services. This includes getting or changing health insurance coverage, or getting a settlement payment from an insurance or accident claim.
- Address, job, or other information related to an absent parent.
- Citizenship or immigration status.

☐ **2. Everyone who gets Medicaid or CHIP benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- Anyone moved in or out of their home.
- They get more money.
- They get money from a different person or job.
- The number of hours they work changes.
- Their pregnancy ends. This includes when and how their pregnancy ended. Proof is not required when reporting changes about pregnancy.
- There's a change in getting health insurance.
- (The following is needed only if the person gets Medicaid and: (1) is 65 or older, or (2) has a disability.) They buy, get as a gift, or sell things such as: car, truck, boat, motorcycle, home, property, insurance policy, stocks, or bank accounts.
- (The following is needed only if the person gets Medicaid or CHIP and: (1) is 64 or younger, or (2) doesn't have a disability.) There's a change in the people they will claim or plan to claim as tax dependents on their next tax return.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.

☐ **3. Everyone who gets Healthy Texas Women benefits must report changes if:**

- Their address changes.
- They no longer live in Texas or are planning to leave Texas.
- They become pregnant.
- They receive health insurance that covers family planning services or get help for paying for medical services. This can include a settlement payment from an insurance or accident claim.
- They no longer want to get this type of coverage.
- Their citizenship or immigration status change.
- Any lottery or gambling winnings greater than $80,000.

☒ **4. SNAP Streamlined Reporting (SR) households must report changes in:**

- The amount of money everyone on your case gets each month before taxes are taken out, if it becomes $1632.00 or more. Right now, we show the amount everyone on your case gets each month before taxes are taken out is $0.00.

☐ Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☒ **5. SNAP Non-Streamlined Reporting households must report changes in:**

- Address.
- Housing cost at a new address  (rent, home payment, home tax and insurance, water, sewer, electricity, gas, phone,other). Tell us as soon as you know there will be changes to these costs. Don't wait to get your new bills to tell us.
- Source of household earned and unearned income.
- The legal obligation to pay child support.
- The number of people in your household.
- Receipt of a car or other licensed vehicle purchased by your household or received as a gift.
- Wage rate or status (full-time to part-time or vice versa as defined by the employer).
- Any unearned income greater than $125 per month.
- The total amount of your resources, such as money in bank or savings accounts, stocks, bonds, or cash, when the total goes over $5,000.

☐ Able Bodied Adult without Dependents (ABAWD). Work or participation hours fall below an average of 20 hours per week. This includes all employment and self-employment income and any hours that count toward the work requirement.

- Any lottery or gambling winnings greater than $4,250.

☐ **6. SNAP Combined Application Project (SNAP-CAP) households must report changes in address.**

When you report a change, you might need to give us proof of the change. To give us proof, you can:  (1) upload your files showing proof on www.YourTexasBenefits.com, or (2) give us copies of items showing proof when you give us this form.

Another person can report changes for you. You can ask for a receipt for your change report.

Your advisor can explain what type of proof of the change is required.

Reporting these changes is a way to make sure your household receives all the benefits it is entitled to. **If you withhold any information or give false information about changes you are required to report, you will owe us the value of any extra benefits you received as a result, and you may also lose some deductions. You also may be barred from receiving SNAP food benefits for one year to permanently, and be fined $250,000, imprisoned for 20 years, or both. A member of your household will never be able to get SNAP food benefits again if they are found guilty in a court of law of:**

- **buying or selling firearms, ammunition, or explosives in exchange for SNAP food benefits, or**
- **illegally buying, selling, trading, or redeeming $500 or more in SNAP food benefits.**

Texas Health and Human
Services Commission

# Report of Change

| Name | Case Number | Date |
|------|-------------|------|
| Tariq Farooq | 1041906313 | 11/15/2024 |

Your household is responsible for reporting changes to this office within 10 days. You are required to report changes based on your reporting requirements listed on Page 1.

Give the date of each change and an explanation of the change. Attach  proof of the change(s).

_____    _____

_____    _____

_____    _____

_____    _____

How long do you expect the change to last?

_____

**X** _____    _____    _____

Signature-Person Reporting Change    Date    Phone No. of Person Reporting Change

You can report changes one of the following ways:

- Go to: www.YourTexasBenefits.com
- Call toll-free: 2-1-1 or  877-541-7905.
  After you pick a language, press 2.
- Fax this form to: 877-447-2839.
- Mail this form to:
  Texas Health And Human Services Commission
  PO Box 149024
  Austin, TX 78714-9024

_____    _____

Signature - Representative Receiving
Report of Change    Date

Form H1019
10/2023    T-H1019-0822832480



Page 3

Case 3:24-cv-00920-N-BN    Document 57    Filed 02/27/25    Page 28 of 28    PageID 1284

## Signing up to vote

Applying to register or declining to register to vote will not affect the amount of assistance that you will be provided by this agency.

**If you are not registered to vote where you live now, would you like to register to vote today?**  ☐ Yes  ☐ No

IF YOU DO NOT CHECK EITHER BOX, YOU WILL BE CONSIDERED TO HAVE DECIDED NOT TO REGISTER TO VOTE AT THIS TIME. If you would like help in filling out the voter registration application form, we will help you. The decision whether to seek or accept help is yours. You may fill out the application form in private. If you believe that someone has interfered with your right to register or to decline to register to vote, or your right to choose your own political party or other political preference, you may file a complaint with the Elections Division, Secretary of State, PO Box 12060, Austin, TX 78711. Phone: 800-252-8683.

With a few exceptions, you have the right to request and be informed about the information that the Texas Health and Human Services (HHSC) obtains about you. You are entitled to receive and review the information upon request. You also have the right to ask HHSC to correct information that is determined to be incorrect (Government Code, Sections 552.021, 552.023, 559.004). To find out about your information and your right to request correction, contact your local eligibility determination office.

The information provided on this form will be subject to verification of federal, state and local offices. **If any is found inaccurate, you may be denied SNAP food benefits, be subject to criminal prosecution for knowingly providing false information (or both).**

**Anyone buying or selling controlled substances (illegal drugs or certain drugs for which a doctor's prescription is required) in exchange for SNAP food benefits will not be able to get SNAP food benefits for two years for the first offense and permanently for the second offense. Anyone who gives false information to receive SNAP food benefits more than once in a month may be barred from the SNAP food benefits for 10 years.**

| **Agency Use Only: Voter Registration Status** |
| --- |
| ☐ Already registered  ☐ Client declined  ☐ Agency transmitted  ☐ Client to mail  ☐ Mailed to client  ☐ Other |
| Agency staff signature _____ |