# Case No. 25-10344

---

## *IN THE UNITED STATES COURT OF APPEALS*
## *FOR THE FIFTH CIRCUIT*

---

TARIQ FAROOQ,

*Plaintiff - Appellant*

v.

NUCOR BUSINESS TECHNOLOGY INC.
and
CAPGEMINI AMERICA, INC.,

*Defendants - Appellees*

---

On Appeal from the United States District Court for the Northern District of Texas,

Dallas Division Civil Action No. 3:24-CV-920-N,  The Hon. David C. Godbey, Presiding

---

# OPENING BRIEF OF APPELLANT

---

Respectfully submitted,

Tariq Farooq
Appellant, *Pro Se*
3500 S. Echo Trl.
Plano, TX 75023
(214) 498-9888
brainsurface@yahoo.com

## CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.   **Plaintiff-Appellant:** Tariq Farooq

2.   **Defendants-Appellees:** Nucor Business Technology, Inc.; Capgemini America, Inc.

3.   **Counsel for Defendants-Appellees:** Akerman LLP (for Nucor); Ogletree, Deakins, Nash, Smoak & Stewart, P.C. (for Capgemini).

The undersigned is unaware of any additional persons or entities with a financial interest in this appeal within Rule 28.2.1.

/s/ *Tariq Farooq*
Tariq Farooq

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Tariq Farooq respectfully requests that oral argument be heard on this appeal. As demonstrated by the arguments below, this case involves several matters of federal law that are of first impression, and some of those issues are complex. This appeal presents recurring, outcome-determinative questions of law concerning (1) the **rule of unanimity** under 28 U.S.C. § 1446(b)(2)(A) and Fifth Circuit precedent (*Getty Oil*; *Kerwood*; *Powers*), and (2) the district court's entry of **with-prejudice dismissal** while **denying leave to amend** after **abruptly suspending discovery** and **deferring** a pending amendment motion—contrary to *Foman*; *Great Plains*; *Hart*; *Stripling*. Argument will materially aid the Court.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS........................................................2

STATEMENT REGARDING ORAL ARGUMENT................................................3

TABLE OF CONTENTS ........................................................................................4

INDEX OF AUTHORITIES...................................................................................8

JURISDICTIONAL STATEMENT .....................................................................13

INTRODUCTION ................................................................................................13

ISSUES PRESENTED..........................................................................................14

STATEMENT OF THE CASE..............................................................................16

   Nature of the Case.............................................................................................16

   EEOC & Right-to-Sue ......................................................................................18

   Service..............................................................................................................18

   Removal ............................................................................................................18

   The Flawed Remand Decision..........................................................................19

      Remand Ruling..............................................................................................19

   Discovery Suspension and Amendment Deferral..............................................21

      Scheduling / Discovery / Amendment............................................................21

      With-Prejudice Dismissal...............................................................................21

   IFP Certification Error .....................................................................................22

   Procedural Timeline..........................................................................................22

STATEMENT OF THE FACTS............................................................................24

   I. Undisputed Procedural Facts.........................................................................24

II. The Court's Internal Inconsistency ...................................................25

III. The Procedural Catch-22 ..............................................................25

IV. Facts Supporting Leave to Amend ................................................26

SUMMARY OF THE ARGUMENT ......................................................26

Fatal Lack of Unanimity – Defective Removal ..................................27

No Retro-Cure ......................................................................................27

Leave to Amend ...................................................................................28

Rule-12 Handling .................................................................................28

Internal inconsistency - Violation of Law of The Case Doctrine ........28

IFP .......................................................................................................29

Summary ..............................................................................................29

ARGUMENT AND AUTHORITIES ....................................................30

I. Standard of Review ..........................................................................30

II. Removal/Unanimity/Jurisdiction ....................................................34

 A. De Novo .....................................................................................34

 B. Denial of leave to amend: Abuse of discretion ..........................34

 C. Not a Summary Case .................................................................34

 D. Timeliness and filing matter ......................................................35

III. Motion to Dismiss Standard ..........................................................35

IV. Liberal Construction for Pro Se ....................................................39

 A. *Erickson* mandates liberal construction to do substantial justice ........39

 B. All subsequently filed materials must be considered as amendments ........40

V. Removal was defective: Admission Issue & Capgemini was uncontrovertibly served pre-removal and never filed its own timely, unambiguous written consent ........................................................................................41

 A. Admission Issue - An independent procedural defect that underscores strict construction and the failure of unanimity .......................................46

B. Controlling Law on Unanimity ........................................................49

C. The Court Made Two Impermissible Leaps ....................................50

D. Strict Construction and Burden Confirm Remand ........................55

E. Defendants' factual assertions were unverified attorney argument—not evidence—and cannot carry their burdens ....................................56

VI. A merits brief's historical past-tense recital of a referenced consent cannot substitute for a timely, docket-filed consent from the served defendant ..............58

A. *Getty*'s Unambiguous Requirements .............................................58

B. *Caterpillar* Inapplicable ...............................................................59

C. No Diversity Safety Net .................................................................59

VII. Denying first leave to amend and dismissing with prejudice—after suspending discovery and deferring amendment—was an abuse of discretion ...60

A. The Impossible Sequence ...............................................................60

B. Defendants Requested Less Drastic Alternatives ...........................61

C. No *S&W* Analysis for Post-Deadline Amendment .......................62

D. Cumulative Procedural Catch-22 ...................................................62

E. "No PFAC attached" is not "futility": Rule 15 favors amendment; futility must be a substantive showing under Rule 12(b)(6) .......................63

F. Record Support That This Case Is Evidence-Backed, Not "He-Said/She-Said" ................................................................................................67

G. Procedural fairness (Due Process principles) ................................69

VIII. Law-of-the-Case Violation Requires Reversal ................................69

A. The Doctrine ..................................................................................69

B. The April 25, 2024 Finding ...........................................................70

C. No Intervening Changes ...................................................................71

D. The January 22, 2025 Reversal ..........................................................72

IX. Rule 12 Errors Regarding EEOC Materials ....................................74

X. § 1367(c) Alternative Remedy ...........................................................74

XI. § 1915/FRAP 24 Certification Error ...............................................75

   A. Legal Standards ...........................................................................75

   B. No Reasons Given .......................................................................75

   C. Non-Frivolous Issues Present ......................................................76

XII. Appellant's Disabilities ...................................................................76

CONCLUSION .........................................................................................77

CERTIFICATE OF SERVICE ................................................................79

CERTIFICATE OF COMPLIANCE ........................................................80

## INDEX OF AUTHORITIES

***Cases*:**

*Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)..................56

*Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ......................................................70

*Aucoin v. Gulf S. Pipeline Co.*, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004)
.................................................................................................................................55

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997)......................................... 32, 77

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007) ..............................30

*Blankenship v. Buenger,* No. 15-50974, 5 (5th Cir. Jun. 28, 2016) .........................32

*Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)...............................................63

*Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S.
1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).....................................................44

*Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982) ..............................................64

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73–77 (1996)..............................................55

*Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th
Cir. 1985) ..............................................................................................................60

*Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D.
Tex. Aug. 25, 2023)...............................................................................................72

*Chhim v. UT Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ....................30

*Chicago, Rock Island, Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct.
854, 855, 44 L.Ed. 1055 (1900).............................................................................49

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).... 30,
57, 70, 75

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)........ 40, 44

*Coppedge v. United States*, 369 U.S. 438, 445 (1962) ...................................... 32, 77

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)....................57

*Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015)................64

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–99 (5th Cir. 1981)...............63

*Eason v. Thaler, 14 F.3d 8*, 9–10 (5th Cir. 1994) .............................................. 31, 60

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007).........................................................39

*Foman v. Davis*, 371 U.S. 178 (1962)........................................................ 60, 63, 64

*Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003)...........56

*Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) 29, 41, 44

*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 & n.11 (5th Cir. 1988) ................................................................................................. 29, 43, 47

*Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982)....................45

*Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773-M , 2 (Oct 30, 2012) ................................................................................................. 42, 48, 55

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002) ..............................................................................................................63

*Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002) .... 30, 60

*Groendyke Transportation, Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)......13

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) ...............................33

*Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL 4503013, at *5 (S.D. Tex. Sept. 30, 2021)....................................................................................72

*Hart v. Bayer Corp.*, 199 F.3d 239, 248 & n.6 (5th Cir. 2000)................................63

*Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983)............................. 32, 40, 77

*Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) ...................................72

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).... 30, 57, 75

*Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) ...........66

*Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005) ........... 30, 60

*Kaiser Aluminum Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983...44

*Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) .................. 51, 53

*Kersh v. Derozier*, 851 F.2d 1509, 1511–12 (5th Cir. 1988)....................................45

*Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993)...........................................31

*Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991)..............................................31

*Lowrey v. Texas AM University System*, 117 F.3d 242, 247 (5th Cir. 1997)............44

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ...................................................................................................... …47, 55, 56

*Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).......................................................70

*McNeil v. United States*, 508 U.S. 106, 113 (1993)...................................................33

*Miller v. Stanmore*, 636 F.2d 986, 992 (5th Cir. 1981) .................................... 33, 40

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831–32 (1989)................55

*O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991) ...................................................................................................................60

*Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) ............................................75

*Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015)29, 35, 40, 43, 47, 49, 57

*Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002).............................75

*Priester v. Lowndes County,* 354 F.3d 414, 418-19 (5th Cir. 2004) ........................35

*Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citation omitted)................................................................................................72

*S&W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 536–38 (5th Cir. 2003) ...................................................................................................... ……32, 62, 70

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970))....................75

*Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).............................57

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)......................44

*Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972)) .......................75

*Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 ........................................ 31, 60, 63

*Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976) ...............................................40

*United States v. Raddatz*, 447 U.S. 667, 673–76 (1980)...........................................31

*United States v. Wilson*, 864 F.2d 1219, 1221–22 (5th Cir. 1989)...........................31

*Wright v. El Paso County Jail,* 642 F.2d 134, 135 n.1 (5th Cir. 1981) ....................39

*Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984)..............................................64

***Statutes & Rules***:

§ 1331 .......................................................................................................................60

§ 1447(c), ..................................................................................................................56

§ 1746.......................................................................................................................58

28 U.S.C. § 1291 ......................................................................................................12

28 U.S.C. § 1446(b)(2)(A) ............................................................. 3, 41, 52

28 U.S.C. § 1653 ......................................................................................................56

28 U.S.C. § 1746 ......................................................................................................57

28 U.S.C. § 636(b)(1)...............................................................................................32

5th Cir. R. 47.5.1 ......................................................................................................14

Fed. R. Civ. P. 10(c) ....................................................................................... 71, 76

Fed. R. Civ. P. 11(a) ....................................................................................... 17, 48

Fed. R. Civ. P. 12(h)(1) ...........................................................................................46

Fed. R. Civ. P. 61............................................................................... 34, 63, 71, 72

Fed. R. Civ. P. 72(b)(3) ................................................................................... 32, 34

Fed. Rule Civ. P. 8(f)................................................................................................40

Federal Rule of Civil Procedure 12(b)(6) ................................................................45

FRCP Rule 12............................................................................................................14

LR 83.7/83.9 ..................................................................................................... 48, 49

N.D. LR 83.7..............................................................................................................47

N.D. LR 83.7/83.9 ................................................................................................48

N.D. Tex. L. Civ. R. 15.1 ....................................................................................66

N.D. Tex. LR 83.7, 83.9 .......................................................................................48

Rule 11(a) ..................................................................................................... 48, 49

Rule 12(b)(5) .......................................................................................................46

Rule 12(b)(6) ............................................................................................ 31, 36, 45

Rules 12(b)(1) and 12(b)(6) ................................................................................33

Section 1446(b)(2)(A) ..................................................................................... 27, 49

Title VII of the Civil Rights Act of 1964 ............................................................73

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over the district court's final judgment under **28 U.S.C. § 1291**. Final judgment entered **Feb. 14, 2025** (Final Judgment, Doc. 55; ROA.1234). Appellant timely noticed appeal on **Feb. 27, 2025** (Notice of Appeal, Doc. 57; ROA.1253).

The case was removed on federal-question grounds (Notice of Removal, Doc. 1; ROA.9–12).

## INTRODUCTION

This appeal turns on strict enforcement of the removal statutes and a meaningful chance to amend. Farooq filed EEOC charges and then sued in state court; Appellees removed **without Capgemini filing its own timely, written consent** even though Capgemini had been served. The magistrate first recognized *Getty*'s unanimity rule, then resolved a service dispute **against remand** and treated a **past-tense narrative in a merits brief** as if it were a filed consent—contrary to § 1446(b)(2)(A) and this Court's cases. The district court then **vacated discovery**, **deferred** Farooq's amendment motion while directing Appellees not to respond, and **dismissed with prejudice** for supposed lack of detail—despite both defendants requesting the **less-drastic Rule 12(e) repleader** and an earlier FCR

noting Farooq had alleged **pages of facts**. The result is a procedural catch-22 that denies due process. The questions presented are substantial and recurring: (1) whether an after-the-fact narrative can satisfy *Getty*'s requirement of a **timely, defendant-filed** consent when a served co-defendant filed none; and (2) how courts should resolve **service conflicts** given the **remover's burden** and the rule that **doubts favor remand**. The Court should reverse, enforce strict unanimity, and, at minimum, vacate and remand with instructions to permit amendment.

## ISSUES PRESENTED

1.      **Unanimity/Consent (De Novo).** Whether removal failed where Capgemini, having been served pre-removal, did not file its own timely written explicit consent as per 28 U.S.C. § 1446(b)(2)(A) and this Court's decisions in *Getty Oil*, *Doe v. Kerwood*, and *Powers* require; and whether the court improperly resolved a service conflict against remand.

2.      **No Retro-Cure (De Novo).** Whether Capgemini's post-removal merits brief narrating reference to Nucor's Notice of Removal*, wherein the unanimity consent requirement rejected by the magistrate in his Remand FCR*, that consent was "sought and obtained" **in the past tense** can satisfy *Getty*'s requirement of a timely, defendant-filed consent where Appellant timely invoked § 1447(c).

3. **Leave to Amend / With-Prejudice Dismissal after Suspended Discovery (Abuse of Discretion; de novo on futility).** Whether the court abused its discretion by **vacating discovery** and **deferring** amendment, then **denying leave** and dismissing **with prejudice** at Rule 12 without Rule 16(b)(4) findings (if viewed post-deadline) and despite both defendants' Rule 12(e) repleader alternatives based on unsworn defendants' unverified motions for a **pro se petitioner**.

4. **Rule-12 Handling of EEOC Materials / Charge Scope (De Novo).** Whether the court erred by discounting incorporated EEOC materials and narrowing charge scope contrary to Rule 10(c), *Collins*, and this Court's liberal charge-scope standard (*Pacheco*; *Sanchez*), given the complaint's references and reliance

5. **Law-of-the-Case / Internal Inconsistency (De Novo / Abuse of Discretion).** Whether the court departed from its earlier characterization of the same complaint—recognizing "pages of facts" and non-frivolous Title VII theories—by later contradicting and labeling the same pleading (unchanged facts) "conclusory" and denying leave **with prejudice** without **any intervening change** in law or facts (discovery suspended; amendment deferred) contrary to the **law-of-the-case doctrine** and its limited exceptions.

**6.**      **§ 1915/FRAP 24 (Abuse of discretion).** Whether the district court's certification under **28 U.S.C. § 1915(a)(3)** and **FRAP 24(a)(3)(A)** that this appeal is **"not taken in good faith"**—issued without reasons tailored to the appellate issues and despite at least one **non-frivolous** issue (**unanimity,leave to amend**)—should be vacated.

**7.**      **(De Novo / Defective Removal due to Non-Admission / Strict Construction of Removal Statutes).** Whether removal was procedurally defective where Nucor's Notice of Removal (Doc. 1; ROA.9–12) was signed "/s/ Cary A. Farris" even though the court later found Mr. Farris was not admitted to practice in the Northern District of Texas as of filing contrary to Fed. R. Civ. P. 11(a) and N.D. Tex. Local Rule 83.7 and; at a minimum, whether this defect reinforces strict construction of removal papers and the refusal to credit a co-defendant's "consent" assertion in lieu of a timely, filed consent by Capgemini under *Getty*.

## STATEMENT OF THE CASE

**Nature of the Case**

Plaintiff is a **protected internal whistleblower** and **Title VII claimant** who alleges severe **economic losses**, **emotional distress**, and **reputational harm** caused by coordinated misconduct of Nucor and Capgemini. The Original Petition

pleads the following causes of action (Title VII/ADA theories plus related state-law claims):

**(1)** Discrimination and retaliation;

**(2)** Hostile work environment/harassment;

**(3)** ADA violations;

**(4)** Compliance/business-practices violations;

**(5)** Mental anguish/health harms;

**(6)** Tortious interference (Capgemini);

**(7)** Intentional infliction of emotional distress;

**(8)** Psychological abuse/long-term trauma;

**(9)** Retaliation & workplace retribution; and

**(10)** Wrongful termination/Financial Abuse

(see Doc. 1, Original Petition,14–53).

This appeal, however, turns on **legal** errors in **removal/unanimity** and **dismissal/leave to amend**, not fact disputes.

**EEOC & Right-to-Sue**

EEOC after due investigation filed charges against Nucor and Capgemini on **Feb. 13, 2024**, and the EEOC issued Right-to-Sue notices to Appellant on **Mar. 18, 2024** (see Doc. 53, App'x index at ROA.971–972, 1014–1021,1081–1088); (also see Doc. 11, 284–288) – **the EEOC charges alone defeat the Magistrate lack of plausibility assertion in current or future amended complaint**.

**Service**

Capgemini was served by **USPS certified mail** on its registered agent (CSC) **on Apr. 1, 2024**, as shown in Appellant's record exhibits (**ROA.364, 370–371, 971–1232**) – **Capgemini did not dispute or preserve error regarding the USPS certified mail service to its agent on Apr 1, 2024**; delivery is confirmed and reiterated in Appellant's later-filed record materials (Objections/App'x, Doc. 50 & Doc. 53; ROA.686–971, 971–1232). A separate and independent constable's attempt was returned unexecuted after several attempts due to service evasion by Capgemini (state-court return attached to removal; Doc. 1-2/1-3;ROA.61–62) .

**Removal**

On **Apr. 15, 2024**, Nucor filed a Notice of Removal on federal-question grounds and represented that "all defendants ... join in or consent" (Notice of

Removal, Doc. 1; ROA.9–12, ¶8 at ROA.10). No document **filed by Capgemini** within 30 days indicates **lack of Capgemini's own consent**. On **Apr. 23, 2024**, Capgemini filed a motion and brief; the **brief** recited **in the past tense** that Nucor "sought and obtained Capgemini's consent ... and advised the court in the Notice of Removal," but Capgemini did **not** file a standalone notice of consent or joinder (Capgemini Brief, Doc. 10; ROA.260; Capgemini MTD, Doc. 9; ROA.249).

**The Flawed Remand Decision**

**Remand Ruling**

**Apr. 25, 2024**, the magistrate judge issued an FCR acknowledging that *Getty* requires each served defendant to **timely file** consent and that Nucor's boilerplate was **insufficient** (Remand FCR, Doc. 18; ROA.351–353). The FCR then **erroneously concluded Capgemini's consent was unnecessary because Capgemini was unserved (relying on the constable return) but disregarding the USPS Certified Mail service to Capgemini's Agent on April 1 2024**, and added that, if consent were required, Capgemini's **Apr. 23 brief** would suffice (id.). On Apr. 25, 2024, the magistrate judge issued an FCR acknowledging that Getty requires each served defendant to timely file consent and that Nucor's boilerplate was insufficient (Remand FCR, Doc. 18; ROA.346). The FCR then erroneously concluded Capgemini's consent was unnecessary because Capgemini was unserved

(relying on the constable return) but disregarding the USPS Certified Mail service to Capgemini's Agent on April 1 2024, and added that, if consent were required, Capgemini's Apr. 23 brief would suffice (id.). The district judge adopted the recommendation on May 31, 2024 (Order, Doc. 33; ROA.567).

The magistrate **correctly** recited the unanimity rule and **correctly** held that Nucor's boilerplate was **insufficient** under *Getty*. But he then made two critical errors:

### 1. Service Error

He concluded Capgemini's consent **was not required** because a **constable return** showed non-service, while **disregarding Appellant's USPS certified mail service proof** showing delivery to CSC on **April 1, 2024** *a full 15 days ahead of the notice of removal*.

### 2. Consent Error

He added that **even if** consent were required, Capgemini's **April 23 brief** "affirmed consent" and would satisfy *Getty* and treated Capgemini's **Apr. 23** merits brief's **past-tense narrative** (**ROA.260**) as sufficient if consent were otherwise required, notwithstanding *Getty*. Moroever, Capgemini was well within its 30 days on April 23, 2024 (Motion to Dismiss, Doc. 10; ROA.253) and could have **filed a**

*simple unequivocal consent* **while it was still within 30 days of being served on April 1, 2024 but** <u>failed</u> **to do so** - instead Capgemini relied on Nucor's April 15, 2024 Notice of Removal boilerplate consent (Doc. 1; ROA.9) in **past tense**, *which the magistrate had already correctly rejected* in his FCR on April 25, 2024. <u>This clear consent</u> **defect** <u>creates open</u> **doubt** <u>in the consent which</u> **mandates remand**.

**Discovery Suspension and Amendment Deferral**

### Scheduling / Discovery / Amendment

After an initial scheduling order set discovery through **Feb. 5, 2025** (see docket index; Initial Scheduling Order, Doc. 37), the court on **Oct. 15, 2024 abruptly suspended and vacated all remaining deadlines**, **denied** Plaintiff's pending discovery motions **without prejudice**, **deferred** the motion to amend into the forthcoming FCR, and directed that Defendants **need not respond to discovery** (Order, Doc. 48; ROA.672–673).

### With-Prejudice Dismissal

On **Jan. 22, 2025**, the court recommended granting both Rule 12(b)(6) motions, **denying leave**, and dismissing **with prejudice** (MTD/Leave FCR, Doc. 49; ROA.674–685) creating **impossible barriers** for appellant. The district judge

adopted the FCR on **Feb. 14, 2025** (Order Accepting FCR, Doc. 54; ROA.1233) and entered **Final Judgment** (Doc. 55; ROA.1234).

**IFP Certification Error**

**1. IFP**

The court granted IFP at the outset (Doc. 7; ROA.243); (Doc. 17; ROA.345). Appellant later moved to proceed IFP on appeal (Doc. 56; ROA.1235) on unchanged facts. On **Mar. 31, 2025**, the court **denied** appellate IFP and certified **"not in good faith,"** citing the FCR (IFP Denial, Doc. 59; ROA.1295). Appellant timely noticed appeal (Doc. 57; ROA.1253).

**2. Preservation**

Each issue above was raised in timely objections or motions below (see Doc. 50; ROA.686–971; Doc. 51–52; ROA.934–938).

**Procedural Timeline**

• **Mar. 18, 2024** — EEOC Right-to-Sue letters (see Doc. 53, App'x index at **ROA.971–972, 1014–1021,1081–1088); (also see Doc. 11, 284–288)**.

• **Apr. 1, 2024** — USPS delivery to CSC (Capgemini) (**ROA.364, 370–371,971–1232**).

• **Apr. 15, 2024** — Notice of Removal; defective unanimity filed only by Nucor's lead counsel who was not authorized to practice in the US Northern District as per Local Rules  (**ROA.9–12 (¶8 at 10)**).

• **Apr. 23, 2024** — Capgemini MTD/brief; **past-tense** defective "consent was obtained" within a Motion to Dismiss (**ROA.249,260**).

• **Apr. 25, 2024** — FCR: boilerplate insufficient; treats Capgemini as unserved; **alt**: brief suffices (**ROA.346–354,1173–1184**).

• **May 5, 2024** — Appellant filed timely and comprehensive Objections to FCR preserving all issues including service and unanimity defects (**ROA.355**).

• **May 31, 2024** — Order adopting remand FCR  (**ROA.567**).

• **Oct. 15, 2024** — Order abruptly vacating discovery deadlines; deferring first amendment; no response required (**ROA.672–673**).

• **Sep. 23, 2024** — Appellant filed First Motion for Leave to Amend (Doc.40; ROA.608) and First Motion for Discovery for Leave to Take More than Ten Depositions and Serve Additional Interrogatories  (Doc.41; ROA.616).

• **Oct. 15, 2024** — Order abruptly vacating discovery deadlines; deferring first amendment; no response required (ROA.672–673).

• **Jan. 22, 2025** — FCR dismissing with prejudice; denying leave for first amendment (**ROA.674–685**).

• **Feb 4, 2025** — Appellant filed timely and comprehensive Objections to FCR preserving all issues (**Doc.50**).

• **Feb. 14, 2025** — Order accepting FCR; Final Judgment (**ROA.1233–1234**).

• **Mar. 31, 2025** — IFP denied; "not in good faith" (**ROA.1295**).

<u>STATEMENT OF THE FACTS</u>

**I. Undisputed Procedural Facts**

• **Capgemini** was served by **USPS certified mail** on its registered agent **CSC** on **April 1, 2024** (delivery confirmed) (Doc. 19,ROA.362–364);(Objections/App'x, Doc. 50 & Doc. 53,ROA.686–971, 971–1232).

• **Nucor's** removal (filed by Counsel Cary Farris who was unauthorized and was **<u>not admitted to practice</u>** in the US northern district court Dallas (Doc.28,Doc.29,ROA.29) notice bore **no Capgemini signature** and was **unsupported** by any Capgemini consent filing (Notice of Removal, Doc. 1; ROA.9–12) and thereafter rejected by the Magistrate in his FCR (Doc.18,ROA.346).

- **Capgemini's** April 23 filings contained **no consent document**—only a narrative stating Nucor had "sought and obtained" consent (Capgemini Brief, Doc. 10 at 8; ROA.260).

- The constable's separate service attempt was returned unexecuted (state-court return attached to removal; Doc. 1-2/1-3; ROA.51–57).

- **Capgemini** <u>never filed</u> its own separate **Notice of Consent to Removal** within the 30-day window after having been duly served on April 1, 2024.

## II. The Court's Internal Inconsistency

**April 25, 2024 FCR** expressly found that Appellant's petition "**set out facts over multiple pages**" and alleged **non-frivolous Title VII violations** sufficient to support federal-question removal (Remand FCR, Doc. 18,ROA.346).

The **January 22, 2025 FCR**—addressing the **exact same pleading** with **no intervening amendment**—reversed course and **unbelievably** declared the same **unchanged facts as "conclusory"** then denied amendment and dismissed **with prejudice** (MTD FCR, Doc. 49; ROA.674–685).

## III. The Procedural Catch-22

1.    **Discovery was set** to run through **February 5, 2025** (Initial Scheduling Order, Doc. 15).

2.      **October 15, 2024**: Court **abruptly vacated all deadlines**, **denied discovery motions without prejudice**, **deferred amendment motion**, and **barred defendant responses** (Order, Doc. 48; ROA.672–673).

3.      **January 22, 2025**: Court recommended **with-prejudice dismissal** for lack of detail despite having **suspended the very processes** that would provide such detail (MTD FCR, Doc. 49; ROA.674–685).

**IV. Facts Supporting Leave to Amend**

- Both defendants requested **Rule 12(e)** repleader as a less drastic alternative (see Doc. 4; ROA.79; Doc. 9; ROA.249)

- No *S&W Enterprises* analysis was conducted for post-deadline amendments.

- Good cause existed: prompt request after deadline vacation, important amendments curing gaps, minimal prejudice, available continuance.

- **Pro se** status warranting liberal construction but was ignored.

## SUMMARY OF THE ARGUMENT

This appeal turns on **pure questions of law**—what **§ 1446(b)(2)(A)** requires under *Getty*, and whether **with-prejudice dismissal** after **suspending discovery**

and **deferring amendment** comports with *Foman/Great Plains/Hart/Stripling*—with **preserved objections requiring** de novo **review**.

## Fatal Lack of Unanimity – Defective Removal

Section 1446(b)(2)(A) and *Getty Oil* require a **timely, defendant-filed written indication** of consent from **each served defendant**. The record shows **service on Capgemini** by USPS certified mail **on Apr. 1, 2024** (**ROA.364, 370–371, 971–1232**);(Doc. 50 & 53; ROA.686–971, 971–1232) and **no Capgemini-filed consent** within thirty days (Doc. 1; ROA.9–12; Doc. 10 at 8; ROA.260). The magistrate judge erred by resolving the service conflict **against remand** and by treating **Capgemini's merits brief** as a substitute for a **defendant-filed, timely consent**. Moreover, removal was **defective** as it was filed by Nucor's counsel Cary A. Farris who was **not admitted to practice** (Doc. 28; Doc. 29; ROA.537).

## No Retro-Cure

Appellant **timely moved** under § 1447(c), preserving the unanimity defect. A later merits filing cannot retroactively satisfy *Getty*'s timeliness and filing requirements.

**Leave to Amend**

After **suspending discovery** and **deferring** amendment, the court denied leave and dismissed **with prejudice**—contrary to including but not limited to: *Foman*, *Great Plains*, *Hart*, and *Stripling*. If the court viewed amendment as post-deadline, it was required to apply **Rule 16(b)(4)** and the **S&W** factors; it did not.

**Rule-12 Handling**

The court discounted **incorporated EEOC materials** and narrowed scope contrary to **Rule 10(c)** and *Collins*; this Court **liberally construes** charges and measures scope by what a **reasonable investigation** would encompass (*Pacheco*; *Sanchez*).

**Internal inconsistency - Violation of Law of The Case Doctrine**

The **Apr. 25, 2024 FCR** recognized **pages of facts** supporting non-frivolous Title VII theories; with **no intervening change**, the **Jan. 22, 2025 FCR** re-labeled the **same set of unchanged facts** encapsulated in the pleading **conclusory**, **barred amendment and dismissed with prejudice**. That inconsistency underscores the abuse of discretion and highlights clear violation of Law of The Case doctrine.

**IFP**

The **"not in good faith"** certification lacks reasons tailored to the appeal; at least one issue (unanimity,Rule 12,Law-of-the-Case doctrine violation) is clearly and plainly **non-frivolous**.

**Summary**

A short, bright-line rule would conserve resources and promote uniformity: a **served defendant** must **file** an **unambiguous, present-tense consent** within 30 days; a **past-tense narrative** <u>**reference to a rejected notice of removal**</u> **in a merits brief** does not suffice and cannot **retro-cure** a unanimity defect. And when a court **suspends discovery** and **defers amendment**, it should not **dismiss with prejudice** for want of a PFAC without applying **Rule 16(b)(4)** and considering **Rule 12(e)** repleader when <u>**no prior amendment was sought or granted for a pro se litigant**</u> entitled to **liberal construction** and **less stringent standards** than attorneys as per the law. The law-of-the-case doctrine violation triggered, by the two FCR's **conflicting and contradicting** statements mandates remand in this case. The **"not in good faith"** cannot apply when at least one non-frivolous issue exists.

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

• **Removal/unanimity/jurisdiction - De novo**; Removal statutes are **strictly construed**; the removing party bears the **burden**; **any doubt/ambiguity** is resolved **in favor of remand**. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Manguno v. Prudential*, 276 F.3d 720, 723 (5th Cir. 2002). *Getty Oil* requires a **timely filed written indication** of consent from **each served defendant**. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  See also *Doe v. Kerwood*, 969 F.2d 165, 167–69 (5th Cir. 1992); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

• **Rule 12(b)(6);(e): De novo**: Well-pleaded facts accepted as true; reasonable inferences for the plaintiff; *McDonnell-Douglas* **does not govern** at pleading. Plausibility standard; accept well-pleaded facts; draw reasonable inferences for the plaintiff; no need to plead a *McDonnell-Douglas* prima facie case at Rule 12. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002); *Raj v. LSU*, 714 F.3d 322, 331 (5th Cir. 2013); *Chhim v. UT Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam).

- **Documents at Rule 12 (EEOC charges):** The court may consider documents **referred to in** and **central to** the complaint without conversion. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

- **Leave to amend / with-prejudice dismissal: Abuse of discretion**: legal futility is **de novo**; strong presumption for **one opportunity to amend (Appellant had a <u>First</u> Motion to Amend pending)**, entitled to liberal construction - particularly *pro se*. **Leave to amend / with-prejudice dismissal. Abuse of discretion**; futility is **de novo**. There is a strong presumption for **one fair opportunity** to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000); *Jones v. Robinson*, 427 F.3d 987, 994 (5th Cir. 2005); *Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir. 1994).

- **Timely Objections to FCR = De novo:** When a party makes **specific, timely objections** to a magistrate judge's recommended disposition, the district judge must make a **de novo determination** of the disputed portions. 28 U.S.C. § 636(b)(1)**;** Fed. R. Civ. P. 72(b)(3)**;** *United States v. Wilson***,** 864 F.2d 1219, 1221– 22 (5th Cir. 1989). The judge **need not rehear evidence** (*de novo determination ≠*

*de novo hearing*), but must reach an **independent** decision on the record. *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). A succinct adoption order **does not by itself** prove the wrong standard was used; the Fifth Circuit **presumes** compliance **absent evidence to the contrary**. *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

- **Rule 16(b) good cause (post-deadline amendments) - Abuse of discretion**: When a scheduling-order deadline for amendments has passed, the movant must show **good cause** under Rule 16(b)(4) before Rule 15 applies. *S&W Enters.*, 315 F.3d at 536–38**.** Courts must weigh the S&W factors (explanation, importance, prejudice, continuance) (*S&W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 536–38 (5th Cir. 2003)), particularly when <u>discovery had not been exchanged yet</u>.

- **De novo dismissal:** This Court reviews "de novo a district court's dismissal under Rules 12(b)(1) and 12(b)(6)." *Blankenship v. Buenger,* No. 15-50974, 5 (5th Cir. Jun. 28, 2016). This Court reviews "the district court's grant of an injunction for an abuse of discretion, and underlying questions of law de novo."[1]

- **§ 1915(a)(3) / FRAP 24 (good faith). Abuse of discretion.** "Good faith" is objective—any **non-frivolous** issue suffices. *Coppedge v. United States*, 369 U.S.

---

[1] *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002)

438, 445 (1962); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

- **Case-management / discovery: Abuse of discretion**: **Case-management / discovery: Abuse of discretion**; reversal requires a showing of **prejudice**. A discovery or case-management ruling is an abuse of discretion if it rests on an erroneous view of law or a clearly erroneous assessment of the evidence. *EEOC v. BDO USA, LLP*, 876 F.3d 690 (5th Cir. 2017); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (prejudice/continuance factors).

- **Pro se filings:** The Court **liberally construes** pro se pleadings and briefs and holds them to **less stringent standards** than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). The plausibility standard of *Twombly*/*Iqbal* applies to pro se complaints, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

- **Harmless error: Fed. R. Civ. P. 61**.

## II. Removal/Unanimity/Jurisdiction

### A. De Novo

Removal statutes are strictly construed; the **removing party bears the burden**; **doubts** resolved in **favor of remand**.  Appellant filed **specific objections** preserving this point; the district court's terse adoption did not address them, despite the **de novo** obligation for dispositive matters like remand. *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Denial of leave to amend: Abuse of discretion

Legal futility is **de novo**; strong presumption in favor of amendment, especially for **pro se** litigants, particularly when no prior amendments were sought or granted.

### C. Not a Summary Case

The *Getty* question here—whether a served defendant's past-tense narrative in a merits filing can satisfy the requirement of a timely filed written indication—is a substantial, recurring legal question of administrability. This is not a case where one side is "clearly right as a matter of law" with "no substantial question." *Groendyke*, 406 F.2d at 1162.

**D. Timeliness and filing matter**

Because Appellant **timely invoked § 1447(c)**, the unanimity defect could not be **retro-cured** by a later merits brief recounting "consent." *Getty Oil* requires a **timely, docket-filed written indication** of consent **from the served defendant itself**; this Court reiterated that standard in *Powers*. A **past-tense referral narrative** in a Rule 12 filing is **not** a consent filing by Capgemini within the thirty-day window. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). (Preservation: Doc. 50; ROA.686–971.)

## III. Motion to Dismiss Standard

"Rule 12(b)(6) does **not** countenance ... dismissals based on a judge's **disbelief** of a complaint's factual allegations ... (a well-pleaded complaint may proceed even if it appears <u>'that a recovery is very remote and unlikely'</u>). ... '[A] plaintiff 'receives the **benefit** of **imagination**, so long as the hypotheses are consistent with the complaint.'"[2]

"A motion to dismiss under Rule 12(b)(6) is 'viewed with **disfavor** and is **rarely granted**.' ... The complaint is liberally construed in the plaintiff's favor, and

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 563 (2007)

**all** well-pleaded facts in the complaint are taken as **true**. ... <u>The determining issue is not whether the plaintiff will ultimately prevail on the merits, but whether he is entitled to offer evidence to support his claim.</u> ... Therefore, this court will **not dismiss a plaintiff's claim**, 'unless the plaintiff will not be entitled to relief **under any set of facts** or **any possible theory** that he could prove consistent with the allegations in his complaint.'" *Priester v. Lowndes County,* 354 F.3d 414, 418-19 (5th Cir. 2004).

The following table encapsulates **specific factual allegations** of **who/what/when/how**, not labels or conclusions—well above the *Twombly/Iqbal* bar – this **refutes** the Magistrate's FCR (Doc. 49; ROA.674), **where all of sudden the facts in Appellant's well-pleaded complaint turned conclusory** resulting in alleged **unbelievable futility** by **amendment** when a first motion for leave to amend was pending (Doc.41; ROA.608).

| Topic | Date / Timeframe | Specific, Non-Conclusory Allegations (from the Appellant's Original Complaint/Petition) | Record citation |
|---|---|---|---|
| Hiring & role | Nov. 13, 2022 | Appellant was hired by Nucor as a **full-time Senior Oracle Database Administrator (DBA)**. | Doc. 1-1, Original Petition; ROA.17-42 |
| Promotion promise | Late 2022 (post-hire) | Management **promised a near-term promotion to "Architect,"** announced in team meetings; the promotion **never materialized**. | ROA.17-43 |

| | | | |
|---|---|---|---|
| Compliance / whistleblowing | Late 2022– 2023 | Appellant reported noncompliance with DEFENSE FEDERAL ACQUISITION REGULATION SUPPLEMENT (“**DFARS”)**, NATIONAL INSTITUTE OF STANDARDS AND TECHNOLOGY (“**NIST”),** EXPORT ADMINISTRATION REGULATIONS (“**EAR”)** and related **data-encryption/access-control** protocols; alleged **Capgemini aided and abetted**. | ROA.17-43 |
| Future-state remediation plan | 2023 | Appellant **prepared and repeatedly shared a “future-state architecture” plan** to remediate encryption, access controls, performance/HA/BC and bring Nucor into compliance. | ROA.17-43 |
| Forced failure Proof of Concept (“POC”) | 2023 | Supervisors **compelled** Appellant to run a **POC alone** using **significantly older software versions**, rendering the POC **“bound to fail.”** | ROA.20 |
| Extreme hours | ~4 months in 2023 | Appellant was subjected to **“more than 700+ hours”** of unusually long work in a short window; schedule included **8 a.m.–5 p.m.** on-site **plus** additional work-from-home hours. | ROA.20–21 |
| Unequal comp-time | 2023 | Appellant **received no comp time** for extra hours, while **others did**. | ROA.21 |
| Religious observance & hostility | 2023 | As a practicing **Muslim** (fasting, daily prayers, Friday prayers), Appellant alleges management **expressed displeasure** at accommodating religious needs | ROA.22 |

| | | and **interfered** with observance. | |
|---|---|---|---|
| Disability & Doctor's Work-From-Home ("WFH") note | 2023 | Doctor provided a note for **indefinite WFH** due to medical disability; management **refused to approve** and required **intrusive medical details** and a second note **restricting WFH to Dec. 31, 2023**. | ROA.24–25 |
| On-site mandate despite disability | Aug. 2023 | Despite the disability, management **forced a return to on-site work** and demanded a **misleading "cleared to work on-site"** doctor's note under threat of termination. | ROA.25 |
| Comparator treatment (remote) | 2023 | Other employees/contractors were **allowed remote work**, including **remote from India**, and **indefinite WFH**, while Appellant's WFH was denied. | ROA.25 |
| Demotion / Juniorization | 2023 | Appellant was **effectively demoted** to **junior-level tasks** (e.g., **Tier-1 password changes**), undermining the senior DBA role. | ROA.21–27 |
| Harassment (sexual & verbal) | 2023 | Repeated **sexualized comments**, **"checking out"** men and women, and **mockery of private parts**; persistent **ridicule** and **yelling** that impaired Appellant's health. | ROA.13–31 |
| Retaliation culminating in abrupt termination (proving nexus between whistleblowing and retaliation) | Late 2023 | Following protected reports, Appellant alleges **retaliation** and **abrupt termination** based on **false accusations**. | ROA.26–27, 33 |
| Timing near bonus eligibility | Nov. 2023 | Appellant alleges termination **weeks before year-end bonuses** | ROA.26–27, 35 |

| | | and **incentive compensation** for which he would have been eligible **on/after Nov. 13, 2023** (one-year mark). | |
|---|---|---|---|
| Tortious interference by Capgemini | 2023 | **Capgemini** allegedly **interfered** with the Nucor employment relationship by **withholding Knowledge Transfer ("KT")/training**, **recommending junior duties**, **sabotaging work**, and **imposing inhumane schedules**. | ROA.33–34 |
| Emotional/health injury detail | 2023 | Alleged **anxiety, depression, insomnia, fatigue, humiliation**; detailed impact on daily functioning and need for accommodation. | ROA.30–43 |

## IV. Liberal Construction for Pro Se

### A. *Erickson* **mandates liberal construction to do substantial justice**

The Supreme Court ruled that all filings of pro se litigants should be liberally construed: "***Erickson*** ... see also Fed. Rule Civ. P. 8(f) ('All pleadings **shall** be so construed as to do **substantial justice**.') *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

> "In the context of motions to amend pleadings, `discretion' may be misleading, because FED.R.CIV.P. 15(a) `evinces a **bias in favor of granting leave to amend**…Unless there is a "substantial reason to

deny leave to amend, the discretion of the district court is not broad enough to permit denial."*Id.*[3]

## B. All subsequently filed materials must be considered as amendments

This Court held: "Due to the liberal consideration accorded pro se pleadings, ... we consider this '**Motion**' an **amendment** to ... original complaint." *Wright v. El Paso County Jail,* 642 F.2d 134, 135 n.1 (5th Cir. 1981).

> "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). A pro se prisoner complaint, such as this, is to be liberally construed in favor of the plaintiff. *Miller v. Stanmore*, 636 F.2d 986, 992 (5th Cir. 1981); *Taylor v. Gibson*, 529 F.2d 709, 714 (5th Cir. 1976)."[4]

"Under the less stringent standards applicable to **pro se litigants** ... the court was required to look beyond the...formal complaint and to consider as amendments to the complaint those materials subsequently filed ... These documents embellished the original complaint's averments, and **each should** have been considered." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

---

[3] *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)
[4] *Wright v. El Paso County Jail,* 642 F.2d 134, 135 n.1 (5th Cir. 1981)

**V. Removal was defective: Admission Issue & Capgemini was uncontrovertibly served pre-removal and never filed its own timely, unambiguous written consent**

**Law.** Each defendant **properly joined and served** must **join in or file written consent** to removal **within 30 days**. 28 U.S.C. § 1446(b)(2)(A). This Court requires a **timely filed written indication from each served defendant**—a co-defendant's representation is not enough *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Doe v. Kerwood*, 969 F.2d 165, 167–69 (5th Cir. 1992); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

> "The effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. . . ." The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. Applying these principles to the facts of this case, we conclude that it does not present a federal question. *Id.* at 365-66 (citations omitted). *Id.* at 366; *Acuna v. Brown Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)."[5]

The removing party bears the burden, and doubts favor remand. *Manguno v. Prudential*, 276 F.3d 720, 723 (5th Cir. 2002); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The record reflects no such explicit joinder/consent from Capgemini – but rather past-tense reliance on

---

[5] *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)

Nucor's defective boilerplate consent lines which was duly rejected by the Magistrate in his FCR (Doc.18,ROA.346).

> "Jurisdiction "cannot be conferred by consent, agreement, or other conduct of the parties." As subject matter is non-waivable".[6]

The Northern District itself has recognized in the following:

A defendant seeking to remove a civil case is required to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). That notice must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

> "In the Fifth Circuit, a removing defendant's mere representation that the remaining defendants have consented does not, by itself, satisfy § 1446(b)(2)(A). *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)… American Safety's unilateral representation that the other Defendants had consented to removal does not satisfy the stringent Fifth Circuit standard. Like the removing defendants in Getty Oil, American Safety simply stated that the remaining Defendants consented, without providing evidence of their consent or any indication that American Safety had the authority to consent on their behalves. Moreover, unlike the Crowell defendants, the named Defendants did not all jointly file a notice of removal.. In this case, American Safety acquired consent from the remaining defendants via email before it filed its notice, but it did not submit the email exchange to the Court until after the thirty-day window had

---

[6] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)

closed. **Thus, regardless of when the emails were written, they cannot salvage the otherwise defective removal**"[7]

Very similar to *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, Nucor simply stated that Capgemini provided consent without providing any evidence – the Magistrate rejected this as unanimity consent (Doc. 1; ROA.9–12) – Subsequently, Capgemini simply referred to Nucor's notice of removal as consent in the *past tense* in their Motion to Dismiss (Doc. 10; ROA.260)<u>without filing their own explicit consent within the 30 days or providing proof of such consent</u> (emails etc.) – this proves that the **notice is clearly defective** and, at the very least creates **<u>doubt</u>** which **mandates remand**. *Furthermore, Capgemini did not dispute USPS certified service on April 1, 2024 or preserve error regarding USPS service but still made conflicting/shifting claims that they had not been served and therefore, no consent was necessary.*

> "**PROCEDURAL HISTORY**...Prior to filing the Notice of Removal, counsel for Nucor sought and obtained Capgemini's consent to removal, and advised the Court (and Plaintiff) of Capgemini's consent in the Notice of Removal. (Doc. 1 at ¶ 8.)" *Id.*[8] Capgemini's Dismissal Motion "Procedural History" section referring to Nucor's consent in **past tense** which was already <u>rejected</u> by the Magistrate in his FCR (Doc. 18; ROA.351,352) – This also clearly contradicts Capgemini's forking/shifting stories about lack of service.

---

[7] *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773-M , 2 (Oct 30, 2012)
[8] *Dismissal*; Doc. 10; ROA.260

The above past-tense narration confirms only a **co-defendant's representation** and **off-docket assurance**—it is **not** a **timely, docket-filed written indication of consent by Capgemini** within § 1446(b)(2)(A)'s 30-day window, as this Court demands. See *Getty Oil Corp. v. Ins. Co. of N. Am.*, **841 F.2d 1254, 1262 & n.11** (5th Cir. 1988) (each served defendant must **timely file** its own written consent; co-defendant's say-so is insufficient); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (reaffirming *Getty*'s rule of unanimity); *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-CV-1773-M, *2012 WL 5355958, at 2–3* (N.D. Tex. Oct. 30, 2012) (emails/assurances ≠ consent; consent must be **timely filed** with the court). Because Appellant **timely invoked** § 1447(c), the defect <u>could not be retro-cured by this later narrative in a merits brief</u>. And to the extent Capgemini simultaneously denied service while litigating the merits, that inconsistency reinforces why **the removing party's burden** and **any doubts** must be resolved **in favor of remand**. See *Manguno v. Prudential*, **276 F.3d 720, 723** (5th Cir. 2002).

Removal statutes are **strictly construed**—federal courts must "**scrupulously confine** their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). And in this Circuit, **any doubt/ambiguity about removal is resolved in favor of remand**. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

"Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion "is **viewed with disfavor** and is **rarely granted**." See *Kaiser Aluminum Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). **The complaint must be liberally construed in the plaintiff's favor**, **and all facts pleaded in the complaint must be taken as true**. See *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A complaint should be dismissed under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lowrey v. Texas AM University System*, 117 F.3d 242, 247 (5th Cir. 1997) ( quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))."[9]

*Record.* USPS certified-mail service on Capgemini's agent was **delivered Apr. 1, 2024** (Objections/App'x, Doc. 50 & 53; ROA.686–971, 971–1232). Nucor's removal notice (Doc. 1; ROA.9–12) recites boilerplate unanimity (¶8 at ROA.10) but bears **no Capgemini signature** and is **unaccompanied by any Capgemini-filed consent** within the 30-day window. Capgemini's later **merits brief** merely **reports** that consent was "sought and obtained" in the ***past tense*** – **by law this instills doubt about consent and does not suffice as consent** (Doc. 10 at 8; ROA.260); that is not a **defendant-filed consent**. Moreover, the notice of removal was signed by Nucor's lead counsel <u>**Cary A. Farris who was not even admitted to practice in the US Northern District of Texas Dallas Division**</u> – See below.

---

[9] *Manguno v. Prudential*, 276 F.3d 720, 723 (5th Cir. 2002)

*Waiver.* Capgemini's first Rule 12 motion (Doc.9; ROA.249) omitted any Rule 12(b)(5) objection; service defenses are waived if not raised at the first opportunity. Fed. R. Civ. P. 12(h)(1); *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982); *Kersh v. Derozier*, 851 F.2d 1509, 1511–12 (5th Cir. 1988).

### A. Admission Issue - An independent procedural defect that underscores strict construction and the failure of unanimity

"Attorneys **must** fulfill the following requirements to be admitted to practice in this court:…Attorneys desiring admission to the bar of this court **must complete an application for admission, to be approved by a district judge**, and except as provided in subsection (c) of this rule, be introduced by a member in good standing of the bar of this court, and take the required oath or affirmation before a judge of this court. After the oath or affirmation is administered, and the applicant has paid the appropriate fee, the clerk shall issue a **certificate stating that the attorney is admitted to practice before this court**…Admission is Discretionary. All admissions to practice before this court shall be discretionary with the district judge reviewing the application for admission."[10]

"05/16/2024 28 ELECTRONIC ORDER: It has come to the Court's attention that Cary Andrew Farris **is not admitted to practice** in the United States District Court for the Northern District of Texas."[11]

*Counsel-admission issue – Defective Removal.* On **May 16, 2024**, the court ordered Nucor's lead counsel, **Cary A. Farris**, to obtain admission or pro hac vice

---

[10] N.D. LR 83.7
[11] Doc. 28; 05/16/2024)

by **June 5, 2024**, recognizing **lack of admission** and **requiring cure**; the court later **denied** Plaintiff's motion to **strike preserving this lack of admission error** (Doc.29; ROA.537) Nucor's filings as "neither proper nor proportional," treating admission as a curable oversight rather than a basis to nullify filings. (Order, May 21, 2024**)** (Doc.30; ROA.546). This episode further underscores the fact that **removal was defective** for **lack of clear, on-docket compliance** with procedural rules.

**Record.** Nucor's removal paper bears "/s/ Cary A. Farris." (Notice of Removal, **Doc. 1; ROA.11–12** (signature block)). Days later, the court stated "it did not appear that an attorney for Defendant Nucor … was admitted to practice" and ordered: "By Wednesday June 5, 2024, Cary Andrew Farris must either become admitted to practice in this District, see Local Civil Rule 83.7, or move the Court to be admitted pro hac vice, see Local Civil Rule 83.9(b)." (Doc. 28; quoted in Order denying motion to strike, Doc. 30 at ROA.538). The order confirms the **status at the time of filing**.

**Law.** Every pleading must be signed by "**at least one attorney of record**" (or the party if unrepresented). Fed. R. Civ. P. 11(a). In the Northern District of Texas, an attorney of record must be **admitted** (general or pro hac vice) under N.D. LR 83.7/83.9 before appearing or filing as counsel. See N.D. Tex. LR 83.7,

83.9 (admission requirements). Removal statutes are **strictly construed**, the **removing party bears the burden**, and any **doubts favor remand**. *Manguno v. Prudential*, 276 F.3d 720, 723 (5th Cir. 2002); *Gasch v. Hartford*, 491 F.3d 278, 281–82 (5th Cir. 2007). And under *Getty Oil*, a co-defendant's say-so in the notice cannot substitute for a **timely, defendant-filed written consent** by each **served** defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 & n.11 (5th Cir. 1988); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015).

**Application.** Because Mr. Farris was **not admitted** at the time of removal (Doc. 28; quoted at Doc. 30, ROA.546), Nucor's notice lacked a signature by an **"attorney of record"** when filed, see Rule 11(a) and LR 83.7/83.9. Even if the district court later viewed the defect as **curable** for purposes of sanctions or case-management (Doc. 30; ROA.538), removal still must be **strictly** assessed **as of the time of filing**. Cf. *Getty* (demanding a **timely, filed** written consent from each served defendant); *Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-cv-1773-M, 2012 WL 5355958, at *2–3 (N.D. Tex. Oct. 30, 2012) (consent must be **timely filed** with the court—informal assurances are insufficient). The non-admission at filing undercuts any claim that the notice's paragraph-8 **recital** ("all defendants consent") can be relied upon to satisfy *Getty*. Strict construction, the **Rule 11(a)** signature requirement for an "attorney of record," and **local-rule**

admission requirements all support **remand**—and, independently, reinforce why Capgemini's **own** timely, filed consent was indispensable.

**Remedy.** The Court should **reverse and remand to state court** because removal did not strictly comply with Rule 11(a)/LR 83.7/83.9 and, in any event, *Getty*'s **timely filed consent** requirement was not satisfied by Capgemini.

### B. Controlling Law on Unanimity

Section 1446(b)(2)(A) demands that **all defendants who have been properly joined and served** must **join in or consent** to removal. The Fifth Circuit's ***Getty Oil*** rule requires a **"timely filed written indication from each served defendant ... that it has actually consented"**; one defendant's lawyer **cannot** speak for another.

*Doe v. Kerwood,* 969 F.2d 165, 167, 169 (5th Cir. 1992) explains the "unanimous consent" rule. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) requires each served defendant to sign the notice or **timely file written consent**.

All defendants must join in a removal petition in order to effect removal. *Chicago, Rock Island, Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900).

Removing defendants bear the **burden** to show compliance, removal statutes are **strictly construed**, and <u>**doubts are resolved in favor of remand by law**</u>.

**C. The Court Made Two Impermissible Leaps**

**1. Service Leap**

The court relied on a constable's unexecuted return (Doc. 1-2/1-3; ROA.51–57) to conclude Capgemini was not served—while ignoring Appellant's separate, independent and alternative USPS certified-mail service on CSC delivered April 1, 2024 (Doc. 19; ROA.362)**;**(Objections/App'x, Doc. 50 & Doc. 53; ROA.686–971, 971–1232). <u>This violates the fundamental principle that any doubt must be resolved for remand</u>, <u>with the burden on the removing party</u>. Timely error was preserved for the unanimity defect including but not limited to USPS certified mail service in Appellant's objections to the FCR (Doc. 19; ROA.19), which the district court judge ignored via de novo order (Doc. 33; ROA.567).

The constable's unexecuted return does not negate USPS-confirmed delivery **as it was an alternative redundant track for service**; at most it creates **doubt in addition to contrary narrative**, which must be resolved **for remand**. Because Capgemini was served and did not **file its own consent**, removal failed the unanimity rule.

On this record, Capgemini was **served pre-removal**; unanimity applied. Appellant preserved error in his objections to the magistrate's remand (FCR Doc. 19; ROA.362-364):

"D. The Report Incorrectly Finds That Capgemini's Consent to Unanimous Removal Was Not Required. Plaintiff also objects to the Report's conclusion that the consent of Defendant Capgemini was not required for removal because it had not been properly served (which is a complete fabrication by Capgemini) at the time Nucor filed its notice of removal. See Report at 7-8. This finding is directly contradicted by record evidence showing that Capgemini was timely served prior to removal. Specifically, the record reflects that Capgemini's registered agent, CSC, was properly served with Plaintiff's Original Petition on April 1, 2024 at 9:30 am via Certified Priority Mail with Return Receipt, USPS Tracking No. 9589071052701314070861. See Exhibit A (USPS tracking information). This was a full 14 days before Nucor filed its notice of removal on April 15, 2024. **The magistrate judge overlooked this dispositive evidence in finding that Capgemini's consent was not required.** The Report notes that the state court docket attached to the notice of removal indicates service on Capgemini was returned unexecuted, see Report at 7, but ignores the more recent proof of completed service via USPS tracking. Where, as here, **"an exhibit contradicts an allegation in the complaint, the exhibit controls."** *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014). Because Capgemini was indisputably served prior to removal, its timely consent was required under the unanimous consent rule. See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). It is undisputed that Nucor's notice of removal does not explicitly indicate Capgemini's consent, nor did Capgemini itself file a timely written consent within the 30-day removal period – there is no record of Capgemini's inclusion or consent anywhere with no signatures or notes or documentation of any kind in the Notice of Removal. If any such consent was given by Capgemini to Nucor behind the scenes with no notification or legally-executed-service to Plaintiff, this

constitutes a fatal procedural error of unanimity on the part of the defendants. This failure of unanimity requires mandatory remand."[12]



**Plaintiff's Exhibit A:**

---

[12] Objections to Remand FCR - Doc. 19; ROA.362–364

**USPS Tracking Receipt and Tracking No. 9589071052701314070861 clearly showing that Capgemini America INC's Agent on File "CSC" in Austin, TX being served with Plaintif's Original Petition on April 1, 2024**

**"Screenshot from (Timely Objections to Remand FCR, Doc. 19; ROA.362–364) showing clear service proof for Capgemini 15 days prior to removal"**

*Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) (exhibit controls over contrary allegation) reinforces that **USPS proof** controls over contrary narrative. Furthermore, Appellant timely preserved error in multiple vehicles – *see below*.

"<u>REPLY TO THE ISSUE OF CONSENT BY DEFENDANT NO. 2 "CAPGEMINI" IN THE NOTICE OF REMOVAL TO FEDERAL COURT – THE NARRATIVE AND THE STORIES KEEP SHIFTING.</u> Firstly, there is no verification or any proof of "Capgemini's consent" being included in the "Notice of Removal" or subsequent pleadings. Secondly, the stories of the Defendants keep shifting: a. First the narrative was that consent from "Capgemini" was NOT needed because they were not served properly – Id: "MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS - Pg 7 - Dated April 24, 2024". b. After, the lack-of-consent issue was raised and proof of service was provided in "Plaintiff's Objections – Dated May 04, 2024" – **the stories from the Defendants shifted once again and forked into three different versions**: 1. **The FIRST Narrative**: That consent from "Capgemini" was not needed before the Notice of Removal was filed - No proof was attached to this version of the FALSE NARRATIVE because as per the Defendants own pleadings, "Capgemini" had not been served. 2. **The SECOND Narrative**: That consent was obtained by Nucor 8 days AFTER the Notice of Removal was filed on April 23, 2024 see "DEFENDANT CAPGEMINI'S MOTION TO DISMISS, OR ALTERNATIVELY MOTION FOR MORE DEFINITE STATEMENT

– Dated April 23, 2024". 3. **The THIRD SHIFTING Narrative**: That consent was obtained by Nucor BEFORE the Notice of Removal was filed on April 15, 2024 when Capgemini was still playing with the "No Service" narrative when in actuality it had been served on April 1, 2024 – See proof of service in Plaintiff's Objections – Dated May 04, 2024 – Exhibit A" – this new narrative has recently come to light – see "DEFENDANT CAPGEMINI'S. RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S RECOMMENDATION – DATED MAY 13, 2024". So respectfully, which of the above SHIFTING STORIES of the defendants is true since there is no proof or evidence attached to any of the defendants pleadings??? There is no proof provided of any such MAGICAL-BEHIND-THE-SCENESCONSENT of "Capgemini" by ANY of the Defendants in numerous pleadings prior to or subsequent to the Report. Moreoever, Plaintiff was not made aware of any such consent until the Magistrate Judge had issued his findings on April 25, 2024."[13]

## 2. Consent Leap

The court treated **Capgemini's April 23 merits brief**—which merely **reports** that Nucor had "sought and obtained" consent—as **Getty-compliant consent** (Doc. 10 at 8; ROA.260). This is legal error. **Getty** requires an **unambiguous, present consent filing by the defendant itself**.

Capgemini could have filed a simple one-paragraph **Notice of Consent to Removal** within 30 days as they did make other filings in the case within the 30 days but **did not file an explicit consent _ever_**. A **historical past-tense** narrative in

---

[13] (Reply to Response to Objections, Doc. 26; ROA.520–521) demonstrating the shifting/forking stories of defendants on Consent and Service

a Rule 12 brief is **not** written consent by Capgemini. *Getty* demands a **filed** consent by the served defendant **within the deadline**.

Appellant **timely invoked § 1447(c)**, so *Caterpillar* does not excuse the defect. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73–77 (1996) (post-judgment cure inapplicable where defect is **preserved** and **uncured**). Nor can **28 U.S.C. § 1653** cure a procedural unanimity defect; it addresses **defective allegations of jurisdiction**, not late or missing consents. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831–32 (1989). Courts applying *Getty* reject late/off-record consents: *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (S.D. Tex. Oct. 30, 2012); *Aucoin v. Gulf S. Pipeline Co.*, 2004 WL 1196980, at *2 (E.D. La. May 26, 2004).

### D. Strict Construction and Burden Confirm Remand

Removal statutes are strictly construed, the removing party bears the burden, and any doubt is resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

These baseline rules independently require remand where defendants <u>never carried their burden</u> to show **Capgemini's own, timely, written consent** filed on the docket.

**Remedy.** Appellant **timely challenged** removal under § 1447(c). The Court should **reverse** and **remand to state court**.

**E. Defendants' factual assertions were unverified attorney argument— not evidence—and cannot carry their burdens**

**Unsworn statements in briefs are not evidence** and cannot establish jurisdictional facts or cure statutory defects in removal. In the removal context, the **removing party bears the burden** and, when facts are contested, must establish jurisdiction with **"summary-judgment-type evidence,"** not attorney say-so. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (removal statutes strictly construed; removing party bears burden); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (party invoking federal jurisdiction must prove jurisdictional facts by a preponderance with competent proof); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995) (requiring **summary-judgment-type evidence** when removal facts are challenged).

That rule is dispositive here. Capgemini's **April 23** filing did **not** file a consent; it merely **asserted past tense** in a **brief** that Nucor had "sought and obtained Capgemini's consent" before removal (Capgemini Br., **Doc. 10 at 8; ROA.260**). No **Capgemini-filed consent** appeared on the docket within § 1446(b)(2)(A)'s window, and Capgemini submitted **no affidavit or 28 U.S.C. §**

**1746 declaration** attesting to facts about service or consent. Under *Getty*, unanimity requires a **timely, docket-filed written indication of consent from each served defendant**—a co-defendant's assertion or counsel's narrative in a merits brief is not a substitute. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015); *Doe v. Kerwood*, 969 F.2d 165, 167–69 (5th Cir. 1992). Because Appellant **timely invoked § 1447(c)**, the defect could not be **retro-cured** by later briefing.

The same evidentiary boundary applies at **Rule 12**. On a 12(b)(6) motion, courts consider the **complaint**, its **attachments**, and documents **referred to** and **central** to the claims; **extra-pleading factual assertions in briefs** do not count. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). If Appellees wished to inject factual material (e.g., about alleged non-service or alleged pre-removal consent), the proper vehicle was **competent evidence** (affidavit or **§ 1746** declaration) and, if considered, conversion to Rule 56—not reliance on **unverified** statements in a brief.

**Record pins.** The only place Appellees attempt to "prove" consent is Capgemini counsel's past-tense reference narrative sentence to Nucor's Removal Notice (*which was already rejected by the magistrate*)—**not** a consent filing—at **Doc. 10 at 8; ROA.260**. The magistrate then erroneously relied on that narrative to say it "would suffice" even if consent were required (Remand FCR, **Doc. 18; ROA.351**). But *Getty* demands **Capgemini's** own, **timely filed** written indication of consent; and where removal facts are disputed (here, **service on Apr. 1, 2024**), Appellees needed **competent evidence**, not "argument in a brief." See Doc. 50 & 53 (USPS/CSC proof) (Doc. 19; ROA.362–364);(ROA.686–971; ROA.971–1232)**.**

**Remedy.** Because Appellees never filed a **Capgemini consent** within the statutory period—and because the district court credited **unverified** assertions rather than **competent proof**—removal failed as a matter of law. The Court should **reverse** and **remand to state court**.

## VI. A merits brief's historical past-tense recital of a referenced consent cannot substitute for a timely, docket-filed consent from the served defendant

### A. *Getty*'s Unambiguous Requirements

The statutory text and *Getty*'s requirement of **timely filed** consent foreclose equating a merits brief's **narration** of consent with the **act of consenting** on the docket by the served defendant. The court's approach de-textualizes §

1446(b)(2)(A), rewards noncompliance, and undermines **Getty**'s administrable rule.

A **past tense** narrative assertion in a Rule 12 brief (Doc. 10 at 8; ROA.260) to an already rejected consent by the magistrate (Doc. 19; ROA.362–364) is not a explicit mandatory required consent filing by Capgemini. Because the defect was **timely raised**, it is not excused post-judgment.

### B. *Caterpillar* **Inapplicable**

*Caterpillar* addressed a removed case where **subject-matter jurisdiction existed at judgment** after a non-diverse party dropped out. Here, Appellant maintains **no § 1331 jurisdiction** ever attached and, crucially, the **unanimity defect was timely pressed**. *Caterpillar* does not excuse timely-raised procedural defects.

### C. No Diversity Safety Net

With both entities' principal places of business in Texas (Doc. 1 at ROA.11–12),

## VII. Denying first leave to amend and dismissing with prejudice—after suspending discovery and deferring amendment—was an abuse of discretion

### A. The Impossible Sequence

The court (1) **vacated deadlines** and suspended discovery, deferring amendment and **barring responses** (Doc. 48; ROA.672–673); then (2) dismissed **with prejudice** and **denied leave to amend** on **Appellant's Pending First Motion to Amend** (Doc. 40; ROA.608–615) in its FCR dated Jan 22, 2025 (Doc. 49; ROA.674–685; Order, Doc. 54; ROA.1233). That path conflicts with *Foman v. Davis*, 371 U.S. 178 (1962); *Great Plains Tr. Co. v. Morgan Stanley*, 313 F.3d 305, 329 (5th Cir. 2002); *Hart v. Bayer Corp., 199 F.3d 239*, 248 n.6 (5th Cir. 2000); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000); *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005); see also *Eason v. Thaler, 14 F.3d 8*, 9–10 (5th Cir. 1994).

> "A plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing. See *Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."). Although **a court may dismiss the claim, it should not do so without granting leave to amend**, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being **afforded repeated opportunities to do so**. See *O'Brien v.*

*National Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)."[14]

1.    **Discovery set** through **February 5, 2025** (Initial Scheduling Order, Doc. 37) – Abruptly vacated as per Doc. 48; ROA.672.

2.    **October 15, 2024**: **Vacated all deadlines**; **pending discovery motions without prejudice**; **deferred amendment motion**; **barred defendant responses** (Order, Doc. 48; ROA.672)

3.    **January 22, 2025**: **With-prejudice dismissal** for alleged conclusory and supposed lack of detail while **denying first amendment** (MTD FCR, Doc. 49; ROA.674–685)

This sequence violates *Foman*'s command that leave "shall be freely given," *Great Plains*' presumption of amendment opportunity, *Hart*'s liberal standard, and *Stripling*'s futility requirements.

**B. Defendants Requested Less Drastic Alternatives**

Both defendants **asked for Rule 12(e)** repleader in the alternative (see Doc. 4; ROA.79; Doc. 9; ROA.249). The court chose the **harshest path** without trying alternatives for **a pending first motion to amend**. At minimum, dismissal should have been **<u>without prejudice</u>**.

---

[14] *Hart v. Bayer Corp., 199 F.3d 239*, 248 n.6 (5th Cir. 2000)

### C. No *S&W* Analysis for Post-Deadline Amendment

**Rule 16(b)(4).** If the court viewed amendment as post-deadline while discovery was still underway, it was required to apply *S&W Enterprises'* four-factor test (315 F.3d at 536–38). The order made **no findings** on explanation, importance, prejudice, or continuance.

Because the scheduling-order amendment deadline had passed, the court was required to apply **Rule 16(b)(4)** first and make findings under *S&W*'s four-factor test **before** reaching **Rule 15(a)**—it did neither, which is an abuse of discretion. *S&W Enters., L.L.C. v. SouthTrust Bank*, 315 F.3d 533, 536–38 (5th Cir. 2003).

If amendment was **post-deadline**, the court was required to analyze *S&W Enterprises* factors: (1) **explanation for delay**, (2) **importance**, (3) **prejudice**, (4) **continuance availability**. *S&W Enters., LLC v. SouthTrust Bank*, 315 F.3d 533, 536-38 (5th Cir. 2003).

The order made **no findings**. Good cause existed: prompt request after deadline vacation, important amendments curing gaps, minimal prejudice (discovery vacated), available continuance.

### D. Cumulative Procedural Catch-22

**Cumulative prejudice**

Vacating discovery, deferring amendment, and then dismissing with prejudice created a **procedural catch-22** that affected substantial rights (**Fed. R. Civ. P. 61**). The proper course is **vacatur** with instructions to **grant leave to amend**.

### E. "No PFAC attached" is not "futility": Rule 15 favors amendment; futility must be a substantive showing under Rule 12(b)(6)

**Rule 15's baseline.** Leave to amend should be **freely given** "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial requires a **substantial reason** such as undue delay, bad faith, repeated failure to cure, **undue prejudice**, or **futility**. *Id.*; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–99 (5th Cir. 1981) (district court's discretion "is not broad enough to permit denial unless there is a substantial reason"). The Fifth Circuit repeatedly emphasizes a **strong presumption** in favor of **one fair opportunity to amend**, particularly for **pro se** litigants. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002); *Hart v. Bayer Corp.*, 199 F.3d 239, 248 & n.6 (5th Cir. 2000); *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016).

**What "futility" means.** "Futility" is not a procedural defect like failing to attach a draft; it is a **substantive** determination that the **amended complaint would still fail to state a claim** under **Rule 12(b)(6)**. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (futility is measured by the same standard as a 12(b)(6)

motion). Thus, a court cannot equate "no PFAC attached" with **substantive futility**. Rather, the court must assess either (i) the **proffered amendments** the movant identifies, or (ii) allow the movant to **submit a PFAC** and then evaluate 12(b)(6) futility on the substance.

The Supreme Court established in *Foman v. Davis*, 371 U.S. 178 (1962), that leave to amend should be "freely given when justice so requires." The Court identified specific factors that must be present to deny amendment: Undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Id. at 182. Also see *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). *The Magistrate's failure to properly apply this standard represents a substantial issue for appeal.*

The Fifth Circuit has recognized that denial of leave to amend based solely on delay and not on prejudice to the non-movant constitutes an abuse of discretion. *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015). Furthermore, a pro se litigant's failure to attach a proposed amended complaint is not, by itself grounds for futility.

> "While Zaidi should have attached a copy of her proposed complaint to her motion, <u>her failure to do so should not have been permitted to defeat her right to amend</u>." [15]

---

[15] *Zaidi v. Ehrlich*, 732 F.2d 1218, 1220 (5th Cir. 1984)

"The policy of the Federal Rules is to **permit liberal pleading and amendment**, thus facilitating adjudication on the merits while avoiding an excessive formalism … If the district court lacks a 'substantial reason' to deny leave, its discretion is not broad enough to permit denial."[16]

This court has previously held:

"Still, we conclude that in the interests of justice the district court should have construed the Shermans's frantically revised theory of the case, as plainly set forth in their memorandum in opposition to summary judgment, as a motion to amend the pleadings filed out of time. The command of Rule 15 is straightforward and permissive. On the facts of this case, fair treatment for the Shermans requires that they not be deprived of their day in court simply because, for a time, their attorney did much to insure that the day would never come. The district court should have allowed the amendment and must do so when the case is remanded for trial."[17]

"[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."[18]

**No-attachment ≠ with-prejudice dismissal.** Even where a local rule (e.g., N.D. Tex. L. Civ. R. 15.1) prefers that a proposed pleading be attached, the remedy for a missing attachment is to **permit cure** or, at most, **deny without prejudice**—not to

---

[16] *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)
[17] *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972)
[18] *Foman v. Davis*, 371 U.S. 178, 182 (1962)

**dismiss with prejudice** absent a substantive 12(b)(6) futility finding. See *Foman*, 371 U.S. at 182 (reversible error to deny leave without valid reason); *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009) (court must identify and rely on recognized *Foman* factors); *Great Plains*, 313 F.3d at 329 (usual remedy is to allow amendment unless the defects are incurable); *Hart*, 199 F.3d at 248 & n.6 (especially for **pro se**, the proper course is to allow amendment before dismissal with prejudice); *Brown*, 829 F.3d at 370 (same).

**Applied here.** The court **suspended discovery** and **deferred** the amendment motion, instructing that Appellees **need not respond** (Order, Doc. 48; ROA.672–673). Appellant nonetheless **identified the substance** of his proposed amendments and enclosed supporting record materials in his objections and appendix filings (see Doc. 50; ROA.686–971; Doc. 51/52; ROA.934–938; Doc. 53; ROA.971–1232). On this record, treating the **absence of an attached PFAC** as **"futility"**— and then imposing a **with-prejudice** dismissal—**misapplies Rule 15**. Under *Stripling*, futility required a **substantive** 12(b)(6) analysis of the **proffered amendments**; under *Foman/Great Plains/Hart/Brown*, the proper remedy was to **permit amendment**, not to foreclose it for a curable, procedural omission.

**Remedy.** Vacate the with-prejudice dismissal and **remand with instructions to grant leave to amend**, permitting Appellant to file a PFAC that conforms to the

court's guidance. *Foman*, 371 U.S. at 182; *Great Plains*, 313 F.3d at 329; *Hart*, 199 F.3d at 248 & n.6; *Brown*, 829 F.3d at 370; *Stripling*, 234 F.3d at 873.

## F. Record Support That This Case Is Evidence-Backed, Not "He-Said/She-Said"

Far from relying on bare assertions, Appellant repeatedly told the district court—across multiple filings—that he **possesses concrete documentary and audiovisual proof** (emails, texts, slide decks, audio/video recordings, screenshots, server data, and witnesses) and intended to exchange that material in discovery. Absent Sufficient grounds to **deny a first amendment** is reversible and an abuse of discretion, particularly where the substance of the amendment is apparent from the record as is clearly proven by the following: Representative examples include:

1. **Response to motions / merits filing**

   "This is not a HE-SAID-SHE-SAID case; facts can/will be proved via extensive documentary evidence (emails, text messages, audios/videos, screenshots, computer/server data, witnesses, project artifacts and documents, slide decks, project plans, etc.)."[19]

2. **Further merits filing**

   "This is NOT a HE-SAID-SHE-SAID case; facts can be proved via documentary evidence (emails, audios/videos, screenshots, etc.)."[20]

---

[19] (Doc.24;ROA.465).
[20] (ROA.530)

3. **Additional iteration—expanded list of documentary proof**

"Moreover, this is not a HE-SAID-SHE-SAID case - Plaintiff has extensive evidence supporting his claims all of which will come forth during the discovery process"[21]

5. **Motion to appoint court reporter & interpreter  (explains the nature of Audio/Video evidence and need for translation)**

"Plaintiff has audios/videos that constitute critical evidence in this case; significant portions of these audios/videos are in Hindi and Urdu, which will absolutely need to be translated and transcribed into document form in order to be introduced as evidence in the Final Jury Trial…appoint a Court Reporter for Depositions and a Court Interpreter for translating and transcribing Plaintiff's audio/video evidence into English…"[22]

"Plaintiff seeks … a 'court interpreter' to transcribe **audiovisual evidence Plaintiff claims to possess**, portions of which are in Hindi and Urdu…"[23]

6.      **Not harmless error – significant injury and impact on appellant's life.** *See Excerpt from (Doc. 26; ROA.522) Informing the court of the devastating impact of defendants' wrongful actions on Appellant's life.*

**Why this matters.** The record shows Appellant stood ready to exchange extensive documentary and audiovisual proof and even sought accommodations; yet the court **halted discovery**, **deferred amendment**, and **dismissed with**

---

[21] (ROA.793)
[22] (Doc.38;ROA.593)
[23] (ROA.628)

prejudice—**an abuse of discretion** under *Foman*, *Great Plains*, *Hart*, *Stripling*, and (post-deadline) **Rule 16(b)(4)**'s *S&W* factors. Any pleading gap was curable, and incorporated materials could be considered at Rule 12. **See** Fed. R. Civ. P. **10(c), 61**; *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

### G. Procedural fairness (Due Process principles)

Even apart from the Rules, **halting discovery, deferring amendment and responses, then dismissing with prejudice** denied due process—a "**meaningful opportunity to be heard at a meaningful time**." *Mathews*, 424 U.S. at 333 (quoting *Armstrong*, 380 U.S. at 552). By refusing less-drastic alternatives (e.g., **Rule 12(e)** or leave to amend) and, if post-deadline, not applying **Rule 16(b)(4)**'s *S&W* factors, the court contravened *Foman*, *Great Plains*, *Hart*, and *Stripling* and committed **prejudicial error**. Fed. R. Civ. P. 61**.**

## VIII. Law-of-the-Case Violation Requires Reversal

### A. The Doctrine

**Law-of-the-case** provides that when a court decides a **rule of law**, that decision should govern **later stages** unless an exception applies (intervening law, different evidence, clear error causing manifest injustice).

**B. The April 25, 2024 Finding**

Upon the **exact same petition** and held that by **citing Title VII** and **alleging facts over multiple pages**, Appellant had alleged **more than frivolous federal questions**—indeed, allegations supporting **Title VII hostile-environment** claims (Remand FCR, Doc. 18; ROA.351).The court analyzed Appellant's exact same petition and held that by citing Title VII and alleging **facts over multiple pages** (facts ≠ conclusory), Appellant had alleged more than frivolous federal questions—indeed, allegations supporting Title VII hostile-environment claims (Remand FCR, Doc. 18; ROA.346).

**Apr. 25, 2024 FCR** recognized **pages of facts** supporting non-frivolous Title VII theories (Doc. 18; ROA.351). *See below.*The Apr. 25, 2024 FCR recognized **pages of facts supporting non-frivolous Title VII theories** (Doc. 18; ROA.346). See below.

> "But a plaintiff's citing a federal statute and alleging facts to support a violation of that statute is enough to carry a removal defendant's burden to show a foundation for a **nonfrivolous** and **not insubstantial violation of federal law**. See, e.g., *Chapman v. ADT LLC*, No. 3:22-cv-2188-D-BN, 2023 WL 6299861, at *2 (N.D. Tex. Aug. 25, 2023) ("Chapman expressed at the outset of her state court petition that '[t]his is an action at law and in equity to redress violations of Title VII of the Civil Rights Act of 1964,' Chapman II, Dkt. No. 1-1, ¶ 4, and then alleged facts to show how Title VII applies to her claims, see id., ¶¶ 6-17. And, by including factual allegations that 'imply the applicability of the [federal] statute' cited in the state court petition, *Harrington v. City of Shiner, Tex.*, No. 6:20-cv-00039, 2021 WL

4503013, at *5 (S.D. Tex. Sept. 30, 2021), Chapman alleged more than 'the existence of a frivolous or insubstantial federal question,' *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citation omitted), and thereby alleged a basis for jurisdiction under Section 1331."), rec. adopted, 2023 WL 6300577 (N.D. Tex. Sept. 27, 2023). **That is what Farooq did here. See, e.g., Dkt. No. 1-1 at 4-14 (**<u>**setting out facts over multiple pages**</u> **and concluding that "[t]he workplace environment endured by Plaintiff can be characterized as constant ridicule related to the Plaintiff's religion, origin, and medical condition, including mocking the petitioner's work experience and books" and that "[t]his discrimination and harassment constitutes a clear violation of Title VII of the Civil Rights Act of 1964")**. Compare id., with, e.g., *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) ("Hostile work environment is a specific discrimination claim under Title VII," which "prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[, color, religion, sex, or national origin].'" <u>So, "[w]hen a workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated."</u> (cleaned up))."[24]

## C. No Intervening Changes

There was **no amendment permitted**, *not even once*. No new evidence changed the pleading's **factual content**. There was **no intervening change in controlling law**.

---

[24] State Remand FCR - Doc. 18; ROA.349-350

### D. The January 22, 2025 Reversal

With **no intervening change**, the **Jan. 22, 2025 FCR unbelievably** and **contradictorily** labeled the same pleading **conclusory** and barred **first amendment** (Doc. 49; ROA.674–685). That inconsistency confirms the abuse of discretion and compels remand with instructions to **grant leave to amend**.

> "But a plaintiff's allegations still must be supported by factual content that nudges a claim across the line from possible to plausible. Farooq's allegations lack this necessary factual content…it lacks factual allegations that could allow the Court to infer that any claim he alleges is plausible."[25]

**The very same unchanged original petition** which had pages of facts and non-frivolous claims in the earlier FCR Doc. 18; ROA.349-350, suddenly became so "conclusory," so as not even to nudge past the plausibility line applied **Twombly/Iqbal**, and dismissed **with prejudice** (Doc. 49; ROA.674–685). This **internal inconsistency and clear contradiction on unchanged facts** and <u>heightened pleading standard</u> at the prima facie stage requires reversal. *How did those facts all of a sudden become so conclusory such, that they would not even nudge past the plausibility line?* The magistrate's own earlier FCR (Doc. 18; ROA.349-350). un-deniably contradicts his later FCR (Doc. 49; ROA.674) resulting in a **clear violation of the Law-of-the-Case doctrine**. Without any new

---

[25] State Dismissal FCR - Doc. 49; ROA.929

facts or law, the later FCR declared the very same petition "conclusory," applied *Twombly/Iqbal*, and dismissed with prejudice. This internal inconsistency and clear contradiction on unchanged facts and **heightened pleading standard at the prima facie stage without allowing first amendment requires reversal**. To re-iterate and re-emphasize, the magistrate's own earlier FCR (Doc. 18; ROA.346–352) on an unchanged petition, un-deniably contradicts his later FCR (Doc. 49; ROA.674–685) resulting in a clear violation of the Law-of-the-Case doctrine.

The **unexplained reversal** of **facts → conclusory** in how the same unchanged pleading is characterized—without new evidence or intervening law—not only violates **law-of-the-case** constraints, it also offends the commitment to **procedural fairness** reflected in *Mathews*, 424 U.S. at 333, by effectively shifting the rules mid-stream without giving Appellant a meaningful procedural path to cure.

The court halted discovery, deferred amendment, then dismissed **with prejudice**—contrary to *Foman*, *Great Plains*, *Hart*, *Stripling*, and *S&W*—and denied a meaningful opportunity to be heard (*Mathews/Armstrong*). Since any defect was curable and less-drastic options (e.g., Rule 12(e)) existed, **vacatur and leave to amend** are required.

## IX. Rule 12 Errors Regarding EEOC Materials

Because the complaint **referenced and attached** the **EEOC Charges** and **Right-to-Sue letters**, they were part of the pleadings and could be considered at Rule 12 **without conversion**. Fed. R. Civ. P. 10(c); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The Fifth Circuit **liberally construes** EEOC charges and measures scope by what a **reasonable EEOC investigation** would encompass. *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). EEOC determinations are **probative** and should not be ignored at the threshold. *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972); *Price v. Fed. Express Corp.*, 283 F.3d 715, 725 (5th Cir. 2002). The court erred by **discounting** these incorporated materials and **narrowing** charge scope contrary to Rule 10(c) and this Court's precedents (see Doc. 53 App'x index at ROA.979–980**).**

## X. § 1367(c) Alternative Remedy

If the Court affirms dismissal of federal theories at the pleadings stage, it should direct the district court to **decline supplemental jurisdiction** and **remand** the Texas-law claims to state court. **28 U.S.C. § 1367(c)**.

## XI. § 1915/FRAP 24 Certification Error

### A. Legal Standards

"Good faith" is an **objective** standard: an appeal is in good faith if it presents **any non-frivolous issue**. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983).

Under **28 U.S.C. § 1915(a)(3)** and **FRAP 24(a)(3)**, IFP may continue on appeal **unless** the district court **certifies in writing** that the appeal is **not taken in good faith** and **states its reasons**. "Good faith" is **objective**: whether the appeal seeks **review of any non-frivolous issue**.

### B. No Reasons Given

The denial order provides **no reasons** tailored to the appellate issues and merely cites the FCR (Doc. 59; ROA.1295); (Doc. 56; ROA.1235), despite an earlier IFP grant and a showing of **worsened indigency** (Doc. 7; ROA.245);(Doc. 17; ROA.345).

The district judge denied IFP, citing only the magistrate's FCR—**which nowhere addresses "bad faith"** (IFP denial order, Doc. 59; ROA.1295). This

provides **no reasons** tailored to appellate issues, frustrating review and violating the written-reasons requirement.

### C. Non-Frivolous Issues Present

At minimum, the unanimity question is substantial. The certification should be **vacated** and IFP allowed.

The **unanimity** question is substantial: whether **Capgemini** filed its **own timely consent** as required by *Getty*; whether a **merits brief** satisfies present consent requirements. Because **any one** non-frivolous issue defeats certification, the order cannot stand.

### XII. Appellant's Disabilities

Appellant's disabilities were well known to defendants during his employment including neck surgery resulting in reduced mobility, which were clearly discriminated against as outlined in the facts section in his original complaint (Doc. 1; ROA.16-27). Additionally, Dr. Kevin Lunde's letter affirming his hearing disability is clear proof of on his documented hearing disability (Doc. 45; ROA.652).

## CONCLUSION

The removal was defectively filed by a non-admitted attorney not authorized to practice in the district court; Removing defendants failed to carry their burden to show strict compliance with § 1446(b)(2)(A): Capgemini—served pre-removal—never filed its own timely, written consent, and **all doubts favor remand**. The district court then suspended discovery, deferred and denied the first amendment, and dismissed with prejudice for "lack of detail," creating a procedural catch-22 that violated the liberal amendment regime and basic fairness.

**Relief.** The Court should **vacate and remand to state court** for noncompliance with § 1446(b)(2)(A) (*Getty/Kerwood/Powers*). **Alternatively**, vacate and remand with instructions to **grant leave to amend** under *Foman; Great Plains; Hart; Stripling* (and, if post-deadline, **S&W**).

If federal claims are again dismissed at the threshold, direct remand of remaining state-law claims under 28 U.S.C. § 1367(c). The Court should also **vacate** the **§** 1915/FRAP 24 "not in good faith" certification and permit IFP on appeal.

Dated this 22nd Day of August, 2025.

Respectfully submitted,

/s/ *Tariq Farooq*
Tariq Farooq

Appellant, *Pro Se*

3500 S. Echo Trl Plano TX 75023

Email: brainsurface@yahoo.com

Phone: +1 (214) 498-9888

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(b), (c), and (d), and Fifth Circuit Rule 25.2, I hereby certify that on this 22nd day of August, 2025, a true and correct copy of the foregoing was served on all counsel of record via electronic mail and/or email.

Dated this 22nd Day of August, 2025.

/s/ *Tariq Farooq*
Tariq Farooq

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because: (a). this brief contains 12,861 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). (b). This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed. R. App. P. 32(a)(6) because: (c). this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word with a 14-point font named Times New Roman.

Respectfully submitted this 22nd day of August, 2025.

/s/ Tariq Farooq
Tariq Farooq